**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Creditor,
Law Offices of Hollie A. Lemkin, APC

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

In re:

SUSAN JO WHITE,

      Debtor.

**Case No: 8:26-bk-11720-SC**

**Chapter 11**

**MOTION TO DISMISS CHAPTER 11 CASE FOR BAD FAITH AND TO IMPOSE A TWO OR MORE YEAR REFILING BAR**

**Hearing:**
Date:  August 5, 2026
Time: 1:30 p.m.
Courtroom:  5C

    **TO THE HONORABLE SCOTT C. CLARKSON, THE UNITED STATES TRUSTEE, THE DEBTOR, AND ALL PARTIES IN INTEREST:**

    **PLEASE TAKE NOTICE** that on August 5, 2026, at 1:30 p.m., in Courtroom 5C of the above entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, creditor Law Offices of Hollie A. Lemkin, APC, referred to herein as "Lemkin," will and hereby does move for an order dismissing this Chapter 11 case for bad faith and cause under 11 U.S.C. § 1112(b), and barring Susan Jo White from filing another bankruptcy case for at least two years under 11 U.S.C. §§ 105(a) and 349(a).

    PLEASE TAKE FURTHER NOTICE that, pursuant to Local Bankruptcy Rule 9013-1(f), any party opposing or otherwise responding to the Motion must file and serve a written response on the Movant and the United States Trustee no later than July 22, 2026, which is fourteen days before the hearing. Failure to timely file and serve a response may be deemed consent to the granting of the Motion pursuant to Local Bankruptcy Rule 9013-1(h).

1

This is White's fourth bankruptcy filing in five years. Her first case was dismissed after the court granted a motion under § 707(b)(2) and (3). Her second was dismissed under § 707(b)(2) with a 180-day refiling bar. Her third was dismissed under § 707(b)(3) for abuse with a one-year refiling bar, after this Court described White's conduct as "as bad faith as you can get" and "gaming the system."

Although Lemkin formerly represented White in a dissolution action, the judgment is not a routine divorce debt for unpaid fees. It arose from White's unsuccessful retaliatory malpractice action against Lemkin. After trial, the state court rejected all of White's claims, found that White repeatedly admitted she had testified untruthfully in the dissolution proceeding, and determined that Lemkin complied with the standard of care and breached no fiduciary duty.

In this case, White and her counsel, Anerio Altman, used patently ineffective notice address for Lemkin, White's largest and most active creditor. White's schedules and creditor matrix combined Lemkin's name with the name and obsolete office address of John Teal, former state court counsel who never appeared in any White bankruptcy or adversary proceeding. Teal was inactive with the State Bar, and his State Bar profile listed a different address. Altman had litigated against Richard Heston in the prior cases and had directly communicated with Benjamin Heston in the state court enforcement proceedings before this filing. Yet White and Altman omitted Lemkin's address and every current address known to them for her counsel.

Neither Lemkin nor her current counsel received notice before the July 7, 2026 meeting of creditors. Benjamin Heston discovered the case on July 9, 2026, only after White's employer contacted him about Altman's demand that it stop the wage garnishment. Altman did not contact Lemkin's counsel until July 15, 2026[1], eight days after the 341(a) hearing and claimed that the Hestons' absence from the meeting had caused him to become concerned there was a notice issue, yet does not explain why he used the phony address or why he waited over a week to send this email. However, regardless of whether the incorrect address was used intentionally or recklessly, the notice issue is merely the latest part of a much broader course of conduct

---

[1] By the time Altman offered this belated and inadequate explanation on July 15, 2026, Lemkin's counsel had already completed this Motion and was in the process of assembling it for filing.

establishing bad faith and cause for dismissal. By the time Lemkin discovered this case, she had already been excluded from the vital initial phase.

Although conversion is available under § 1112(b), it would not serve creditors here. Conversion would return White to Chapter 7, where three prior cases ended after findings or concessions of abuse under § 707(b). Dismissal with a refiling bar of at least two years is the appropriate remedy.

This Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the records in this case and White's prior bankruptcy cases, the Exhibits attached hereto, the declarations of Benjamin Heston and Hollie A. Lemkin, and any evidence or argument presented at the hearing.

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ..............................................6

I. INTRODUCTION ...................................................................................6

II. STATEMENT OF FACTS...........................................................................7

    A. The Judgment Arose from White's Retaliatory Malpractice Action .......................7

    B. White's Prior Bankruptcies and Her Obstruction of Judgment Enforcement...........9

    C. The Debtor Used a Clearly Incorrect Address for Notice.....................................10

    D. The Incorrect Address Excluded Lemkin from the Case.......................................12

    E. The Schedules Do Not Show a Realistic Reorganization ......................................13

III. ARGUMENT..........................................................................................13

    A. The Totality Establishes Bad Faith and Cause Under § 1112(b)............................13

    B. Dismissal, Not Conversion, Is in the Best Interests of Creditors and the Estate ....15

    C. A Refiling Bar of At Least Two Years Is Necessary and Proportionate.................16

IV. CONCLUSION.......................................................................................17

# TABLE OF AUTHORITIES

## CASES

Duran v. Gudino (In re Duran), 630 B.R. 797 (B.A.P. 9th Cir. 2021) ....................................16

Leavitt v. Soto (In re Leavitt), 171 F.3d 1219 (9th Cir. 1999) .........................................14, 16

Marsch v. Marsch (In re Marsch), 36 F.3d 825 (9th Cir. 1994) ...............................................13

St. Paul Self Storage Ltd. P'ship v. Port Auth. of the City of St. Paul (In re St. Paul Self

Storage Ltd. P'ship), 185 B.R. 580 (B.A.P. 9th Cir. 1995) ......................................................13

## STATUTES

11 U.S.C. § 105(a) .............................................................................................................1, 16–17

11 U.S.C. § 349(a) .............................................................................................................1, 16–17

11 U.S.C. § 523(a)(6).................................................................................................................6, 10

11 U.S.C. § 707(b) ...............................................................................................................3, 6, 14

11 U.S.C. § 707(b)(2) ......................................................................................................2, 6, 9–10

11 U.S.C. § 707(b)(3) ......................................................................................................2, 6, 9–10

11 U.S.C. § 727..............................................................................................................6, 10, 16

11 U.S.C. § 1107(a) ...................................................................................................................15

11 U.S.C. § 1112(b) ..........................................................................1, 3, 7, 12–13, 15, 17

28 U.S.C. § 1412...........................................................................................................................9

## RULES

Federal Rule of Bankruptcy Procedure 1014(a)(1) ...................................................................9

Federal Rule of Bankruptcy Procedure 2004.........................................................................10

Local Bankruptcy Rule 9013-1(f)...............................................................................................1

Local Bankruptcy Rule 9013-1(h) .............................................................................................2

**<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

**I. INTRODUCTION**

White's fourth bankruptcy is only the latest in a broader history of abusive litigation conduct spanning multiple cases, multiple courts, and repeated efforts to evade the consequences of prior rulings. Her first bankruptcy Chapter 7 case, improperly filed in the Southern District notwithstanding her complete lack of any basis to claim venue there for which it was transferred to the Central District, was dismissed under § 707(b). Her second Chapter 7, filed just a few weeks later, was dismissed under § 707(b) with a 180-day refiling bar. Her third Chapter 7 case was dismissed under §§ 707(b)(2) and (3) with a one-year refiling bar. At the hearing on the third dismissal, this Court stated:

> **"I think this is as bad faith as you can get. It's gaming the system and it's an exercise that I will not put up with. The fact is the totality of circumstances are such that this Chapter 7 debtor has abused the bankruptcy system as contemplated by Congress."**

*July 16, 2024 Hearing on Motion to Dismiss Under § 707(b).*

In each bankruptcy, Lemkin filed an adversary complaint under § 523(a)(6) and § 727. Each adversary ended without a judgment on the merits after dismissal of the underlying case rendered the adversary moot. **See Exhibit E - Docket of Adversary Proceeding No. 8:21-ap-01104; Exhibit F - Docket of Adversary Proceeding No. 8:22-ap-01075; and Exhibit G - Docket of Adversary Proceeding No. 8:24-ap-01087-SC.**

White's prior schedules also used the Teal listing, along with several attorneys at two other frims, but Teal was then a practicing attorney and was still using the listed address. In connection with the 2024 filing, Teal's address was listed, the two other firms were removed, but Altman directly advised Richard Heston of the bankruptcy since the bankruptcy was filed one day prior to a judgment-debtor examination that had been scheduled at the Orange County Superior Court. Although Richard Heston and/or Hollie Lemkin's address should have been used as the notice address for the third case, this error was cured by the fact that Altman effectuated actual notice via direct communication with Richard Heston. Here, after Teal became inactive

and stopped practicing at the listed address, White and Altman reused the same listing without providing comparable direct notice or using the current information available for Lemkin and her counsel. Lemkin learned of the case only after the meeting of creditors and through indirect means. Altman did not contact the Hestons until July 15, 2026, eight days after the meeting and six days after White's employer caused Benjamin Heston to discover the case.

The Court need not determine whether Altman learned through White's employer that Lemkin's counsel had discovered the case. The objective sequence is sufficient: Lemkin received no notice before the July 7 meeting, discovered the case through White's employer on July 9, and heard from Altman only on July 15. If the Hestons' absence from the meeting genuinely prompted Altman's concern, the eight-day delay remains unexplained. Even accepting his explanation, the email confirms that White and Altman used an unverified historical address for the largest creditor and did not investigate its accuracy until after the meeting had concluded. Whether the listing was used deliberately to avoid scrutiny or was carried forward with reckless indifference, it remains part of a broader totality that includes three prior abuse dismissals, escalating refiling bars, the timing of this filing, and the absence of a demonstrated path to reorganization. Lemkin respectfully requests dismissal under § 1112(b) and a refiling bar of at least two years.

## II. STATEMENT OF FACTS

### A. The Judgment Arose from White's Retaliatory Malpractice Action

White's debt to Lemkin did not arise from a routine unpaid family law attorney's fee debt. It arose after White sued her former counsel for malpractice in retaliation following what White felt were unfavorable results in her dissolution case. Judge Mary Fingal Schulte, who tried the malpractice action, found that White was "beyond angry" over the dissolution ruling and that this anger was "the driving force" behind the malpractice action. **See Exhibit I - December 3, 2020 Statement of Decision in _White v. Lemkin_.**

> **It absolutely strained credibility that the witness actually testified at this trial that her attorney never told her that lying was wrong or a fraud on the court.**

**Who needs to be told such a thing? It further strained credibility when the plaintiff repeatedly testified that she "relied" on advice of her attorney to sign under penalty of perjury statements she believed contained inaccurate or false statements. No doubt it was true that Lemkin drafted the declarations for her to sign, but as Lemkin testified, the contents were taken from information provided by White. She testified that she did not review for accuracy the documents presented to her for her signature. Unfortunately for her, there is a presumption that someone has read something she has signed. Her denial of having any input whatsoever into the declarations she signed was not believable, and was directly contradicted by the Exhibits admitted into evidence. She admitted time and again during this trial that she was not truthful in her testimony in the underlying case.**

**White testified that she paid Lemkin $253,000 and wanted it all back. She described her emotions upon receiving Judge Millard's order as "beyond angry," and said that she "could not see straight." That is the driving force of this legal malpractice suit, in this trier of fact's opinion and it was confirmed in her testimony on the final trial day.**

*Statement of Decision at 10:15–11:1 (Ex. I).*

Judge Schulte further found that White admitted she had not been truthful in the dissolution proceeding, yet blamed Lemkin and claimed that Lemkin directed her to testify falsely. After a multiday trial, the court rejected every claim White asserted, found that Lemkin complied with the standard of care and breached no fiduciary duty, and determined that Lemkin's fees and costs were reasonably and necessarily incurred.

**B. White's Prior Bankruptcies and Her Obstruction of Judgment Enforcement**

White filed her first Chapter 7 case on April 8, 2021, in the Southern District of California as Case No. 21-01414-LT7. White lived in Lake Forest, in Orange County. The

petition identified no connection to the Southern District and stated that venue was proper merely "[i]n the interst (sic) of Justice," citing Federal Rule of Bankruptcy Procedure 1014(a)(1) and 28 U.S.C. § 1412. The only connection was the San Diego location of White's then counsel, Bill Parks. The filing placed the case far from White's residence, the Orange County litigation, Lemkin, Lemkin's colleagues, and any attorneys familiar with the dispute.

Lemkin obtained counsel, challenged venue, and secured transfer to this District, where the matter proceeded as Case No. 8:21-bk-12064. **See Exhibit A - Docket of Bankruptcy Case No. 21-01414-LT7.** White attempted to avoid the Means Test by characterizing several hundred thousand dollars in divorce and malpractice related attorney fee obligations as non-consumer debt and asserting that she was exempt from the Means Test. Lemkin moved to dismiss under §§ 707(b)(2) and (3). The Court granted the motion, afforded White an opportunity to convert to Chapter 11, and dismissed the case when White declined to convert. **See Exhibit B - Docket of Bankruptcy Case No. 8:21-bk-12064.**

Approximately seven weeks later, without any change in her financial circumstances, White filed a second Chapter 7 case, Case No. 8:22-bk-10652. The Court denied White's request to impose or continue the automatic stay because she failed to establish good faith by clear and convincing evidence. Altman substituted as counsel on May 26, 2022, and has represented White throughout the bankruptcy, adversary, and state court judgment enforcement matters since then. The United States Trustee determined that the case was presumed abusive, and White stipulated to dismissal under § 707(b)(2) with a 180-day refiling bar. The Court dismissed the case on October 20, 2022. **See Exhibit C - Docket of Bankruptcy Case No. 8:22-bk-10652.**

White filed her third Chapter 7 case on January 25, 2024, as Case No. 8:24-bk-10187. Lemkin participated at the meeting of creditors, obtained an order for a Rule 2004 examination and document production, filed an adversary complaint under §§ 523(a)(6) and 727, and moved to dismiss under §§ 707(b)(2) and (3). The Court granted the motion, dismissed the case for

abuse, and imposed a one-year refiling bar. At the hearing, the Court found that White's conduct was "as bad faith as you can get" and constituted "gaming the system." **See Exhibit D - Docket of Bankruptcy Case No. 8:24-bk-10187-SC.**

After the third dismissal, Lemkin resumed enforcement of her judgment. Lemkin initiated a wage garnishment and obtained an order for a judgment debtor examination. On January 8, 2025, registered process server Sean Quinn attempted to serve White with the order requiring her to appear for the examination. When Quinn approached White near her vehicle and attempted to hand her the papers, White took off in her car so recklessly that her side view mirror struck him. Quinn's dashboard camera recorded the incident which can be made available if necessary. White then failed to appear for the examination, prompting Lemkin to file a motion for sanctions. The state court granted the motion and found that her failure to appear was without good cause and added $5,932.20 in attorney's fees and costs to the judgment. **See Exhibit H - May 19, 2025 Minute Order on Motion for Sanctions.**

### C. The Debtor Used a Clearly Incorrect Address for Notice

White identified the Law Offices of Hollie A. Lemkin as the holder of her largest unsecured claim on Schedule E/F, and disclosed the underlying litigation and wage garnishment. Despite that knowledge, White and Altman used the following address for Lemkin in the schedules and creditor matrix:

**Law Office of Hollie A. Lemkin**

**Law Office of John Teal**

**23 Corporate Plaza Drive, Suite 150**

**Newport Beach, California 92660**

John Teal had not represented Lemkin in any White bankruptcy case or related adversary proceeding. He had not represented Lemkin in the underlying state court matter for many years.

He was inactive with the State Bar before this case was filed, no longer practiced law, and no longer maintained an office at the address used, and instead uses the address of his personal residence on Balboa Island. **See Exhibit J - State Bar Profile of John Clark Teal Jr.**

The incorrect address was not a minor clerical mistake. White and Altman selected an attorney who had no role in any bankruptcy matter between the parties, combined his name with an obsolete office address, and repeated that information on every document controlling notice to Lemkin.

Accurate information was readily available. White knew Lemkin personally, and Lemkin is a California attorney with public contact information. Richard Heston represented Lemkin throughout the prior bankruptcy cases and adversary proceedings. Benjamin Heston appeared in the prior bankruptcy and represented Lemkin in the judgment enforcement proceedings immediately preceding this filing. Altman personally litigated and communicated with both attorneys and was well-aware that Benjamin Heston would be representing Lemkin in any future bankruptcy proceeding.

White and Altman had numerous addresses which would have provided sufficient notice to Lemkin, including Lemkin's own address, addresses used by Heston & Heston, and addresses used by Nexus Bankruptcy. They omitted all of them. They did not even use Teal's current State Bar address. The only reasonable inference is that White and Altman intentionally selected the one address *least likely* to provide actual notice.

The prior schedules which included Teal's address may explain the historical source of the listing, but this does not explain why notice was not given in this case. Nor do they explain why Lemkin's own address and every current address known for her counsel were omitted. On July 15, 2026, Altman emailed Richard and Benjamin Heston, admitted that he had used the address "we have used, or seen used, in the past few cases," and claimed that their absence from the July 7 meeting caused him to become concerned about notice. **See Exhibit K, July 15, 2026 Email from Anerio Altman.** Yet Altman waited eight days after the meeting before sending that

email. If the listing was deliberately reused to reduce the likelihood of scrutiny, it supports a finding of bad faith, and the timing supports the inference that the email was reactive. If the listing was instead imported from the prior case without review, Altman's own explanation confirms, at minimum, reckless indifference to whether the largest and most active creditor received notice. A belated offer to update the address after Lemkin independently discovered the case does not cure either inference. Both are relevant to the totality under § 1112(b).

### D. The Incorrect Address Excluded Lemkin from the Case

Neither Lemkin nor her current counsel received notice of the filing, the meeting of creditors, or any other case event. The United States Trustee held and concluded the meeting of creditors on July 7, 2026, without Lemkin's participation.

Benjamin Heston first learned of the bankruptcy on July 9, 2026, when White's employer, OneTrust, LLC, contacted him concerning a letter they received from Altman demanding that the employer stop the wage garnishment because White was in bankruptcy. The employer was confused because the only official court document they had received was the earnings withholding order issued through the Los Angeles County Sheriff in April of 2025. That call prompted Heston to search PACER, where he discovered this case for the first time.

By then, the meeting of creditors had already been held and concluded. Lemkin lost the opportunity to examine White at the meeting, evaluate her testimony concerning the schedules, raise issues with the United States Trustee before the meeting concluded, and participate in the case from its commencement. She was instead forced to investigate and respond after the case had been pending for more than a month while applicable deadlines continued to run, and has now been forced to bring this motion on an expedited basis without having had a chance to examine White.

Altman's July 15 email cannot restore what Lemkin lost. It arrived after the meeting had concluded, after Lemkin's counsel independently discovered the case through White's employer, and after applicable deadlines had begun to run. Altman wrote that Lemkin had not missed

"anything of note," but it was not for White or Altman to decide that the largest creditor's statutory opportunity to appear and examine White was unimportant. The resulting harm can be mitigated by reconvening the meeting, but the belated email does not erase the conduct that created the problem.

### E. The Schedules Do Not Show a Realistic Reorganization

White reports monthly income of $11,979.40, expenses of $11,766.13, and net monthly income of only $213.27. She operates no business requiring preservation as a going concern, and the schedules identify no sale, refinancing, restructuring transaction, or other reliable source sufficient to fund a Chapter 11 plan. The schedules also identify no material change in the financial circumstances that resulted in dismissal of her three prior Chapter 7 cases for abuse.

### III. ARGUMENT

### A. The Totality Establishes Bad Faith and Cause Under § 1112(b)

Section 1112(b)(1) requires the Court, upon a showing of cause, to dismiss or convert a Chapter 11 case, whichever is in the best interests of creditors and the estate. The examples of cause stated in § 1112(b)(4) are not exhaustive. A Chapter 11 petition filed in bad faith constitutes cause. *Marsch v. Marsch (In re Marsch)*, 36 F.3d 825, 828 (9th Cir. 1994); *St. Paul Self Storage Ltd. Partnership v. Port Authority (In re St. Paul Self Storage Ltd. Partnership)*, 185 B.R. 580, 582 to 583 (9th Cir. BAP 1995). The inquiry is whether the debtor is pursuing a legitimate reorganization or is instead using bankruptcy to unreasonably deter and harass creditors. *Marsch*, 36 F.3d at 828.

The totality analysis considers whether the debtor misrepresented facts or unfairly manipulated the Bankruptcy Code, the debtor's history of filings and dismissals, whether the filing was intended to defeat state court litigation or collection, and whether egregious conduct is present. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 to 1225 (9th Cir. 1999). No single factor is dispositive, and neither malice nor actual fraud is required. *Id.* at 1224.

White's filing history reflects repeated manipulation of both bankruptcy procedure and Chapter 7 eligibility. She selected a distant forum to avoid participation by her most significant creditor, attempted to avoid the Means Test by classifying several hundred thousand dollars in personal obligations as non-consumer debt, and all three cases were dismissed for abuse under § 707(b). The last two dismissals included escalating refiling bars, and the third produced this Court's express finding that White's conduct was "as bad faith as you can get" and constituted "gaming the system."

The same pattern continued in state court. White made no meaningful voluntary payment on a judgment arising from the retaliatory malpractice action. Her obstruction of the judgment debtor examination included the incident in which Sean Quinn was struck by her vehicle while attempting service, followed by White's failure to appear without good cause. White filed the present case while Lemkin's wage garnishment was active and producing recoveries.

The present case adds deliberate manipulation of notice. White and Altman knew that Lemkin was the largest creditor, knew she was actively enforcing her judgment, knew who represented her, and knew how to provide notice. They nevertheless used the obsolete address of former retired counsel who had never appeared in any White bankruptcy and omitted every current address associated with Lemkin or her attorneys. The result was that Lemkin remained unaware of the case until after the meeting of creditors. Altman's July 15 email does not change that result. It was sent only after Lemkin independently discovered the case, its timing supports the inference that it was reactive, and Altman's stated explanation confirms that the historical address was reused without timely verification. Whether the omission was deliberate or reckless, it is incompatible with White's fiduciary obligations as a debtor-in-possession under 11 U.S.C. § 1107(a).

Finally, the schedules identify no realistic path to reorganization. White reports only $213.27 in monthly net disposable income, operates no business that must be preserved, and identifies no transaction capable of funding a meaningful plan. Chapter 11 cannot serve merely as a means to retain control of assets and interrupt collection after three prior Chapter 7 cases were dismissed for abuse.

Taken together, the forum shopping, attempted manipulation of the Means Test, three abuse dismissals, escalating refiling bars, this Court's prior finding of extreme bad faith, White's obstruction of judgment enforcement, the filing during an effective wage garnishment, the intentional use of an incorrect notice address, the resulting exclusion of the largest creditor, and the absence of a demonstrated path to reorganization establish cause under § 1112(b).

**B. Dismissal, Not Conversion, Is in the Best Interests of Creditors and the Estate**

Section 1112(b)(1) makes conversion available, but requires the remedy that best serves creditors and the estate. Conversion would serve no useful purpose here. It would place White back in Chapter 7, the same chapter from which she has already been dismissed three times for abuse. White identifies no material change in her financial circumstances that would suggest a different result now.

Conversion would therefore require a Chapter 7 trustee, the United States Trustee, and creditors to incur the additional burden of getting dragged through the same issues that have already resulted in three dismissals. It would not cure White's bad faith, create a viable reorganization, or provide a meaningful benefit that is unavailable through existing state law remedies. It would merely add another procedural step before the same abuse problem had to be addressed again.

Dismissal, by contrast, would immediately restore creditors to effective non-bankruptcy remedies, including Lemkin's wage garnishment, and end the administrative expense of a fourth abusive case. The record identifies no operating business to preserve and no transaction that would be lost upon dismissal. On this record, dismissal is plainly superior to conversion.

**C. A Refiling Bar of At Least Two Years Is Necessary and Proportionate**

Section 349(a) authorizes the Court, for cause, to alter the ordinary effect of dismissal and impose a bar against refiling. Section 105(a) authorizes orders necessary to carry out the Bankruptcy Code and prevent abuse of process. A bankruptcy court may impose a temporary

refiling bar exceeding 180-days when warranted by the debtor's conduct. *Leavitt*, 171 F.3d at 1224 to 1226; *Duran v. Gudino (In re Duran)*, 630 B.R. 797, 807 to 810 (9th Cir. BAP 2021).

White's second case ended with a 180-day bar. Her third ended with a one-year bar and an unequivocal warning from this Court. Neither restriction deterred her from returning with another abusive filing. This fourth case adds intentional manipulation of notice to the conduct already condemned by the Court.

A refiling bar of at least two years is the next measured response. It is longer than the restrictions that failed, but remains limited in duration. It is necessary to prevent another filing when collection pressure resumes and proportionate to White's repeated abuse of bankruptcy relief. The Court should impose a bar of not less than two years, or such longer period as the Court determines is necessary to protect creditors and the integrity of the bankruptcy system. A bar of two or more years to refiling is less than the harshest of penalties. Twice Lemkin has filed complaints objecting to discharge pursuant to Section 727, only to be prevented from proceeding to judgment as a result of the dismissal of the underlying Chapter 7 cases. Had either of the adversary proceedings resulted in a judgment denying discharge, White would be barred from attempting to discharge the Lemkin claim in any future bankruptcy proceeding. It is for no small reason that the bar to future discharge resulting from a judgment denying discharge pursuant to Section 727 has been referred to as the "death penalty" of bankruptcy law.

## IV. CONCLUSION

White has now returned with a fourth case to impede enforcement of the judgment, intentionally used an incorrect address that excluded her largest and most active creditor until after the meeting of creditors, and presented no demonstrated path to reorganization. Conversion would merely send White back to Chapter 7 to relitigate the same abuse issues that produced the prior dismissals. The totality establishes bad faith and cause under § 1112(b).

The Court should dismiss this case with prejudice under §§ 105(a) and 349(a), and bar White from filing another bankruptcy case for at least two years, or for such longer period as the Court deems appropriate.

Respectfully,

NEXUS BANKRUPTCY

Date: July 15, 2026

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Creditor,
Law Offices of Hollie A. Lemkin, APC

17

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Creditor,
Law Offices of Hollie A. Lemkin, APC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re: | **Case No: 8:26-bk-11720-SC** |
| SUSAN JO WHITE, | **Chapter 11** |
| Debtor. | **DECLARATION OF BENJAMIN HESTON IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE** |
| | **Hearing:**<br>Date: August 5, 2026<br>Time: 1:30 p.m.<br>Courtroom: 5C |

I, Benjamin Heston, declare:

1. I am an attorney licensed to practice in California and counsel for creditor Law Offices of Hollie A. Lemkin, APC in this case. I have personal knowledge of the facts stated below and, if called as a witness, could and would testify competently to them.

2. Exhibits A through G are true and correct copies of the official dockets in White's prior bankruptcy cases and related adversary proceedings that I obtained from PACER. Exhibit H is a true and correct copy of the Orange County Superior Court's May 19, 2025 minute order. Exhibit I is a true and correct copy of the December 3, 2020 Statement of Decision in White v. Lemkin. Exhibit J is a true and correct copy of John Clark Teal Jr.'s State Bar profile as it appeared in July 2026. Exhibit K is a true and correct copy of the July 15, 2026 email that Anerio Altman sent to Richard Heston and me.

3. I attended the July 16, 2024 hearing on Lemkin's motion to dismiss White's third bankruptcy, Case No. 8:24-bk-10187-SC. During that hearing, I heard the Court state: "I think this is as bad faith as you can get. It's gaming the system and it's an exercise that I will not put up with. The fact is the totality of circumstances are such that this Chapter 7 debtor has abused the bankruptcy system as contemplated by Congress." I will be obtaining a transcript of this hearing.

4. Before White filed this case, I represented Lemkin in state court judgment enforcement proceedings against White. Altman represented White and communicated directly with me concerning those proceedings. He possesses my current email address and contact information.

5. After White failed to appear for her February 14, 2025 judgment debtor examination, I filed Lemkin's motion for sanctions based on White's willful nonappearance.

6. On July 9, 2026, OneTrust contacted me concerning a communication from Altman demanding that it stop the wage garnishment because White was in bankruptcy. Before that contact, I had received no notice of the bankruptcy from White, Altman, or anyone else. After the phone call, I searched PACER and discovered this case. On July 15, 2026, at 10:04 a.m., Altman emailed Richard Heston and me concerning the case. This was the first notice I received directly from White or Altman. Altman stated that he was surprised not to see either of us at the July 7 meeting, was concerned there had been a notice issue, and asked whether he should update Lemkin's address. A true and correct copy of that email is attached as Exhibit K.

7. Neither I nor Lemkin received notice of this case before July 7, 2026. As a result, Lemkin did not participate in the meeting of creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: July 15, 2026                              /s/Benjamin Heston
                                                 BENJAMIN HESTON

**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Creditor,
Law Offices of Hollie A. Lemkin, APC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>SUSAN JO WHITE,<br><br>     Debtor. | **Case No: 8:26-bk-11720-SC**<br><br>**Chapter 11**<br><br>**DECLARATION OF HOLLIE A. LEMKIN IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE**<br><br>**Hearing:**<br>Date:  August 5, 2026<br>Time: 1:30 p.m.<br>Courtroom:  5C |

I, Hollie A. Lemkin, declare:

1. I am the principal of creditor Law Offices of Hollie A. Lemkin, APC. I have personal knowledge of the facts stated in this declaration and, if called as a witness, could and would testify competently to them.

2. John Teal formerly represented me in the state court malpractice action brought by Susan Jo White. He has never represented me in any bankruptcy case filed by White or in any related adversary proceeding. He did not represent me when White filed this bankruptcy case, and I did not authorize him to receive bankruptcy notices or other communications on my behalf.

3. I do not maintain contact with Mr. Teal and do not have current contact information for him. I learned only within the past several days that he had retired and was no longer

practicing law.

4.  Before July 7, 2026, I received no notice from White, Anerio Altman, or anyone acting on their behalf that White had filed this bankruptcy case or that a meeting of creditors was scheduled for July 7, 2026.

5.  I first learned of this bankruptcy case from my attorney, Benjamin Heston, on July 10, 2026. Because I had not received notice of the case or the meeting of creditors, I did not attend or participate in the July 7, 2026 meeting.

6.  Had I received timely notice, I would have participated in the meeting of creditors and provided the United States Trustee with information concerning White's financial affairs, her prior bankruptcy cases, and her history of making inaccurate or false statements under oath. Based on my experience with White and the findings entered in the state court malpractice action, I do not believe her bankruptcy schedules and statements can be accepted as reliable without careful scrutiny.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date: July 15, 2026

_____
HOLLIE A. LEMKIN

21

# EXHIBIT A

**Closed**

# U.S. Bankruptcy Court
## Southern District of California (San Diego)
## Bankruptcy Petition #: 21-01414-LT7

| | |
|---|---|
| | *Date filed:* 04/08/2021 |
| *Assigned to:* Judge Laura S. Taylor | *Date terminated:* 08/30/2021 |
| Chapter 7 | *341 meeting:* 08/25/2021 |
| Voluntary | *Deadline for objecting to discharge:* 09/13/2021 |
| No asset | *Deadline for financial mgmt. course:* 07/12/2021 |

*Debtor disposition:*  Interdistrict Case Transfer

| | |
|---|---|
| ***Debtor*** | represented by **Bill Parks** |
| **Susan Jo White** | Preovolos Lewin, ALC |
| 25422 Trabuco Rd | 451 A Street |
| Suite 105-441 | Ste 1600 |
| Lake Forest, CA 92630 | San Diego, CA 92101 |
| ORANGE-CA | 760-806-9293 |
| SSN / ITIN: xxx-xx-2902 | Email: attparks@aol.com |
| *aka* Susan J White | |

***Trustee***
**James L. Kennedy**
James L. Kennedy, Trustee
P.O. Box 28459
San Diego, CA 92198-0459
858-243-8649

***United States Trustee***
**United States Trustee**
Office of the U.S. Trustee
880 Front Street
Suite 3230
San Diego, CA 92101
619-557-5013

| Filing Date | # | Docket Text |
|---|---|---|
| 04/08/2021 | 1 (59 pgs) | Voluntary Petition for Individuals Schedules & Statements Fee Amount $ 338.00. Declaration re: Electronic Filing due by 05/6/2021, Filed by Bill Parks of Law Office of Bill Parks on behalf of Susan Jo White. (Parks, Bill) (Entered: 04/08/2021) |
| 04/08/2021 | 2 | Receipt of Chapter 7 Voluntary Petition( 21-01414-7) [misc,1027] ( 338.00) Filing Fee. Fee Amount 338.00 Receipt number A16753959 (re: Doc# 1); (U.S. Treasury) (Entered: 04/08/2021) |

| 04/08/2021 | 3<br>(1 pg) | Declaration Re: Electronic Filing filed by Bill Parks on behalf of Susan Jo White. (related documents 1 Chapter 7 Voluntary Petition) (Parks, Bill) (Entered: 04/08/2021) |
|---|---|---|
| 04/08/2021 | 4 | Receipt of Statement About Your Social Security Number COURT NOTE: The PDF document is a secured image. filed by Bill Parks on behalf of Susan Jo White. (related documents 1 Chapter 7 Voluntary Petition) (Parks, Bill) (Entered: 04/08/2021) |
| 04/08/2021 | 5<br>(1 pg) | Certificate of Credit Counseling for Debtor filed by Bill Parks on behalf of Susan Jo White. (Parks, Bill) (Entered: 04/08/2021) |
| 04/08/2021 | 6<br>(4 pgs) | Rights and Responsibilities of Chapter 7 Debtors and their Attorney filed by Bill Parks on behalf of Susan Jo White. (related documents 1 Chapter 7 Voluntary Petition) (Parks, Bill) (Entered: 04/08/2021) |
| 04/08/2021 | 7<br>(6 pgs; 4 docs) | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee Kennedy, James L. with **341(a) meeting to be held on 5/12/2021 at 11:00 AM. To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) and enter Meeting ID Number 2022150066 and Passcode 14755 when prompted..** Financial Management Course Due Date: 7/12/2021. Objections for Discharge due by 7/12/2021. (Parks, Bill) (Entered: 04/08/2021) |
| 04/08/2021 | 8<br>(6 pgs) | BNC Court Certificate of Notice re Bankruptcy Case and Meeting of Creditors. (related documents 7 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) Notice Date 04/10/2021. (Admin.) (Entered: 04/10/2021) |
| 04/08/2021 | 9<br>(3 pgs) | BNC Court Certificate of Notice re Additional Telephonic Meeting of Creditors Information (related documents 7 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) Notice Date 04/10/2021. (Admin.) (Entered: 04/10/2021) |
| 04/14/2021 | 10<br>(1 pg) | Financial Management Certificate of Education **for Debtor** filed by provider. (related documents 7 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) (Duarte, Alberto) (Entered: 04/14/2021) |
| 05/12/2021 | 11 | Notice of Continuance of Meeting of Creditors **on 6/16/2021 at 01:30 PM at To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) enter Meeting ID Number 2022150066 and Passcode 14755 when prompted.** . Debtor appeared. (Kennedy, James) (Entered: 05/12/2021) |
| 06/04/2021 | 12<br>(21 pgs) | Amendment *to Schedule A/B - Real and/or Personal Property, to Schedule C - Property Claimed as Exempt, to Schedule G - Executory Contracts & Unexpired Leases , to Schedule I - Income of Individual Debtor(s) , to Schedule J - Expenses of Individual Debtor(s) ,* & Proof of Service. filed by Bill Parks on behalf of Susan Jo White. (Parks, Bill) (Entered: 06/04/2021) |
| 06/16/2021 | 13 | Notice of Continuance of Meeting of Creditors **on 7/13/2021 at 01:30 PM at To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) enter Meeting ID Number 2022150066 and Passcode 14755 when prompted.** . Debtor appeared. (Kennedy, James) (Entered: 06/16/2021) |

| | | |
|---|---|---|
| 06/16/2021 | [14](#) (1 pg) | Stipulation Extending Time to Object to Discharge *to September 13, 2021 as to the Trustee and U.S. Trustee only* filed by James L. Kennedy on behalf of James L. Kennedy. (Kennedy, James) (Entered: 06/16/2021) |
| 06/17/2021 | [15](#) (3 pgs; 2 docs) | Order Regarding Extending Time to Object to the Discharge for TRUSTEE AND US TRUSTEE until September 13, 2021; with Service by BNC. Objections for Discharge due by 9/13/2021. (related documents [14](#) Stipulation Extending Time to Object to Discharge) signed on 6/17/2021. (Duran, K.) (Entered: 06/17/2021) |
| 06/17/2021 | [16](#) (3 pgs) | BNC Court Certificate of Notice. (related documents [15](#) Order Extending Time) Notice Date 06/19/2021. (Admin.) (Entered: 06/19/2021) |
| 07/02/2021 | [17](#) (11 pgs) | Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/2/2021. Opposition due on 07/16/2021 unless an objector is entitled to additional time under FRBP 9006. (Heston, Richard) (Entered: 07/02/2021) |
| 07/06/2021 | [18](#) (19 pgs) | Notice of Motion *for Dismissal or Transfer* filed by Richard G. Heston on behalf of Hollie Lemkin. Notice Served On 7/6/2021. Request for Hearing & Opposition due on 07/20/2021 unless an objector is entitled to additional time under FRBP 9006. (Heston, Richard) (Entered: 07/06/2021) |
| 07/07/2021 | [19](#) (2 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. (related documents [18](#) Notice of Motion) (Crosby, A) (Entered: 07/07/2021) |
| 07/07/2021 | [20](#) (18 pgs) | *Notice of Motion and* Motion to Dismiss Bankruptcy Case *or Transferring Case to Central District* filed by Richard G. Heston on behalf of Hollie Lemkin (Heston, Richard) (Entered: 07/07/2021) |
| 07/07/2021 | [21](#) (23 pgs) | Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/7/2021. Opposition due on 07/21/2021 unless an objector is entitled to additional time under FRBP 9006. (related documents [20](#) Motion to Dismiss Bankruptcy Case) (Heston, Richard) (Entered: 07/07/2021) |
| 07/07/2021 | [22](#) (2 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. (related documents [21](#) Notice of Hearing and Motion) (Crosby, A) (Entered: 07/07/2021) |
| 07/08/2021 | [23](#) (23 pgs) | Amended *includes /s/* Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/7/2021. Opposition due on 07/21/2021 unless an objector is entitled to additional time under FRBP 9006. (related documents [21](#) Notice of Hearing and Motion) (Heston, Richard) (Entered: 07/08/2021) |
| 07/13/2021 | 24 | Notice of Continuance of Meeting of Creditors **on 8/25/2021 at 01:30 PM at To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) enter Meeting ID Number** |

| | | |
|---|---|---|
| | | **2022150066 and Passcode 14755 when prompted.** . Debtor appeared. (Kennedy, James) (Entered: 07/13/2021) |
| 07/15/2021 | [25](#) (6 pgs) | *Debtors* Opposition *to Motion to Extend Time with Supporting Declaration and Proof of Service* filed by Bill Parks of Law Office of Bill Parks on behalf of Susan Jo White. (related documents [17](#) Notice of Hearing and Motion) (Parks, Bill) (Entered: 07/15/2021) |
| 07/20/2021 | [26](#) (18 pgs) | *Debtors* Opposition *to Movants Hollie Lemkins Motion for Dismissal or Transfer Venue to Central District Pursuant to 28 U.S.C.A. section 1412 and FRBP 1014(a)(2) with supporting decalation and Proof of service* filed by Bill Parks of Law Office of Bill Parks on behalf of Susan Jo White. (related documents [20](#) Motion to Dismiss Bankruptcy Case, [21](#) Notice of Hearing and Motion, [23](#) Notice of Hearing and Motion) (Parks, Bill) (Entered: 07/20/2021) |
| 07/30/2021 | [27](#) (7 pgs) | Reply Reply *to Debtor's Opposition to Motion to Extend Deadlines to File Motion to Dismiss Pursuant to Section 707(b)(2) and (3) and to File Complaint to Determine Dischargeability Pursuant to Section 523 or to Object to Discharge Pursuant to Section 727* filed by Richard G. Heston of Heston & Heston on behalf of Hollie Lemkin. (related documents [25](#) Opposition) (Heston, Richard) (Entered: 07/30/2021) |
| 07/30/2021 | [28](#) (8 pgs) | Reply Reply *to Debtor's Opposition to Motion for Dismissal or Transfer of Venue to Central District Pursuant to 28 U.S.C.A. Section 1412 and FRBP 1014(a)(2)* filed by Richard G. Heston of Heston & Heston on behalf of Hollie Lemkin. (related documents [26](#) Opposition) (Heston, Richard) (Entered: 07/30/2021) |
| 08/04/2021 | [29](#) (2 pgs) | **Procedural Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document [17](#))(Admin.) Modified on 8/4/2021 (Paluso, R.). (Entered: 08/04/2021) |
| 08/04/2021 | [30](#) (2 pgs) | **Procedural Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document [20](#))(Admin.) Modified on 8/4/2021 (Paluso, R.). (Entered: 08/04/2021) |
| 08/10/2021 | [31](#) (1 pg) | **Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document [17](#) )(Admin.) (Entered: 08/10/2021) |
| 08/10/2021 | [32](#) (3 pgs) | **Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document [20](#) )(Admin.) (Entered: 08/10/2021) |
| 08/12/2021 | [33](#) (1 pg) | **Minute Order.** Hearing DATE: 08/12/2021, MATTER: MOTION TO EXTEND DEADLINES TO FILE MOTION TO DISMISS PURSUANT TO SECTION 707(b)(2) AND (3) AND TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO SECTION 727 OR TO OBJECT TO DISCHARGE PURSUANT TO SECTION 727 FILED ON BEHALF OF HOLLIE LEMKIN AND MOTION FOR ORDER DISMISSING OR TRANSFERRING CASE TO CENTRAL DISTRICT PURSUANT TO 28 U.S.C.A. § 1412 AND FRBP 1014(a)(2) FILED ON BEHALF OF HOLLIE LEMKIN **DISPOSITION: See Attached PDF document for details.** (related documents [17](#) Notice of Hearing and Motion, [20](#) Motion to Dismiss Bankruptcy Case) (Paluso, R.) (Entered: 08/12/2021) |

| | | |
|---|---|---|
| 08/12/2021 | [34](#)<br>(1 pg) | **Amended Minute Order.** Hearing DATE: 08/12/2021, MATTER: MOTION TO EXTEND DEADLINES TO FILE MOTION TO DISMISS PURSUANT TO SECTION 707(b)(2) AND (3) AND TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO SECTION 727 OR TO OBJECT TO DISCHARGE PURSUANT TO SECTION 727 FILED ON BEHALF OF HOLLIE LEMKIN AND MOTION FOR ORDER DISMISSING OR TRANSFERRING CASE TO CENTRAL DISTRICT PURSUANT TO 28 U.S.C.A. § 1412 AND FRBP 1014(a)(2) FILED ON BEHALF OF HOLLIE LEMKIN **DISPOSITION: See Attached PDF document for details.** (related documents [17](#) Notice of Hearing and Motion, [20](#) Motion to Dismiss Bankruptcy Case, [33](#) Minute Order) (Paluso, R.) (Entered: 08/12/2021) |
| 08/13/2021 | [35](#)<br>(6 pgs) | Notice of Lodgment of Order *on Motion to Extend to File Motion to Dismiss and File a Complaint to Determine Dischargeability* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [17](#) Notice of Hearing and Motion) (Heston, Richard) (Entered: 08/13/2021) |
| 08/13/2021 | [36](#)<br>(5 pgs) | Notice of Lodgment of Order *on Amended Motion for Dismissing or Transferring Case to Central District* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [23](#) Notice of Hearing and Motion) (Heston, Richard) (Entered: 08/13/2021) |
| 08/13/2021 | [37](#)<br>(6 pgs) | Notice of Lodgment of Order *on Motion to Extend Deadlines to File Motion to Dismiss and to File a Complaint to Determine Dischargeably* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [17](#) Notice of Hearing and Motion) (Heston, Richard) (Entered: 08/13/2021) |
| 08/13/2021 | [38](#)<br>(5 pgs) | Notice of Lodgment of Order *on Amended Motion for Dismissing or Transferring Case to Central District* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [23](#) Notice of Hearing and Motion) (Heston, Richard) (Entered: 08/13/2021) |
| 08/20/2021 | [39](#)<br>(2 pgs; 2 docs) | Transcript hearing held on 08/12/21. Electronic access to the transcript is restricted through 11/18/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office or a copy can be purchased by contacting Court Reporter Nancy Wingis at (858) 775-0283. Deadlines Due: Notice of Intent to Request Redaction due seven calendar days from the date of filing the Transcript. Redaction Request due 21 calendar days from the date of filing the transcript. Redacted Transcript Submission due 31 calendar days from the date of filing the transcript. Transcript access will be restricted through 11/18/2021. (related documents [33](#) Minute Order) (Ross, Sue) (Entered: 08/20/2021) |
| 08/20/2021 | [40](#)<br>(2 pgs) | BNC Court Certificate of Notice. (related documents [39](#) Transcript) Notice Date 08/22/2021. (Admin.) (Entered: 08/22/2021) |
| 08/23/2021 | [41](#)<br>(5 pgs; 4 docs) | Order Regarding Transferring Venue. Transferred to Central District of California, Santa Ana Division and Notice of Transfer; with BNC Service signed on 8/23/2021. (Duran, K.) (Entered: 08/23/2021) |

| | | |
|---|---|---|
| 08/23/2021 | [42](#)<br>(3 pgs; 2 docs) | Order Regarding Motion To Extend Deadlines To File Motion To Dismiss Pursuant To 707b2 and 3 and To File A Complaint TO Determine Dischargeability Or To Object To Discharge (Lodgment 8/13/21) with Service by BNC (Related Doc [17](#)) signed on 8/23/2021. (Duran, K.) (Entered: 08/23/2021) |
| 08/23/2021 | [43](#)<br>(3 pgs) | BNC Court Certificate of Notice. (related documents [41](#) Order Transferring Venue, Notice) Notice Date 08/25/2021. (Admin.) (Entered: 08/25/2021) |
| 08/23/2021 | [44](#)<br>(3 pgs) | BNC Court Certificate of Notice. (related documents [41](#) Order Transferring Venue, Notice) Notice Date 08/25/2021. (Admin.) (Entered: 08/25/2021) |
| 08/23/2021 | [45](#)<br>(3 pgs) | BNC Court Certificate of Notice. (related documents [42](#) Order re: Motion) Notice Date 08/25/2021. (Admin.) (Entered: 08/25/2021) |
| 08/27/2021 | 46 | Acknowledgment of Receipt. Case transferred from California Southern has been opened in Central District of California (Santa Ana) as Bankruptcy case 8:21-bk-12064, (related documents [42](#) Order re: Motion) (Chaco, J.) (Entered: 08/27/2021) |
| 08/30/2021 | 47 | Order Closing Case. An order transferring venue has been entered by the court, and notice of the transfer has been given to the debtor(s) and all creditors and all other required documentation having been entered; therefore, IT IS ORDERED that the within case be and the same is hereby closed . Barry K. Lander, Clerk (Duran, K.) (Entered: 08/30/2021) |

# EXHIBIT B

**CLOSED, TRANSIN, RepeatPACER, NoAutoDisch, DISMISSED**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:21-bk-12064-SC

| | |
|---|---|
| *Date filed:* | 04/08/2021 |
| *Date transferred:* | 08/25/2021 |
| *Date terminated:* | 10/25/2022 |
| *Debtor dismissed:* | 02/28/2022 |
| *341 meeting:* | 12/16/2021 |
| *Deadline for objecting to discharge:* | 09/13/2021 |

*Assigned to:* Scott C Clarkson
Chapter 7
Voluntary
No asset

*Debtor disposition:* Dismissed for Other Reason

| | |
|---|---|
| ***Debtor***<br>**Susan Jo White**<br>25422 Trabuco Rd<br>Suite 105-441<br>Lake Forest, CA 92630<br>ORANGE-CA<br>SSN / ITIN: xxx-xx-2902<br>*aka* **Susan J White** | represented by **Bill Parks**<br>Law Office of Bill Parks<br>316 S Melrose Dr<br>Vista, CA 92081<br>(760) 806-9293<br>Email: attparks@aol.com<br><br>**Bill J Parks**<br>Law Offices of Bill Parks<br>316 So Melrose Dr<br>Vista, CA 92081<br>760-806-9293<br>Fax : 760-806-9276<br>Email: attparks@aol.com |

***Trustee***
**James L. Kennedy**
James L. Kennedy, Trustee
P.O. Box 28459
San Diego, CA 92198-0459
858-243-8649
*TERMINATED: 08/25/2021*

***Trustee***
**Jeffrey I Golden (TR)**
Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
(714) 966-1000

***U.S. Trustee***
**United States Trustee**
Office of the U.S. Trustee
880 Front Street
Suite 3230
San Diego, CA 92101
619-557-5013

*TERMINATED: 08/25/2021*

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

represented by **Nancy S Goldenberg**
411 W Fourth St Ste 7160
Santa Ana, CA 92701-8000
714-338-3416
Fax : 714-338-3421
Email: nancy.goldenberg@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 04/08/2021 | 1 (59 pgs) | Voluntary Petition for Individuals Schedules & Statements Fee Amount $ 338.00. Declaration re: Electronic Filing due by 05/6/2021, Filed by Bill Parks of Law Office of Bill Parks on behalf of Susan Jo White. (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 04/08/2021) |
| 04/08/2021 | 2 | Receipt of Chapter 7 Voluntary Petition( 21-01414-7) [misc,1027] ( 338.00) Filing Fee. Fee Amount 338.00 Receipt number A16753959 (re: Doc1); (U.S. Treasury) [Transferred from California Southern on 8/25/2021.] (Entered: 04/08/2021) |
| 04/08/2021 | 3 (1 pg) | Declaration Re: Electronic Filing filed by Bill Parks on behalf of Susan Jo White. (related documents 1 Chapter 7 Voluntary Petition) (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 04/08/2021) |
| 04/08/2021 | 4 | Receipt of Statement About Your Social Security Number COURT NOTE: The PDF document is a secured image. filed by Bill Parks on behalf of Susan Jo White. (related documents 1 Chapter 7 Voluntary Petition) (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 04/08/2021) |
| 04/08/2021 | 5 (1 pg) | Certificate of Credit Counseling for Debtor filed by Bill Parks on behalf of Susan Jo White. (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 04/08/2021) |
| 04/08/2021 | 6 (4 pgs) | Rights and Responsibilities of Chapter 7 Debtors and their Attorney filed by Bill Parks on behalf of Susan Jo White. (related documents 1 Chapter 7 Voluntary Petition) (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 04/08/2021) |
| 04/08/2021 | 7 (6 pgs; 4 docs) | Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Notice of Appointment of Interim Trustee Kennedy, James L. with **341(a) meeting to be held on 5/12/2021 at 11:00 AM. To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) and enter Meeting ID Number 2022150066 and Passcode 14755 when prompted..** Financial Management Course Due Date: 7/12/2021. Objections for Discharge due by 7/12/2021. (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 04/08/2021) |
| 04/08/2021 | 8 (6 pgs) | BNC Court Certificate of Notice re Bankruptcy Case and Meeting of Creditors. (related documents 7 Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) Notice Date 04/10/2021. (Admin.) [Transferred from California Southern on 8/25/2021.] (Entered: 04/10/2021) |

| | | |
|---|---|---|
| 04/08/2021 | [9](#)<br>(3 pgs) | BNC Court Certificate of Notice re Additional Telephonic Meeting of Creditors Information (related documents [7](#) Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) Notice Date 04/10/2021. (Admin.) [Transferred from California Southern on 8/25/2021.] (Entered: 04/10/2021) |
| 04/14/2021 | [10](#)<br>(1 pg) | Financial Management Certificate of Education **for Debtor** filed by provider. (related documents [7](#) Notice of Chapter 7 Bankruptcy Case & Meeting of Creditors) (Duarte, Alberto) [Transferred from California Southern on 8/25/2021.] (Entered: 04/14/2021) |
| 05/12/2021 | 11 | Notice of Continuance of Meeting of Creditors **on 6/16/2021 at 01:30 PM at To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) enter Meeting ID Number 2022150066 and Passcode 14755 when prompted.** . Debtor appeared. (Kennedy, James) [Transferred from California Southern on 8/25/2021.] (Entered: 05/12/2021) |
| 06/04/2021 | [12](#)<br>(21 pgs) | Amendment *to Schedule A/B - Real and/or Personal Property, to Schedule C - Property Claimed as Exempt, to Schedule G - Executory Contracts & Unexpired Leases , to Schedule I - Income of Individual Debtor(s) , to Schedule J - Expenses of Individual Debtor(s)* , & Proof of Service. filed by Bill Parks on behalf of Susan Jo White. (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 06/04/2021) |
| 06/16/2021 | 13 | Notice of Continuance of Meeting of Creditors **on 7/13/2021 at 01:30 PM at To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) enter Meeting ID Number 2022150066 and Passcode 14755 when prompted.** . Debtor appeared. (Kennedy, James) [Transferred from California Southern on 8/25/2021.] (Entered: 06/16/2021) |
| 06/16/2021 | [14](#)<br>(1 pg) | Stipulation Extending Time to Object to Discharge *to September 13, 2021 as to the Trustee and U.S. Trustee only* filed by James L. Kennedy on behalf of James L. Kennedy. (Kennedy, James) [Transferred from California Southern on 8/25/2021.] (Entered: 06/16/2021) |
| 06/17/2021 | [15](#)<br>(3 pgs; 2 docs) | Order Regarding Extending Time to Object to the Discharge for TRUSTEE AND US TRUSTEE until September 13, 2021; with Service by BNC. Objections for Discharge due by 9/13/2021. (related documents [14](#) Stipulation Extending Time to Object to Discharge) signed on 6/17/2021. (Duran, K.) [Transferred from California Southern on 8/25/2021.] (Entered: 06/17/2021) |
| 06/17/2021 | [16](#)<br>(3 pgs) | BNC Court Certificate of Notice. (related documents [15](#) Order Extending Time) Notice Date 06/19/2021. (Admin.) [Transferred from California Southern on 8/25/2021.] (Entered: 06/19/2021) |
| 07/02/2021 | [17](#)<br>(11 pgs) | Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/2/2021. Opposition due on 07/16/2021 unless an objector is entitled to additional time under FRBP 9006. (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 07/02/2021) |

| | | |
|---|---|---|
| 07/06/2021 | 18<br>(19 pgs) | Notice of Motion *for Dismissal or Transfer* filed by Richard G. Heston on behalf of Hollie Lemkin. Notice Served On 7/6/2021. Request for Hearing & Opposition due on 07/20/2021 unless an objector is entitled to additional time under FRBP 9006. (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 07/06/2021) |
| 07/07/2021 | 19<br>(2 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. (related documents 18 Notice of Motion) (Crosby, A) [Transferred from California Southern on 8/25/2021.] (Entered: 07/07/2021) |
| 07/07/2021 | 20<br>(18 pgs) | *Notice of Motion and* Motion to Dismiss Bankruptcy Case *or Transferring Case to Central District* filed by Richard G. Heston on behalf of Hollie Lemkin (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 07/07/2021) |
| 07/07/2021 | 21<br>(23 pgs) | Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/7/2021. Opposition due on 07/21/2021 unless an objector is entitled to additional time under FRBP 9006. (related documents 20 Motion to Dismiss Bankruptcy Case) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 07/07/2021) |
| 07/07/2021 | 22<br>(2 pgs; 2 docs) | Notice to Filer of Errors and/or Deficiencies in Documents. (related documents 21 Notice of Hearing and Motion) (Crosby, A) [Transferred from California Southern on 8/25/2021.] (Entered: 07/07/2021) |
| 07/08/2021 | 23<br>(23 pgs) | Amended *includes /s/* Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/7/2021. Opposition due on 07/21/2021 unless an objector is entitled to additional time under FRBP 9006. (related documents 21 Notice of Hearing and Motion) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 07/08/2021) |
| 07/13/2021 | 24 | Notice of Continuance of Meeting of Creditors **on 8/25/2021 at 01:30 PM at To access the Zoom 341 meeting, go to Zoom.us and click Join Meeting, or call 1 669 900 9128, (jk) enter Meeting ID Number 2022150066 and Passcode 14755 when prompted.** . Debtor appeared. (Kennedy, James) [Transferred from California Southern on 8/25/2021.] (Entered: 07/13/2021) |
| 07/15/2021 | 25<br>(6 pgs) | *Debtors* Opposition *to Motion to Extend Time with Supporting Declaration and Proof of Service* filed by Bill Parks of Law Office of Bill Parks on behalf of Susan Jo White. (related documents 17 Notice of Hearing and Motion) (Parks, Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 07/15/2021) |
| 07/20/2021 | 26<br>(18 pgs) | *Debtors* Opposition *to Movants Hollie Lemkins Motion for Dismissal or Transfer Venue to Central District Pursuant to 28 U.S.C.A. section 1412 and FRBP 1014(a)(2) with supporting decalation and Proof of service* filed by Bill Parks of Law Office of Bill Parks on behalf of Susan Jo White. (related documents 20 Motion to Dismiss Bankruptcy Case, 21 Notice of Hearing and Motion, 23 Notice of Hearing and Motion) (Parks, |

| | | |
|---|---|---|
| | | Bill) [Transferred from California Southern on 8/25/2021.] (Entered: 07/20/2021) |
| 07/30/2021 | 27 (7 pgs) | Reply Reply *to Debtor's Opposition to Motion to Extend Deadlines to File Motion to Dismiss Pursuant to Section 707(b)(2) and (3) and to File Complaint to Determine Dischargeability Pursuant to Section 523 or to Object to Discharge Pursuant to Section 727* filed by Richard G. Heston of Heston & Heston on behalf of Hollie Lemkin. (related documents 25 Opposition) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 07/30/2021) |
| 07/30/2021 | 28 (8 pgs) | Reply Reply *to Debtor's Opposition to Motion for Dismissal or Transfer of Venue to Central District Pursuant to 28 U.S.C.A. Section 1412 and FRBP 1014(a)(2)* filed by Richard G. Heston of Heston & Heston on behalf of Hollie Lemkin. (related documents 26 Opposition) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 07/30/2021) |
| 08/04/2021 | 29 (2 pgs) | **Procedural Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document 17)(Admin.) Modified on 8/4/2021 (Paluso, R.). [Transferred from California Southern on 8/25/2021.] (Entered: 08/04/2021) |
| 08/04/2021 | 30 (2 pgs) | **Procedural Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document 20)(Admin.) Modified on 8/4/2021 (Paluso, R.). [Transferred from California Southern on 8/25/2021.] (Entered: 08/04/2021) |
| 08/10/2021 | 31 (1 pg) | **Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document 17)(Admin.) [Transferred from California Southern on 8/25/2021.] (Entered: 08/10/2021) |
| 08/10/2021 | 32 (3 pgs) | **Tentative Ruling.** Department 3: Hearing Date and Time: 08/12/2021 @ 10:00 AM (related document 20)(Admin.) [Transferred from California Southern on 8/25/2021.] (Entered: 08/10/2021) |
| 08/12/2021 | 33 (1 pg) | **Minute Order.** Hearing DATE: 08/12/2021, MATTER: MOTION TO EXTEND DEADLINES TO FILE MOTION TO DISMISS PURSUANT TO SECTION 707(b)(2) AND (3) AND TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO SECTION 727 OR TO OBJECT TO DISCHARGE PURSUANT TO SECTION 727 FILED ON BEHALF OF HOLLIE LEMKIN AND MOTION FOR ORDER DISMISSING OR TRANSFERRING CASE TO CENTRAL DISTRICT PURSUANT TO 28 U.S.C.A. § 1412 AND FRBP 1014(a)(2) FILED ON BEHALF OF HOLLIE LEMKIN **DISPOSITION: See Attached PDF document for details.** (related documents 17 Notice of Hearing and Motion, 20 Motion to Dismiss Bankruptcy Case) (Paluso, R.) [Transferred from California Southern on 8/25/2021.] (Entered: 08/12/2021) |
| 08/12/2021 | 34 (1 pg) | **Amended Minute Order.** Hearing DATE: 08/12/2021, MATTER: MOTION TO EXTEND DEADLINES TO FILE MOTION TO DISMISS PURSUANT TO SECTION 707(b)(2) AND (3) AND TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY PURSUANT TO SECTION 727 OR TO OBJECT TO DISCHARGE PURSUANT TO SECTION 727 FILED ON BEHALF OF HOLLIE LEMKIN AND MOTION FOR ORDER DISMISSING OR TRANSFERRING CASE TO CENTRAL DISTRICT PURSUANT TO 28 U.S.C.A. § 1412 AND FRBP |

| | | |
|---|---|---|
| | | 707(a)(2) FILED ON BEHALF OF HOLLIE LEMKIN **DISPOSITION: See Attached PDF document for details.** (related documents [17](#) Notice of Hearing and Motion, [20](#) Motion to Dismiss Bankruptcy Case, [33](#) Minute Order) (Paluso, R.) [Transferred from California Southern on 8/25/2021.] (Entered: 08/12/2021) |
| 08/13/2021 | [35](#)<br>(6 pgs) | Notice of Lodgment of Order *on Motion to Extend to File Motion to Dismiss and File a Complaint to Determine Dischargeability* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [17](#) Notice of Hearing and Motion) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 08/13/2021) |
| 08/13/2021 | [36](#)<br>(5 pgs) | Notice of Lodgment of Order *on Amended Motion for Dismissing or Transferring Case to Central District* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [23](#) Notice of Hearing and Motion) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 08/13/2021) |
| 08/13/2021 | [37](#)<br>(6 pgs) | Notice of Lodgment of Order *on Motion to Extend Deadlines to File Motion to Dismiss and to File a Complaint to Determine Dischargeably* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [17](#) Notice of Hearing and Motion) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 08/13/2021) |
| 08/13/2021 | [38](#)<br>(5 pgs) | Notice of Lodgment of Order *on Amended Motion for Dismissing or Transferring Case to Central District* with Service filed by Richard G. Heston on behalf of Hollie Lemkin. (related documents [23](#) Notice of Hearing and Motion) (Heston, Richard) [Transferred from California Southern on 8/25/2021.] (Entered: 08/13/2021) |
| 08/20/2021 | [40](#)<br>(2 pgs) | BNC Court Certificate of Notice. (related documents [39](#) Transcript) Notice Date 08/22/2021. (Admin.) [Transferred from California Southern on 8/25/2021.] (Entered: 08/22/2021) |
| 08/23/2021 | [41](#)<br>(5 pgs; 4 docs) | Order Regarding Transferring Venue. Transferred to Central District of California, Santa Ana Division and Notice of Transfer; with BNC Service signed on 8/23/2021. (Duran, K.) [Transferred from California Southern on 8/25/2021.] (Entered: 08/23/2021) |
| 08/23/2021 | [42](#)<br>(3 pgs; 2 docs) | Order Regarding Motion To Extend Deadlines To File Motion To Dismiss Pursuant To 707b2 and 3 and To File A Complaint TO Determine Dischargeability Or To Object To Discharge (Lodgment 8/13/21) with Service by BNC (Related Doc [17](#)) signed on 8/23/2021. (Duran, K.) [Transferred from California Southern on 8/25/2021.] (Entered: 08/23/2021) |
| 08/25/2021 | [43](#)<br>(5 pgs) | Order Transferring Case from California Southern Court. Case number 3:21-bk-01414. (Entered: 08/25/2021) |
| 08/25/2021 | [44](#)<br>(3 pgs) | Meeting of Creditors 341(a) meeting to be held on 10/6/2021 at 08:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. Last day to oppose discharge or dischargeability remains 7/12/2021. (Corona, Heidi) (Entered: 08/25/2021) |

| | | |
|---|---|---|
| 08/26/2021 | | Notice of Debtor's Prior Filings for debtor Susan Jo White Case Number 21-01414, Chapter 7 filed in California Southern Bankruptcy Court on 04/08/2021.(Admin) (Entered: 08/26/2021) |
| 08/27/2021 | 45 (5 pgs) | BNC Certificate of Notice (RE: related document(s)44 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 13. Notice Date 08/27/2021. (Admin.) (Entered: 08/27/2021) |
| 08/31/2021 | 46 (4 pgs) | Notice of Hearing *Notice of Continued Hearing on Creditor Hollie Lemkin's Motion to Extend Deadlines to File a Motionto Dismiss Pursuant to Section 707(b)(2) and (3) and to File a Complaint to Determine Dischargeability or to Object to Discharge* Filed by Creditor Hollie Lemkin. (Heston, Richard). Related document(s) 17 Notice of Hearing filed by Creditor Hollie Lemkin. Modified on 8/31/2021 (Le, James). (Entered: 08/31/2021) |
| 08/31/2021 | 47 | Hearing Set (RE: related document(s)17 Creditor Hollie Lemkin's Motion to Extend Deadlines to File a Motion to Dismiss Pursuant to Section 707(b)(2) and (3) and to File a Complaint to Determine Dischargeability or to Object to Discharge filed by Creditor Hollie Lemkin) The Hearing date is set for 10/4/2021 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 08/31/2021) |
| 09/02/2021 | 48 (3 pgs) | Stipulation By United States Trustee (SA) and *Debtor's Counsel Extending The Time Only For The United States Trustee And The Chapter 7 Trustee To File An Adversary Case Under § 727 Or To File A Motion To Dismiss Under § 707(B)(3)* Filed by U.S. Trustee United States Trustee (SA) (Goldenberg, Nancy) (Entered: 09/02/2021) |
| 10/04/2021 | 49 (4 pgs) | Notice of lodgment Filed by Creditor Hollie Lemkin (RE: related document(s)17 Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/2/2021. Opposition due on 07/16/2021 unless an objector is entitled to additional time under FRBP 9006. (Heston, Richard) [Transferred from California Southern on 8/25/2021.]). (Heston, Richard) (Entered: 10/04/2021) |
| 10/04/2021 | 56 | Hearing Held (RE: related document(s)17 Motion to Extend to Dismiss Pursuant to Section 707(b)(2) and (3) and to File a Complaint to Determine Dischargeability or to Object to Discharge) Motion Granted. Extended to October 31, 2021. (Le, James) (Entered: 10/21/2021) |
| 10/07/2021 | 50 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/10/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/07/2021 | 51 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 10/07/2021) |
| 10/12/2021 | 52 (2 pgs) | Order Approving Stipulation to Extend the Time to File a Complaint Objecting to Discharge Pursuant to 11 U.S.C. Section 727 or to File a Motion to Dismiss Pursuant to Section 707(B) as to the U.S. Trustee and Chapter 7 Trustee Only - Deadline Extended to October 31, 2021 (BNC- |

| | | PDF)(Related Doc # 48 ) Signed on 10/12/2021 (Le, James) (Entered: 10/12/2021) |
|---|---|---|
| 10/12/2021 | 53 (3 pgs) | Summary of Assets and Liabilities for Individual (Official Form 106Sum or 206Sum) Filed by Debtor Susan Jo White. (Parks, Bill)[Statement of Related Cases Information]. Modified on 10/13/2021 (Shimizu, Tina). (Entered: 10/12/2021) |
| 10/14/2021 | 54 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)52 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 10/14/2021. (Admin.) (Entered: 10/14/2021) |
| 10/20/2021 | 55 (3 pgs) | Notice of lodgment Filed by Creditor Hollie Lemkin (RE: related document(s)17 Notice of Hearing and Motion with Certificate of Service. filed by Richard G. Heston on behalf of Hollie Lemkin. **HEARING Scheduled for 8/12/2021 at 10:00 AM at Courtroom 3, Room 129, Weinberger Courthouse** . Notice Served On: 7/2/2021. Opposition due on 07/16/2021 unless an objector is entitled to additional time under FRBP 9006. (Heston, Richard) [Transferred from California Southern on 8/25/2021.]). (Heston, Richard) (Entered: 10/20/2021) |
| 10/22/2021 | 57 (2 pgs) | Order Granting Motion to Extend Deadline to File Motion to Dismiss Pursuant to Section 707(b)(2) and (3) and to File Complaint to Determine Dischargeability Pursuant to Section 523 or to Object to Discharge Pursuant to Section 727 - Deadline Extended to October 31, 2021 (BNC-PDF) (Related Doc # 17 ) Signed on 10/22/2021 (Le, James) (Entered: 10/22/2021) |
| 10/24/2021 | 58 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)57 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 10/24/2021. (Admin.) (Entered: 10/24/2021) |
| 10/27/2021 | 59 (6 pgs) | Stipulation By Jeffrey I Golden (TR) and *Stipulation Extending the Time for the US Trustee, the Chapter 7 Trustee and Creditor, Hollie Lemkin, to File an Adversary Case Under 11 U.S.C. § 727 or to file Motion to Dismiss Case Under 11 U.S.C. § 707 (with Proof of Service)* Filed by Trustee Jeffrey I Golden (TR) (Golden (TR), Jeffrey) (Entered: 10/27/2021) |
| 11/03/2021 | 60 (2 pgs) | Order Approving Stipulation Extending the Time for the U.S. Trustee, the Chapter 7 Trustee and Creditor, Hollie Lemkin, to File an Adversary Case Under 11 U.S.C. Section 727 or to file Motion to Dismiss Case Under 11 U.S.C. Section 707 - Extension Granted to November 30, 2021. Debtor is Prohibited from Filing an Objection Based on Timeliness of a Trustee Motion Under Section 707(b)(2) after the 30 Day Deadline set forth in 11 U.S.C. Section 704(b)(2). (See Order For Further Ruling) (BNC-PDF) (Related Doc # 59 ) Signed on 11/3/2021 (Le, James) (Entered: 11/03/2021) |
| 11/04/2021 | 61 (3 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). Proofs of Claims due by 2/7/2022. Government Proof of Claim due by 10/5/2021. (Golden (TR), Jeffrey) (Entered: 11/04/2021) |
| 11/05/2021 | 62 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)60 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 11/05/2021. (Admin.) (Entered: 11/05/2021) |

| | | |
|---|---|---|
| 11/06/2021 | 63<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)61 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Jeffrey I Golden (TR)) No. of Notices: 16. Notice Date 11/06/2021. (Admin.) (Entered: 11/06/2021) |
| 11/10/2021 | 64 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/16/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/10/2021 | 65 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by Trustee Jeffrey I Golden (TR). 341(a) Meeting Continued to 11/16/2021 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/10/2021 | 66<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 11/10/2021) |
| 11/11/2021 | 67<br>(10 pgs; 2 docs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Susan Jo White. (Attachments: # 1 Affidavit Proof of Service) (Parks, Bill) (Entered: 11/11/2021) |
| 11/11/2021 | 68<br>(19 pgs) | Amending Schedules (D) (E/F) Filed by Debtor Susan Jo White. (Parks, Bill) (Entered: 11/11/2021) |
| 11/11/2021 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)( 8:21-bk-12064-MW) [misc,amdsch] ( 32.00) Filing Fee. Receipt number A53603162. Fee amount 32.00. (re: Doc# 68) (U.S. Treasury) (Entered: 11/11/2021) |
| 11/29/2021 | 69<br>(36 pgs) | Motion *Notice of Motion and Motion to Dismiss Chapter 7 Case Pursuant to Sectoin 707(b)(2) & (3); Declaration of Richard G. Heston* Filed by Creditor Hollie Lemkin (Heston, Richard) Warning: Item subsequently amended by docket entry no: 72 Modified on 11/30/2021 (Le, James). (Entered: 11/29/2021) |
| 11/29/2021 | 70<br>(198 pgs) | Request for judicial notice *In Support of Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2)&(3)* Filed by Creditor Hollie Lemkin (RE: related document(s)69 Motion *Notice of Motion and Motion to Dismiss Chapter 7 Case Pursuant to Sectoin 707(b)(2) & (3); Declaration of Richard G. Heston*). (Heston, Richard) (Entered: 11/29/2021) |
| 11/29/2021 | 71<br>(8 pgs) | Adversary case 8:21-ap-01104. Complaint by Lemkin A. Hollie against Susan Jo White. Fee Amount $350 Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) (Heston, Richard) (Entered: 11/29/2021) |
| 11/30/2021 | 72 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT LOCATED UNDER Bankruptcy Events BK - Motions/Applications -> Dismiss Debtor (motion).** (RE: related document(s)69 Generic Motion filed by Creditor Hollie Lemkin) (Le, James) (Entered: 11/30/2021) |

| | | |
|---|---|---|
| 11/30/2021 | 73<br>(36 pgs) | Motion to Dismiss Debtor *Notice of Motion and Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2) & (3); Declaration of Richard G. Heston* Filed by Creditor Hollie Lemkin (Heston, Richard) (Entered: 11/30/2021) |
| 11/30/2021 | 74 | Hearing Set (RE: related document(s)73 Dismiss Debtor filed by Creditor Hollie Lemkin) The Hearing date is set for 1/10/2022 at 02:00 PM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/30/2021) |
| 12/27/2021 | 75<br>(32 pgs) | Opposition to (related document(s): 73 Motion to Dismiss Debtor *Notice of Motion and Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2) & (3); Declaration of Richard G. Heston* filed by Creditor Hollie Lemkin, 74 Hearing (Bk Motion) Set) *and Proof of Service* Filed by Debtor Susan Jo White (Parks, Bill) (Entered: 12/27/2021) |
| 01/03/2022 | 76<br>(21 pgs) | Reply to (related document(s): 75 Opposition filed by Debtor Susan Jo White) Filed by Creditor Hollie Lemkin (Heston, Richard) (Entered: 01/03/2022) |
| 01/03/2022 | 77<br>(77 pgs) | Request for judicial notice *in Support of Reply to Opposition to Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2) & (3)* Filed by Creditor Hollie Lemkin (RE: related document(s)76 Reply). (Heston, Richard) (Entered: 01/03/2022) |
| 01/06/2022 | 78<br>(3 pgs) | Order of Recusal RE Bankruptcy Case within Division Transfer, Judge Erithe A. Smith added to case. Involvement of Judge Mark S Wallace Terminated (BNC-PDF) Signed on 1/6/2022. (Le, James) (Entered: 01/06/2022) |
| 01/06/2022 | 79<br>(1 pg) | Notice of reassignment of case (BNC) (Le, James) (Entered: 01/06/2022) |
| 01/07/2022 | 80<br>(3 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoogov Audio and Video* Filed by Creditor Hollie Lemkin (RE: related document(s)69 Motion *Notice of Motion and Motion to Dismiss Chapter 7 Case Pursuant to Sectoin 707(b)(2) & (3); Declaration of Richard G. Heston* Filed by Creditor Hollie Lemkin (Heston, Richard) Warning: Item subsequently amended by docket entry no: 72 Modified on 11/30/2021.). (Heston, Richard) (Entered: 01/07/2022) |
| 01/08/2022 | 81<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)79 Notice of reassignment of case (BNC)) No. of Notices: 19. Notice Date 01/08/2022. (Admin.) (Entered: 01/08/2022) |
| 01/08/2022 | 82<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)78 Order of Recusal (BNC-PDF)) No. of Notices: 2. Notice Date 01/08/2022. (Admin.) (Entered: 01/08/2022) |
| 01/10/2022 | 84 | Hearing Rescheduled/Continued (RE: related document(s)73 Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2) & (3)) The Hearing date is set for 2/23/2022 at 10:00AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701 as a Holding Date to Permit the Hearing to be Rescheduled in front of Judge Smith. (Le, James) (Entered: 01/11/2022) |

| | | |
|---|---|---|
| 01/11/2022 | 83<br>(1 pg) | Order Continuing Hearing Pending Reassignment of Case due to Recusal - Hearing Continued to Permit the Case to be Reassigned and the Hearing Rescheduled to Judge Smith. (BNC-PDF) Signed on 1/11/2022 (RE: related document(s)73 Dismiss Debtor filed by Creditor Hollie Lemkin). (Le, James) (Entered: 01/11/2022) |
| 01/13/2022 | 85<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)83 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 01/13/2022. (Admin.) (Entered: 01/13/2022) |
| 01/27/2022 | 86<br>(4 pgs) | Notice *of Continued Hearing on Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2)&(3)* Filed by Creditor Hollie Lemkin (RE: related document(s)69 Motion *Notice of Motion and Motion to Dismiss Chapter 7 Case Pursuant to Sectoin 707(b)(2) & (3); Declaration of Richard G. Heston* Filed by Creditor Hollie Lemkin (Heston, Richard) Warning: Item subsequently amended by docket entry no: 72 Modified on 11/30/2021.). (Heston, Richard) (Entered: 01/27/2022) |
| 02/14/2022 | 87 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Notice of Assets. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 2/14/2022). Filed by Trustee Jeffrey I Golden (TR) (RE: related document(s)61 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) *with proof of service* Filed by Trustee Jeffrey I Golden (TR). Proofs of Claims due by 2/7/2022. Government Proof of Claim due by 10/5/2021. (Golden (TR), Jeffrey) filed by Trustee Jeffrey I Golden (TR)). (Golden (TR), Jeffrey) (Entered: 02/14/2022) |
| 02/17/2022 | 88<br>(3 pgs) | Notice of lodgment Filed by Creditor Hollie Lemkin (RE: related document(s)73 Motion to Dismiss Debtor *Notice of Motion and Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2) & (3); Declaration of Richard G. Heston* Filed by Creditor Hollie Lemkin). (Heston, Richard) (Entered: 02/17/2022) |
| 02/17/2022 | 91 | Hearing Held - RE: 73 Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2) & (3) - Grant the Motion to dismiss unless Debtor elects to convert to chapter 11 by or before February 24, 2022. Failure to convert to chapter 11 will result in the dismissal of the case on February 25, 2022. (Daniels, Sally) (Entered: 02/28/2022) |
| 02/28/2022 | 89<br>(1 pg) | Order Granting Motion to Dismiss Case Pursuant to Section 707(b)(2) & (3) **Debtor** Dismissed (BNC-PDF). (RE: related document(s)73 Motion to Dismiss Chapter 7 Case Pursuant to Section 707(b)(2) & (3)) (Le, James) (Entered: 02/28/2022) |
| 02/28/2022 | 90<br>(1 pg) | Notice of dismissal (BNC) (Le, James) (Entered: 02/28/2022) |
| 03/01/2022 | | Chapter 7 Trustee's Report of No Distribution: I, Jeffrey I Golden (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found |

| | | |
|---|---|---|
| | | in the case records. This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Jeffrey I Golden (TR). (Golden (TR), Jeffrey) (Entered: 03/01/2022) |
| 03/02/2022 | 92 (4 pgs) | BNC Certificate of Notice (RE: related document(s)90 Notice of dismissal (BNC)) No. of Notices: 19. Notice Date 03/02/2022. (Admin.) (Entered: 03/02/2022) |
| 03/02/2022 | 93 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)89 Order Dismissing Case (BNC-PDF)) No. of Notices: 2. Notice Date 03/02/2022. (Admin.) (Entered: 03/02/2022) |
| 06/09/2022 | 94 (8 pgs) | Transcript regarding Hearing Held 03/10/22 RE: CONTD STATUS CONFERENCE RE: COMPLAINT TO DETERMINE NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. SECTION 523(a)(6) AND OBJECTING TO GRANT OF DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727(a)(4)(A). Remote electronic access to the transcript is restricted until 09/7/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 6/16/2022. Redaction Request Due By 06/30/2022. Redacted Transcript Submission Due By 07/11/2022. Transcript access will be restricted through 09/7/2022. (Steinhauer, Holly) (Entered: 06/09/2022) |
| 06/29/2022 | 95 | Trustee Payment Under 11 U.S.C. Section 330(e) Processed for $60.00. Voucher Number GPC CACBCLERK22-0864. (VM) (Entered: 06/29/2022) |
| 09/01/2022 | 96 | In accordance with the Administrative Order 22-17 dated 8/16/2022, this case is hereby reassigned from Judge Erithe A. Smith to Judge Scott C Clarkson. (JL) (Entered: 09/01/2022) |
| 10/25/2022 | 97 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (JL) (Entered: 10/25/2022) |

# EXHIBIT C

**Repeat-cacb, RepeatPACER, NODISCH, BARDEBTOR, RestrictedDISMISSED, 707(b), CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:22-bk-10652-SC

*Date filed:* 04/18/2022
*Date terminated:* 11/16/2022
*Debtor dismissed:* 10/20/2022
*341 meeting:* 10/31/2022
*Deadline for objecting to discharge:* 08/01/2022
*Deadline for financial mgmt. course:* 08/01/2022

*Assigned to:* Scott C Clarkson
Chapter 7
Voluntary
No asset

*Debtor disposition:*  Dismissed for Abuse

| | |
|---|---|
| **Debtor**<br>**Susan Jo White**<br>10 Snowberry<br>Lake Forest, CA 92630<br>ORANGE-CA<br>SSN / ITIN: xxx-xx-2902 | represented by **Anerio V Altman**<br>Lake Forest Bankruptcy II, APC<br>P.O. Box 515381<br>Ste 97627<br>Los Angeles, CA 90051-6681<br>949-218-2002<br>Fax : 949-218-2002<br>Email: aaltman@ecf.courtdrive.com<br><br>**Bill J Parks**<br>Law Offices of Bill Parks<br>316 So Melrose Dr<br>Vista, CA 92081<br>760-806-9293<br>Fax : 760-806-9276<br>Email: attparks@aol.com |
| **Trustee**<br>**Thomas H Casey (TR)**<br>26400 La Alameda, Suite 210<br>Mission Viejo, CA 92691<br>(949) 766-8787 | |
| **U.S. Trustee**<br>**United States Trustee (SA)**<br>411 W Fourth St., Suite 7160<br>Santa Ana, CA 92701-4593<br>(714) 338-3400 | represented by **Kristin T Mihelic**<br>Office of the US Trustee<br>411 W Fourth St Ste 7160<br>Santa Ana, CA 92701<br>202-495-8751<br>Email: kmihelic@fennemorelaw.com |

| Filing Date | # | Docket Text |
|---|---|---|
| 04/18/2022 | 1<br>(54 pgs) | Chapter 7 Voluntary Petition for Individuals . Fee Amount $338 Filed by Susan Jo White (Parks, Bill) WARNING: See docket entry no 7 for correction. Case deficient re Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by |

| | | |
|---|---|---|
| | | 5/2/2022. Incomplete Filings due by 5/2/2022. (Nguyen, Vi) (Entered: 04/18/2022) (Entered: 04/18/2022) |
| 04/18/2022 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Susan Jo White. (Parks, Bill) (Entered: 04/18/2022) |
| 04/18/2022 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Susan Jo White. (Parks, Bill) (Entered: 04/18/2022) |
| 04/18/2022 | 4 (1 pg) | Signature of Attorney on Petition (Official Form 101 or 201) of Attorney Filed by Debtor Susan Jo White. (Parks, Bill) (Entered: 04/18/2022) |
| 04/18/2022 | 5 (13 pgs) | Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) , Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option) Filed by Debtor Susan Jo White. (Parks, Bill) (Entered: 04/18/2022) |
| 04/18/2022 | 6 (3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 5/31/2022 at 08:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 8/1/2022. Last day to oppose discharge or dischargeability is 8/1/2022. (Scheduled Automatic Assignment, shared account) (Entered: 04/18/2022) |
| 04/18/2022 | | Receipt of Voluntary Petition (Chapter 7)( 8:22-bk-10652) [misc,volp7] ( 338.00) Filing Fee. Receipt number A54156758. Fee amount 338.00. (re: Doc# 1) (U.S. Treasury) (Entered: 04/18/2022) |
| 04/18/2022 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Susan Jo White) Declaration by Debtors as to Whether Income was Received from an Employer within 60-Days of the Petition Date (LBR Form F1002-1) due by 5/2/2022. Incomplete Filings due by 5/2/2022. (Nguyen, Vi) (Entered: 04/18/2022) |
| 04/18/2022 | 7 | Notice to Filer of Correction Made/No Action Required: **Incorrect schedules /statements recorded as deficient. THE PROPER DEFICIENCY HAS BEEN ISSUED.** (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Susan Jo White) (Nguyen, Vi) (Entered: 04/18/2022) |
| 04/18/2022 | 8 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 7) filed by Debtor Susan Jo White) (Nguyen, Vi) (Entered: 04/18/2022) |
| 04/18/2022 | 9 (11 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Susan Jo White (RE: related document(s) Set Case Commencement Deficiency Deadlines (ccdn)). (Parks, Bill) (Entered: 04/18/2022) |
| 04/19/2022 | | Notice of Debtor's Prior Filings for debtor Susan Jo White Case Number 21-01414, Chapter 7 filed in California Southern Bankruptcy Court on 04/08/2021; Case Number 21-12064, Chapter 7 filed in California Central Bankruptcy on 04/08/2021 , Dismissed for Other Reason on 02/28/2022.(Admin) (Entered: 04/19/2022) |
| 04/20/2022 | 10 (5 pgs) | BNC Certificate of Notice (RE: related document(s)6 Meeting (AutoAssign Chapter 7)) No. of Notices: 11. Notice Date 04/20/2022. (Admin.) (Entered: 04/20/2022) |

| | | |
|---|---|---|
| 04/20/2022 | 11<br>(2 pgs) | BNC Certificate of Notice (RE: related document(s)8 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 04/20/2022. (Admin.) (Entered: 04/20/2022) |
| 04/29/2022 | 12<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Richard. (Heston, Richard) (Entered: 04/29/2022) |
| 05/04/2022 | 13<br>(1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Duarte, Alberto) (Entered: 05/04/2022) |
| 05/10/2022 | 14<br>(5 pgs) | Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii) . Fee Amount $188, Filed by Creditor Hollie A. Lemkin (Heston, Richard) (Entered: 05/10/2022) |
| 05/10/2022 | 15<br>(3 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video* Filed by Creditor Hollie A. Lemkin (RE: related document(s)14 Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii) . Fee Amount $188, Filed by Creditor Hollie A. Lemkin). (Heston, Richard) (Entered: 05/10/2022) |
| 05/10/2022 | | Receipt of Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect( 8:22-bk-10652-ES) [motion,nmts] ( 188.00) Filing Fee. Receipt number A54230719. Fee amount 188.00. (re: Doc# 14) (U.S. Treasury) (Entered: 05/10/2022) |
| 05/10/2022 | 16 | Hearing Set (RE: related document(s)14 Motion for Relief - Order Confirming Termination of Stay or That no Stay is in Effect filed by Creditor Hollie A. Lemkin). The Hearing date is set for 6/9/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/11/2022) |
| 05/12/2022 | 17<br>(42 pgs) | Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate All personal property *filed by Debtor*. Fee Amount $188, Filed by Debtor Susan Jo White (Parks, Bill) (Entered: 05/12/2022) |
| 05/12/2022 | | Receipt of Motion for Relief - Imposing a Stay or Continuing the Automatic Stay( 8:22-bk-10652-ES) [motion,nmis] ( 188.00) Filing Fee. Receipt number A54238285. Fee amount 188.00. (re: Doc# 17) (U.S. Treasury) (Entered: 05/12/2022) |
| 05/12/2022 | 18<br>(6 pgs) | Application shortening time *on Motion to Continue automatic stay (document #17)* Filed by Debtor Susan Jo White (Parks, Bill) (Entered: 05/12/2022) |
| 05/12/2022 | 19<br>(4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (Hearing: 5/17/2022 at 10:00 a.m., Courtroom 5A via Zoom.gov) (BNC-PDF) (Related Doc # 18 ) Signed on 5/12/2022 (TD8) (Entered: 05/12/2022) |
| 05/12/2022 | 20 | Hearing Set (RE: related document(s)17 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Susan Jo White). The Hearing date is set for 5/17/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/12/2022) |

| | | |
|---|---|---|
| 05/13/2022 | 21<br>(5 pgs) | Notice of Hearing *SUPPLEMENTAL NOTICE OF HEARING TO BE HELD REMOTELY USING ZOOMGOV AUDIO AND VIDEO with Proof of Service* Filed by Debtor Susan Jo White (RE: related document(s)17 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate All personal property *filed by Debtor*. Fee Amount $188, Filed by Debtor Susan Jo White). (Parks, Bill) (Entered: 05/13/2022) |
| 05/13/2022 | 22<br>(56 pgs) | Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video with Attachments, Filed by Debtor Susan Jo White [EDB] (RE: related document(s)17 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate All personal property *filed by Debtor*. Fee Amount $188, Filed by Debtor Susan Jo White). The Hearing date is set for 5/17/2022 at 10:00 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/13/2022) |
| 05/14/2022 | 23<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)19 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 05/14/2022. (Admin.) (Entered: 05/14/2022) |
| 05/16/2022 | 24<br>(13 pgs) | Proof of service *Declaration of Bill Parks, counsel for Debtor establishing that telephonic notice, written notice and service of the motion and Order was completed as set forth in the Order (doc#19)* Filed by Debtor Susan Jo White (RE: related document(s)17 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate All personal property *filed by Debtor*. Fee Amount $188,). (Parks, Bill) (Entered: 05/16/2022) |
| 05/16/2022 | 25<br>(9 pgs) | Opposition to (related document(s): 17 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate All personal property *filed by Debtor*. Fee Amount $188, filed by Debtor Susan Jo White) *Opposition to Motion in Individual Case for Order Continuing the Automatic Stay* Filed by Creditor Hollie A. Lemkin (Heston, Richard) - WARNING: See docket entry no. 26 for corrections - Modified on 5/16/2022 (TD8). (Entered: 05/16/2022) |
| 05/16/2022 | 26 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing location was listed. The correct location is Courtroom 5A.THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA TO CORRECT HEARING INFORMATION.** (RE: related document(s)25 Opposition filed by Creditor Hollie A. Lemkin) (TD8) (Entered: 05/16/2022) |
| 05/17/2022 | 27<br>(2 pgs) | Errata Filed by Creditor Hollie A. Lemkin (RE: related document(s)25 Opposition). (Heston, Richard) (Entered: 05/17/2022) |
| 05/17/2022 | 28<br>(3 pgs) | Notice of lodgment Filed by Creditor Hollie A. Lemkin (RE: related document(s)17 Notice of Motion and Motion in Individual Case for Order Imposing a Stay or Continuing the Automatic Stay as the Court Deems Appropriate All personal property *filed by Debtor*. Fee Amount $188, Filed by Debtor Susan Jo White). (Heston, Richard) (Entered: 05/17/2022) |
| 05/17/2022 | 30 | Hearing Held (RE: related document(s)17 Motion for Relief - Imposing a Stay or Continuing the Automatic Stay filed by Debtor Susan Jo White) Motion Denied - Insufficient Evidence by Clear and Convincing Evidence of Good Faith. (JL) (Entered: 05/25/2022) |

| | | |
|---|---|---|
| 05/18/2022 | [29](#) (2 pgs) | Withdrawal re: Filed by Creditor Hollie A. Lemkin (RE: related document(s)[14](#) Notice of Motion and Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii) . Fee Amount $188,). (Heston, Richard) (Entered: 05/18/2022) |
| 05/25/2022 | [31](#) (1 pg) | Order Denying Motion in Indiviual Case for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF) (Related Doc # [17](#) ). Signed on 5/25/2022 (TD8) (Entered: 05/25/2022) |
| 05/26/2022 | [32](#) (3 pgs) | Substitution of attorney Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 05/26/2022) |
| 05/27/2022 | [33](#) (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[31](#) Motion for Order Imposing a Stay or Continuing the Automatic Stay (BNC-PDF)) No. of Notices: 1. Notice Date 05/27/2022. (Admin.) (Entered: 05/27/2022) |
| 05/31/2022 | [34](#) (6 pgs) | Motion *to Deem Adversary Proceeding Related to Chapter 7 Case* Filed by Creditor Hollie A. Lemkin (Heston, Richard) (Entered: 05/31/2022) |
| 05/31/2022 | [35](#) (3 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video* Filed by Creditor Hollie A. Lemkin (RE: related document(s)[34](#) Motion *to Deem Adversary Proceeding Related to Chapter 7 Case* Filed by Creditor Hollie A. Lemkin). (Heston, Richard) NOTE: Incorrect hearing date listed; Filer filed amended supplemental notice of hearing to be held remotely using ZoomGov audio and video; SEE DOCUMENT FILED 5/31/2022, DOCUMENT # [36](#) - Modified on 5/31/2022 (TD8). (Entered: 05/31/2022) |
| 05/31/2022 | [36](#) (3 pgs) | Notice *Amended Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video* Filed by Creditor Hollie A. Lemkin (RE: related document(s)[34](#) Motion *to Deem Adversary Proceeding Related to Chapter 7 Case* Filed by Creditor Hollie A. Lemkin). (Heston, Richard) (Entered: 05/31/2022) |
| 05/31/2022 | 37 | Hearing Set (RE: related document(s)[34](#) Motion to Deem Adversary Proceeding Related to Chapter 7 Case, filed by Creditor Hollie A. Lemkin). The Hearing date is set for 7/14/2022 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (TD8) (Entered: 05/31/2022) |
| 06/01/2022 | 38 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 6/23/2022 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 06/01/2022) |
| 06/01/2022 | [39](#) (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 06/01/2022) |
| 06/09/2022 | 40 | Hearing Held (related document # [14](#) Motion in Individual Case for Order Confirming Termination of Stay under 11 U.S.C. 362(j) or That No Stay is in Effect under 11 U.S.C. 362(c)(4)(A)(ii)) - OFF CALENDAR; Notice of Withdrawal of Motion by Movant filed 5/18/2022 (TD8) (Entered: 06/13/2022) |
| 06/17/2022 | [41](#) (4 pgs) | Stipulation By Susan Jo White and *Creditor Hollie Lemkin* Filed by Debtor Susan Jo White (Altman, Anerio) (Entered: 06/17/2022) |

| | | |
|---|---|---|
| 06/17/2022 | [42](#)<br>(5 pgs) | Notice of lodgment Filed by Debtor Susan Jo White (RE: related document(s)[41](#) Stipulation By Susan Jo White and *Creditor Hollie Lemkin* Filed by Debtor Susan Jo White). (Altman, Anerio) (Entered: 06/17/2022) |
| 06/20/2022 | [43](#)<br>(54 pgs) | Statement of Related Cases (LBR Form 1015-2.1) *Amended*, Statement of Financial Affairs for for Individual Filing for Bankruptcy (Official Form 107 or 207) *Amended*, Amended Schedule J: Your Expenses (Official Form 106J) *Amended*, Amended Schedule I for Individual: Your Income (Official Form 106I) *Amended*, Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) *Amended*, Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) *Amended*, Declaration About an Individual Debtor's Schedules (Official Form 106Dec) *Amended*, Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option) *Amended*, Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) *Amended* Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 06/20/2022) |
| 06/20/2022 | [44](#)<br>(14 pgs) | Amending Schedules (D) (E/F) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 06/20/2022) |
| 06/21/2022 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)( [8:22-bk-10652-ES](#)) [misc,amdsch] ( 32.00) Filing Fee. Receipt number A54353718. Fee amount 32.00. (re: Doc# [44](#)) (U.S. Treasury) (Entered: 06/21/2022) |
| 06/21/2022 | [45](#)<br>(18 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 06/21/2022) |
| 06/21/2022 | [46](#)<br>(2 pgs) | Order Approving Stipulation To Continue Deadlines For Creditor Hollie Lemkin To File A complaint To Object Under 11 USC Sec 523 And 727 - Creditor, Hollie Lemkin, may have until September 1, 2022 to file a complaint under 11 USC Sec 523 or 727 (BNC-PDF) (Related Doc # [41](#) ) Signed on 6/21/2022 (SD8) (Entered: 06/21/2022) |
| 06/23/2022 | [47](#)<br>(10 pgs) | Addendum to voluntary petition Filed by Debtor Susan Jo White. (Altman, Anerio)WARNING: See docket entry no 48 for correction. Modified on 6/23/2022 (VN). (Entered: 06/23/2022) |
| 06/23/2022 | 48 | Notice to Filer of Error and/or Deficient Document **Other - Missing debtor's last 4 digits of SSN.** THE FILER IS INSTRUCTED TO RE-FILE THE COMPLETE DOCUMENT. (RE: related document(s)[47](#) Addendum to Vol Pet filed by Debtor Susan Jo White) (VN) (Entered: 06/23/2022) |
| 06/24/2022 | 49 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 7/5/2022 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 06/24/2022) |
| 06/24/2022 | [50](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 06/24/2022) |
| 06/24/2022 | [51](#)<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[46](#) Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 06/24/2022. (Admin.) (Entered: 06/24/2022) |

| | | |
|---|---|---|
| 06/30/2022 | 52<br>(12 pgs) | Opposition to (related document(s): 34 Motion *to Deem Adversary Proceeding Related to Chapter 7 Case* filed by Creditor Hollie A. Lemkin) Filed by Debtor Susan Jo White (Altman, Anerio) (Entered: 06/30/2022) |
| 07/06/2022 | 53 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 7/25/2022 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 07/06/2022) |
| 07/06/2022 | 54<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 07/06/2022) |
| 07/06/2022 | 55<br>(9 pgs) | Reply to (related document(s): 52 Opposition filed by Debtor Susan Jo White) *Reply to Debtor's Opposition to Motion to Deem Adversary Proceeding Related to Chapter 7 Case; Declaration of Richard G. Heston* Filed by Creditor Hollie A. Lemkin (Heston, Richard). Related document(s) 34 Motion *to Deem Adversary Proceeding Related to Chapter 7 Case* filed by Creditor Hollie A. Lemkin. Modified on 7/6/2022 (JL). (Entered: 07/06/2022) |
| 07/14/2022 | 57 | Hearing Held (RE: related document(s)34 Creditor Hollie A. Lemkin's Motion to Deem Adversary Proceeding Related to Chapter 7 Case filed by Creditor Hollie A. Lemkin) Motion Denied without Prejudice to Movant Re-Filing Another. (JL) (Entered: 07/20/2022) |
| 07/18/2022 | 56<br>(3 pgs) | Notice of lodgment Filed by Creditor Hollie A. Lemkin (RE: related document(s)34 Motion *to Deem Adversary Proceeding Related to Chapter 7 Case* Filed by Creditor Hollie A. Lemkin). (Heston, Richard) (Entered: 07/18/2022) |
| 07/22/2022 | 58<br>(41 pgs) | Addendum to voluntary petition , Amended Schedule A/B Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Statement of Financial Affairs for Individual Filing for Bankruptcy (Official Form 107 or 207) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 07/22/2022) |
| 07/26/2022 | 59<br>(1 pg) | Order Denying Motion to Deem Adversary Case Related to Chapter 7 Case (BNC-PDF) (Related Doc # 34 ) Signed on 7/26/2022 (TD8) (Entered: 07/26/2022) |
| 07/26/2022 | 60 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 8/8/2022 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 07/26/2022) |
| 07/26/2022 | 61<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 07/26/2022) |
| 07/28/2022 | 62<br>(10 pgs) | Motion for extension of time to file a complaint objecting to discharge *Notice of Chapter 7 Trustee's Motion and Motion to Extend the Time for the Chapter 7 Trustee and the Office of the United States Trustee to File a Section 727 Complaint Pursuant to FRBP 4004(b); Memorandum of Points and Authorities; and Declaration of Thomas H. Casey in Support Thereof with Proof of Service* Filed by Trustee Thomas H Casey (TR) (Casey (TR), Thomas) (Entered: 07/28/2022) |

| | | |
|---|---|---|
| 07/28/2022 | 63 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)59 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 07/28/2022. (Admin.) (Entered: 07/28/2022) |
| 07/29/2022 | 64 (7 pgs) | Motion *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. Section 341(a)* Filed by Creditor Hollie A. Lemkin (Heston, Richard) (Entered: 07/29/2022) |
| 08/05/2022 | 65 (5 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Creditor Hollie A. Lemkin (RE: related document(s)64 Motion *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. Section 341(a)* Filed by Creditor Hollie A. Lemkin). (Heston, Richard) (Entered: 08/05/2022) |
| 08/05/2022 | 66 (5 pgs) | Amended Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) *Amended* Filed by Creditor Hollie A. Lemkin (RE: related document(s)64 Motion *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. Section 341(a)* Filed by Creditor Hollie A. Lemkin). (Heston, Richard) Modified on 8/8/2022 (TD8). (Entered: 08/05/2022) |
| 08/09/2022 | 67 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 8/29/2022 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 08/09/2022) |
| 08/09/2022 | 68 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 08/09/2022) |
| 08/17/2022 | 69 (14 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Exhibit and Proof of Service* Filed by Trustee Thomas H Casey (TR) (RE: related document(s)62 Motion for extension of time to file a complaint objecting to discharge *Notice of Chapter 7 Trustee's Motion and Motion to Extend the Time for the Chapter 7 Trustee and the Office of the United States Trustee to File a Section 727 Complaint Purs). (Casey (TR), Thomas) (Entered: 08/17/2022)* |
| 08/18/2022 | 70 (2 pgs) | Order Granting Chapter 7 Trustee's Motion to Extend the Time for the Chapter 7 Trustee and the Ofice of the United States Trustee to File a Complaint Pursuant to 11 U.S.C. Section 727 - Extended for Approximately Ninety (90) Days From July 29, 2022, through and including October 27, 2022 (BNC-PDF) (Related Doc # 62 ) Signed on 8/18/2022 (TD8) (Entered: 08/18/2022) |
| 08/20/2022 | 71 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 08/20/2022. (Admin.) (Entered: 08/20/2022) |
| 08/23/2022 | 72 (23 pgs) | Opposition to (related document(s): 64 Motion *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. Section 341(a)* filed by Creditor Hollie A. Lemkin) Filed by Debtor Susan Jo White (Altman, Anerio) (Entered: 08/23/2022) |
| 08/23/2022 | 73 (10 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Creditor Hollie A. Lemkin (RE: related document(s)64 Motion *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of* |

| | | |
|---|---|---|
| | | *Creditors Pursuant to 11 U.S.C. Section 341(a)*). (Heston, Richard) (Entered: 08/23/2022) |
| 08/23/2022 | 74 (2 pgs) | Notice of motion/application *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors* Filed by Creditor Hollie A. Lemkin (RE: related document(s)64 Motion *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. Section 341(a)* Filed by Creditor Hollie A. Lemkin). (Heston, Richard) (Entered: 08/23/2022) |
| 08/23/2022 | 75 | Hearing Set (RE: related document(s)64 Motion for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. Section 341(a) filed by Creditor Hollie A. Lemkin) The Hearing date is set for 9/13/2022 at 11:00AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The hearing judge is Scott C Clarkson (JL) (Entered: 08/23/2022) |
| 08/28/2022 | 76 (15 pgs) | Chapter 7 Means Test Calculation (Official Form 122A-2) (BNC Option) *Amended*, Chapter 7 Statement of Your Current Monthly Income (Official Form 122A-1) (BNC Option) *Amended* Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 08/28/2022) |
| 08/30/2022 | 77 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/12/2022 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 08/30/2022) |
| 08/30/2022 | 78 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 08/30/2022) |
| 08/31/2022 | 79 (15 pgs) | Adversary case 8:22-ap-01075. Complaint by Hollie A. Lemkin against Susan Jo White. Fee Amount $350 Nature of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Heston, Richard) (Entered: 08/31/2022) |
| 09/01/2022 | 80 | In accordance with the Administrative Order 22-17 dated 8/16/2022, this case is hereby reassigned from Judge Erithe A. Smith to Judge Scott C Clarkson. (JL) (Entered: 09/01/2022) |
| 09/08/2022 | 81 (1 pg) | UST Statement of presumed abuse. The United States Trustee has reviewed all materials filed by the Debtor and has determined that the Debtor's case is presumed to be an abuse under Section 707(b). Filed by United States Trustee. (Mihelic, Kristin) (Entered: 09/08/2022) |
| 09/09/2022 | 82 (4 pgs) | Stipulation By United States Trustee (SA) and *Debtor's Counsel to Dismiss Case Pursuant To 11 U.S.C. §707(b)(2) With A 180 Day Bar To Re-Filing Pursuant To 11 U.S.C. §§105(a) And 349(a)* Filed by U.S. Trustee United States Trustee (SA) (Mihelic, Kristin) (Entered: 09/09/2022) |
| 09/10/2022 | 83 (3 pgs) | BNC Certificate of Notice (RE: related document(s)81 UST Statement of presumed abuse (BNC)) No. of Notices: 12. Notice Date 09/10/2022. (Admin.) (Entered: 09/10/2022) |

| | | |
|---|---|---|
| 09/12/2022 | 84<br>(3 pgs) | Supplemental *Proof of Service Re: Stipulation Dismissing Case Pursuant to 11 U.S.C. § 707(b)(2) With a 180 Day Bar to Re-filing Pursuant to 11 U.S.C. §§ 105(a) and 349(a)* Filed by U.S. Trustee United States Trustee (SA). (Mihelic, Kristin) (Entered: 09/12/2022) |
| 09/13/2022 | 85<br>(4 pgs) | Notice of lodgment Filed by Debtor Susan Jo White (RE: related document(s)64 Motion *for Order Approving Questioning of Debtor by Creditor Hollie Lemkin at Meeting of Creditors Pursuant to 11 U.S.C. Section 341(a)* Filed by Creditor Hollie A. Lemkin). (Altman, Anerio) (Entered: 09/13/2022) |
| 09/13/2022 | 92 | Hearing Held On Motion (RE: related document(s)64 Motion For Order Approving Questioning Of Debtor By Creditor Hollie Lemkin At Meeting Of Creditors Pursuant To 11 U.S.C. Section 341(a) filed by Creditor Hollie A. Lemkin) - MOTION DENIED - ORDER BY ATTORNEY (NB8) (Entered: 09/20/2022) |
| 09/14/2022 | 86 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/3/2022 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 09/14/2022) |
| 09/14/2022 | 87<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 09/14/2022) |
| 09/14/2022 | 88<br>(2 pgs) | Proof of service *To All Creditors Re: Stipulation to Dismiss Case to* Filed by U.S. Trustee United States Trustee (SA) (RE: related document(s)82 Stipulation By United States Trustee (SA) and *Debtor's Counsel to Dismiss Case Pursuant To 11 U.S.C. §707(b)(2) With A 180 Day Bar To Re-Filing Pursuant To 11 U.S.C. §§105(a) And 349(a)*). (Mihelic, Kristin) (Entered: 09/14/2022) |
| 09/19/2022 | 89<br>(2 pgs) | Order Setting Hearing On Stipulation To Dismiss. IT IS ORDERED: The Court Finds It Appropriate To Set The Stipulation For Hearing On October 11, 2022, At 11:00 A.M. In Courtroom 5C-Virtual, Located At 411 West Fourth Street, Santa Ana, CA 92701. If No Objection Is Filed By September 27, 2022, The Court Will APPROVE The Stipulation And Vacate The Hearing. If An Objection Is Filed, The Court Will Review The Objection And Will Determine Whether A Hearing Is Necessary. (BNC-PDF) (Related Doc # 82 ) Signed on 9/19/2022 (NB8) (Entered: 09/19/2022) |
| 09/19/2022 | 90 | Hearing Set (RE: related document 82 Application For Approval Of Stipulation And Stipulation To Dismiss Case Pursuant To 11 U.S.C. Section 707(b)(2) With 180-Day Bar To Re-Filing Pursuant To 11 U.S.C. Sections 105(a) And 349(a)) The Hearing date is set for 10/11/2022 at 11:00 AM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 09/19/2022) |
| 09/19/2022 | 91 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 9/19/2022). Filed by Trustee Thomas H Casey (TR) (RE: related document(s)6 Meeting of Creditors with 341(a) meeting to be held on 5/31/2022 at 08:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 8/1/2022. Last day to oppose discharge or dischargeability is |

| | | |
|---|---|---|
| | | 8/1/2022. (Scheduled Automatic Assignment, shared account)). (Casey (TR), Thomas) (Entered: 09/19/2022) |
| 09/21/2022 | 93 (2 pgs) | Order Denying Creditor Hollie Lemkin's Motion For Order Approving Questioning Of Debtor By Creditor Hollie Lemkin At Meeting Of Creditors Pursuant To 11 U.S.C. Section 341(a) Filed As Docket #64. IT IS ORDERED: Having Considered The Motion, The Docket As A Whole, And For Reasons Stated On The Record, The Motion Is DENIED. (BNC-PDF) (Related Doc # 64 ) Signed on 9/21/2022 (NB8) (Entered: 09/21/2022) |
| 09/21/2022 | 94 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)89 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/21/2022. (Admin.) (Entered: 09/21/2022) |
| 09/23/2022 | 95 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)93 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/23/2022. (Admin.) (Entered: 09/23/2022) |
| 09/26/2022 | 96 (12 pgs) | Opposition to (related document(s): 82 Stipulation By United States Trustee (SA) and *Debtor's Counsel to Dismiss Case Pursuant To 11 U.S.C. §707(b)(2) With A 180 Day Bar To Re-Filing Pursuant To 11 U.S.C. §§105(a) And 349(a)* filed by U.S. Trustee United States Trustee (SA)) Filed by Creditor Hollie A. Lemkin (Heston, Richard) (Entered: 09/26/2022) |
| 09/26/2022 | 97 (4 pgs) | Request for judicial notice Filed by Creditor Hollie A. Lemkin (RE: related document(s)96 Opposition). (Heston, Richard) (Entered: 09/26/2022) |
| 10/04/2022 | 98 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/17/2022 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 10/04/2022) |
| 10/04/2022 | 99 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 10/04/2022) |
| 10/04/2022 | 100 (9 pgs) | Reply to (related document(s): 96 Opposition filed by Creditor Hollie A. Lemkin) Filed by Debtor Susan Jo White (Altman, Anerio) (Entered: 10/04/2022) |
| 10/11/2022 | 102 | Hearing Held On Application (RE: related document 82 Application For Approval Stipulation To Dismiss Case Pursuant To 11 U.S.C. Section 707(b)(2) With 180-Day Bar To Re-Filing Pursuant To 11 U.S.C. Section 105(a) And 349(a) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 10/14/2022) |
| 10/12/2022 | 101 (4 pgs) | Notice of lodgment *Re: Order Approving Stipulation To Dismiss Case Pursuant To 11 U.S.C. § 707(b)(2) With A 180-Day Bar To Re-Filing Pursuant To 11 U.S.C. §§ 105(A) And 349(A)* Filed by U.S. Trustee United States Trustee (SA) (RE: related document(s)82 Stipulation By United States Trustee (SA) and *Debtor's Counsel to Dismiss Case Pursuant To 11 U.S.C. §707(b)(2) With A 180 Day Bar To Re-Filing Pursuant To 11 U.S.C. §§105(a) And 349(a)* Filed by U.S. Trustee United States Trustee (SA)). (Mihelic, Kristin) (Entered: 10/12/2022) |
| 10/18/2022 | 103 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/31/2022 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Casey (TR), Thomas) (Entered: 10/18/2022) |

| | | |
|---|---|---|
| 10/18/2022 | [104](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 10/18/2022) |
| 10/20/2022 | [105](#)<br>(2 pgs) | Order Approving Stipulation To Dismiss Case Pursuant To 11 U.S.C. Section 707(b)(2) With 180-Day Bar To Re-Filing Pursuant To 11 U.S.C. Sections 105(e) And 349(a). IT IS ORDERED: The Stipulation Is APPROVED. This Case Is DISMISSED. Susan Jo White Is Barred From Being A Debtor In Any Chapter For A Period Of 180 Days Pursuant To 11 U.S.C. Sections 105(a) And 349(a) Without First Filing An Application With Notice To The United States Trustee And Obtaining Permission Of The Court. **Debtor** Dismissed for 180 DAYS. (BNC-PDF) Barred Debtor White, Susan Jo starting 10/20/2022 to 4/18/2023 Signed on 10/20/2022 (RE: related document(s) [82](#) Stipulation filed by U.S. Trustee United States Trustee (SA), (NB8) (Entered: 10/20/2022) |
| 10/20/2022 | [106](#)<br>(1 pg) | Notice of dismissal with restriction for against debtor's refiling (RE: related document [105](#) - Order Approving Stipulation To Dismiss Case Pursuant To 11 U.S.C. Section 707(b)(2) With 180-Day Bar To Re-Filing Pursuant To 11 U.S.C. Sections 105(e) And 349(a). (BNC) (NB8) (Entered: 10/20/2022) |
| 10/21/2022 | | Chapter 7 Trustee's Report of No Distribution: I, Thomas H Casey (TR), having been appointed trustee of the estate of the above-named debtor(s), report that this case was dismissed or converted. I have neither received any property nor paid any monies on account of this estate. I hereby certify that the chapter 7 estate of the above-named debtor(s) has been fully administered through the date of conversion or dismissal. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 0 months. Assets Abandoned (without deducting any secured claims): Not Applicable, Assets Exempt: Not Applicable, Claims Scheduled: Not Applicable, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): Not Applicable. Filed by Trustee Thomas H Casey (TR). (Casey (TR), Thomas) (Entered: 10/21/2022) |
| 10/22/2022 | [107](#)<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)[106](#) Notice of dismissal with restriction for against debtor's refiling (BNC)) No. of Notices: 13. Notice Date 10/22/2022. (Admin.) (Entered: 10/22/2022) |
| 10/22/2022 | [108](#)<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[105](#) ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case (BNC-PDF)) No. of Notices: 1. Notice Date 10/22/2022. (Admin.) (Entered: 10/22/2022) |
| 11/16/2022 | 109 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (SD8) (Entered: 11/16/2022) |

LIVE DATABASE    LIVE

# EXHIBIT D

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Bankruptcy Petition #: 8:24-bk-10187-SC

*Date filed:* 01/25/2024
*Date terminated:* 04/02/2025
*Debtor dismissed:* 07/25/2024
*341 meeting:* 03/21/2024
*Deadline for objecting to discharge:* 05/06/2024
*Deadline for financial mgmt. course:* 05/06/2024

*Assigned to:* Scott C Clarkson
Chapter 7
Voluntary
No asset

*Debtor disposition:* Dismissed for Abuse

| | |
|---|---|
| ***Debtor*** | represented by **Anerio V Altman** |
| **Susan Jo White** | Lake Forest Bankruptcy II, APC |
| 10 Snowberry Lake | P.O. Box 515381 |
| Lake Forest, CA 92630 | Ste 97627 |
| ORANGE-CA | Los Angeles, CA 90051-6681 |
| SSN / ITIN: xxx-xx-2902 | 949-218-2002 |
| *aka* Susan White | Fax : 949-218-2002 |
| *aka* Susan J. White | Email: aaltman@ecf.courtdrive.com |

***Trustee***
**Karen S Naylor (TR)**
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
(949) 748-7936

*U.S. Trustee*
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 01/25/2024 | 1<br>(78 pgs) | Chapter 7 Voluntary Petition for Individuals  . Fee Amount $338 Filed by Susan Jo White (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | 2 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | 3<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |
| 01/25/2024 | 4<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor Susan Jo White. (Altman, Anerio) (Entered: 01/25/2024) |

| | | |
|---|---|---|
| 01/25/2024 | [5](#)<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 3/6/2024 at 10:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. for Debtor and Joint Debtor (if joint case) Cert. of Financial Management due by 5/6/2024. Last day to oppose discharge or dischargeability is 5/6/2024. (Scheduled Automatic Assignment, shared account) (Entered: 01/25/2024) |
| 01/26/2024 | | Notice of Debtor's Prior Filings for debtor Susan Jo White Case Number [21-01414](#), Chapter 7 filed in California Southern Bankruptcy Court on 04/08/2021; Case Number [21-12064](#), Chapter 7 filed in California Central Bankruptcy on 04/08/2021 , Dismissed for Other Reason on 02/28/2022; Case Number [22-10652](#), Chapter 7 filed in California Central Bankruptcy on 04/18/2022 , Dismissed for Abuse on 10/20/2022.(Admin) (Entered: 01/26/2024) |
| 01/26/2024 | [6](#)<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Richard. (Heston, Richard) (Entered: 01/26/2024) |
| 01/28/2024 | [7](#)<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)[5](#) Meeting (AutoAssign Chapter 7)) No. of Notices: 11. Notice Date 01/28/2024. (Admin.) (Entered: 01/28/2024) |
| 01/29/2024 | | Receipt of Voluntary Petition (Chapter 7)( [8:24-bk-10187](#)) [misc,volp7] ( 338.00) Filing Fee. Receipt number A56425087. Fee amount 338.00. (re: Doc# [1](#)) (U.S. Treasury) (Entered: 01/29/2024) |
| 01/29/2024 | | Receipt of Voluntary Petition (Chapter 7)( [8:24-bk-10187](#)) [misc,volp7] ( 338.00) Filing Fee. Receipt number A56425087. Fee amount 338.00. (re: Doc# [1](#)) (U.S. Treasury) (Entered: 01/29/2024) |
| 03/06/2024 | 8 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 3/21/2024 at 11:00 AM at TR 7, TELEPHONIC MEETING. FOR INSTRUCTIONS CONTACT THE TRUSTEE. (Naylor (TR), Karen) (Entered: 03/06/2024) |
| 03/06/2024 | [9](#)<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee Karen S Naylor (TR) (RE: related document(s) 8 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings)). (Naylor (TR), Karen) (Entered: 03/06/2024) |
| 03/21/2024 | [10](#)<br>(6 pgs) | Stipulation By Law Offices of Hollie A. Lemkin and *Stipulation for Order Authorizing Rule 2004 Examination of Debtor Susan Jo White by Creditor Law Offices of Hollie A. Lemkin and Production of Documents Pursuant to FRBP 2004 and 9016* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 03/21/2024) |
| 03/21/2024 | | Chapter 7 Trustee's Report of No Distribution: I, Karen S Naylor (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 |

| | | |
|---|---|---|
| | | months. Assets Abandoned (without deducting any secured claims): $ 208048.11, Assets Exempt: $ 281910.15, Claims Scheduled: $ 1243830.75, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1243830.75. . (Naylor (TR), Karen) (Entered: 03/21/2024) |
| 03/21/2024 | 11 (2 pgs) | Order On Stipulation Authorizing Rule 2004 Examination Of Debtor Susan Jo White By Creditor Law Offices Of Hollie A. Lemkin And Production Of Documents Pursuant To FRBP 2004 And 9016. IT IS ORDERED: 1. Debtor Is Ordered To Appear Pursuant To FRBP 2004 For Examination By Lemkin On Any Topic Subject To Inquiry On April 10, 2024 At 10:00 A.M., Through Virtual Means, Under Oath And Recorded By A Court Reporter. 2. Debtor Is Ordered To Produce, Pursuant To FRBP 2004, Any And All Documents Responsive Of The Document Requests Identified In Exhibit A Attached Thereto By No Later Than April 10, 2024. (PDF-BNC) (Related Doc # 10 ) Signed on 3/21/2024 (NB8) (Entered: 03/21/2024) |
| 03/23/2024 | 12 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)11 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 03/23/2024. (Admin.) (Entered: 03/23/2024) |
| 04/22/2024 | 13 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AUTU) (Entered: 04/22/2024) |
| 04/23/2024 | 14 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Heston, Benjamin. (Heston, Benjamin) (Entered: 04/23/2024) |
| 04/24/2024 | 15 (3 pgs) | Stipulation By Law Offices of Hollie A. Lemkin and *Susan Jo White* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 04/24/2024) |
| 04/25/2024 | 16 (1 pg) | Order On Stipulation To Extend Bar Date. IT IS ORDERED: 1. The Stipulation Is APPROVED. 2. Creditor May Have Until June 12, 2024, To File An Adversary Complaint To Determine Dischargeability Or To Object To Discharge Under 11 U.S.C. Section 523 And 11 U.S.C. Section 727. (BNC-PDF) (Related Doc # 15 ) Signed on 4/25/2024 (NB8) (Entered: 04/25/2024) |
| 04/25/2024 | 17 (4 pgs) | BNC Certificate of Notice (RE: related document(s)13 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC)) No. of Notices: 1. Notice Date 04/25/2024. (Admin.) (Entered: 04/25/2024) |
| 04/27/2024 | 18 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)16 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/27/2024. (Admin.) (Entered: 04/27/2024) |
| 05/05/2024 | 19 (7 pgs) | Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8). (Entered: 05/05/2024) |

| | | |
|---|---|---|
| 05/05/2024 | 21 | Hearing Set (RE: related document(s)19 Motion To Extend Deadline To File Motion To Dismiss Pursuant To Bankruptcy Code Section 707(b) filed by Creditor Law Offices of Hollie A. Lemkin) The Hearing date is set for 6/11/2024 at 11:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 05/06/2024) |
| 05/06/2024 | 20 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION. WHICH IS: JUNE 11, 2024 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)19 Motion to Extend Time filed by Creditor Law Offices of Hollie A. Lemkin) (NB8) (Entered: 05/06/2024) |
| 05/07/2024 | 22 (2 pgs) | Notice of Hearing *Amended Notice of Hearing* Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)19 Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8).). (Heston, Richard) (Entered: 05/07/2024) |
| 05/28/2024 | 23 (81 pgs) | Opposition to (related document(s): 19 Motion to Extend Time *re Section 707(b) Motions* filed by Creditor Law Offices of Hollie A. Lemkin) Filed by Debtor Susan Jo White (Altman, Anerio) - See docket entry no.: 25 for corrections - Modified on 5/29/2024 (NB8). (Entered: 05/28/2024) |
| 05/29/2024 | 24 (1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Geving, Allison) (Entered: 05/29/2024) |
| 05/29/2024 | 25 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE CORRECT HEARING INFORMATION, WHCH IS: JUNE 11, 2024 AT 11:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)23 Opposition filed by Debtor Susan Jo White) (NB8) (Entered: 05/29/2024) |
| 06/04/2024 | 26 (17 pgs) | Reply to (related document(s): 23 Opposition filed by Debtor Susan Jo White) Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 06/04/2024) |
| 06/11/2024 | 27 (5 pgs) | Notice of lodgment Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)19 Motion to Extend Time *re Section 707(b) Motions* Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) - See docket entry no.: 20 for corrections - Modified on 5/6/2024 (NB8).). (Heston, Richard) (Entered: 06/11/2024) |
| 06/11/2024 | 28 (2 pgs) | Order After Hearing On Motion To Extend Deadline To File Motion To Dismiss Pursuant To Section 707(b). IT IS ORDERED: 1. The Motion Is GRANTED. 2. The Deadline For Creditor Law Offices Of Holly A. Lemkin, APC To File A Motion To Dismiss Pursuant To 11 U.S.C. Section 707(b) Is EXTENDED TO JUNE 12, 2024. (BNC-PDF) (Related Doc # 19) Signed on 6/11/2024 (NB8) (Entered: 06/11/2024) |
| 06/11/2024 | 33 | Hearing Held On Motion (RE: related document(s)19 Motion To Extend Deadline To File Motion To Dismiss Pursuant To Bankruptcy Code Section |

| | | |
|---|---|---|
| | | 707(b) filed by Creditor Law Offices of Hollie A. Lemkin) - ORDER BY ATTORNEY - MOTION GRANTED (NB8) (Entered: 06/14/2024) |
| 06/12/2024 | [29](#) (12 pgs) | Adversary case 8:24-ap-01087. Complaint by Hollie A. Lemkin against Susan Jo White. Fee Amount $350 Nature of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Heston, Richard) (Entered: 06/12/2024) |
| 06/12/2024 | [30](#) (13 pgs) | Motion to Dismiss Case for Abuse and Notice of Motion (BNC) Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 06/12/2024) |
| 06/12/2024 | 31 | Hearing Set (RE: related document(s)[30](#) Motion To Dismiss Chapter 7 Case Pursuant To Section 707(b)(2) & (3) (BNC) filed by Creditor Law Offices of Hollie A. Lemkin) The Hearing date is set for 7/16/2024 at 10:00 AM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 06/13/2024) |
| 06/13/2024 | [32](#) (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)[28](#) Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/13/2024. (Admin.) (Entered: 06/13/2024) |
| 07/02/2024 | [34](#) (8 pgs) | Objection (related document(s): [30](#) Motion to Dismiss Case for Abuse and Notice of Motion (BNC) filed by Creditor Law Offices of Hollie A. Lemkin) *Evidentiary Objections* Filed by Debtor Susan Jo White (Altman, Anerio)- See docket entry no.: 37 for corrections Modified on 7/3/2024 (NB8). (Entered: 07/02/2024) |
| 07/02/2024 | [35](#) (154 pgs) | Request for judicial notice *Of Cases Cited from Out of the 9th Circuit* Filed by Debtor Susan Jo White (RE: related document(s)[30](#) Motion to Dismiss Case for Abuse and Notice of Motion (BNC) ). (Altman, Anerio) - See docket entry no.: 38 for corrections Modified on 7/3/2024 (NB8). (Entered: 07/02/2024) |
| 07/02/2024 | [36](#) (31 pgs) | Opposition to (related document(s): [30](#) Motion to Dismiss Case for Abuse and Notice of Motion (BNC) filed by Creditor Law Offices of Hollie A. Lemkin) Filed by Debtor Susan Jo White (Altman, Anerio) - See docket entry no.: 39 for corrections .Modified on 7/3/2024 (NB8). (Entered: 07/02/2024) |
| 07/03/2024 | 37 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE CORRECT HEARING INFORMATION, WHICH IS: JULY 16, 2024 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701.** (RE: related document(s)[34](#) Objection filed by Debtor Susan Jo White) (NB8) (Entered: 07/03/2024) |
| 07/03/2024 | 38 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE CORRECT HEARING INFORMATIONM WHICH IS: JULY 16, 2024 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701..** (RE: related document(s)[35](#) Request for judicial notice filed by Debtor Susan Jo White) (NB8) (Entered: 07/03/2024) |

| | | |
|---|---|---|
| 07/03/2024 | 39 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE A NOTICE OF ERRATA WITH THE CORRECT HEARING INFORMATION, WHICH IS: JULY 16, 2024 AT 10:00 A.M. IN COURTROOM 5C, LOCATED AT 411 WEST FOURTH STREET, SANTA ANA, CA 92701..** (RE: related document(s)36 Opposition filed by Debtor Susan Jo White) (NB8) Modified on 7/3/2024 (NB8). (Entered: 07/03/2024) |
| 07/03/2024 | 40 (4 pgs; 2 docs) | Errata Filed by Debtor Susan Jo White (RE: related document(s)34 Objection, 35 Request for judicial notice, 36 Opposition). (Attachments: # 1 Exhibit Proof of Service) (Altman, Anerio) (Entered: 07/03/2024) |
| 07/03/2024 | 41 (9 pgs) | Errata *Regarding Exhibit 3 to the Debtor's Opposition to Docket #30* Filed by Debtor Susan Jo White (RE: related document(s)36 Opposition). (Altman, Anerio) (Entered: 07/03/2024) |
| 07/09/2024 | 42 (14 pgs) | Reply to (related document(s): 30 Motion to Dismiss Case for Abuse and Notice of Motion (BNC) filed by Creditor Law Offices of Hollie A. Lemkin) Filed by Creditor Law Offices of Hollie A. Lemkin (Heston, Richard) (Entered: 07/09/2024) |
| 07/10/2024 | 43 (82 pgs) | Request for judicial notice Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)30 Motion to Dismiss Case for Abuse and Notice of Motion (BNC) ). (Heston, Richard) (Entered: 07/10/2024) |
| 07/10/2024 | 44 (8 pgs) | Errata *Regarding the case of In Re Gandy 11-30369- (Bankr. E.D. Tenn. July 12, 2013 and Copy of Correct Case* Filed by Debtor Susan Jo White (RE: related document(s)35 Request for judicial notice, 36 Opposition). (Altman, Anerio) (Entered: 07/10/2024) |
| 07/10/2024 | 45 (7 pgs; 2 docs) | Objection (related document(s): 42 Reply filed by Creditor Law Offices of Hollie A. Lemkin) Filed by Debtor Susan Jo White (Attachments: # 1 Exhibit Proof of Service) (Altman, Anerio) (Entered: 07/10/2024) |
| 07/16/2024 | 46 (5 pgs) | Notice of lodgment Filed by Creditor Law Offices of Hollie A. Lemkin (RE: related document(s)30 Motion to Dismiss Case for Abuse and Notice of Motion (BNC) Filed by Creditor Law Offices of Hollie A. Lemkin). (Heston, Richard) (Entered: 07/16/2024) |
| 07/16/2024 | 48 | Hearing Held On Motion (RE: related document(s)30 Motion To Dismiss Chapter 7 Case Pursuant To Section 707(b)(2) & (3) (BNC) filed by Creditor Law Offices of Hollie A. Lemkin) - ORDER BY ATTORNEY - MOTION GRANTED - EVIDENTIARY OBJECTIONS OVERRULED, STATEMENTS GIVEN THE WEIGHT IT DESERVES. CASE DISMISSED WITH 1 YEAR BAR TO REFILING. (NB8) (Entered: 07/22/2024) |
| 07/17/2024 | 47 (3 pgs; 2 docs) | Motion *Request for Issuance of Findings of Fact and Conclusions of Law Regarding the Hearing on Docket #30* Filed by Debtor Susan Jo White (Attachments: # 1 Exhibit Proof of Service) (Altman, Anerio) (Entered: 07/17/2024) |
| 07/25/2024 | 49 (2 pgs) | ORDER On Motion To Dismiss Chapter 7 Case Pursuant To Section 707(b)(2) & (3). IT IS ORDERED: 1. The Debtor's Evidentiary Objections Are OVERRULED. 2. This Case Is DISMISSED PURSUANT TO 11 U.S.C. |

| | | |
|---|---|---|
| | | SECTION 707(b)(9) FOR ABUSE Of The Provisions Of The Bankruptcy Code. 3. The Debtor Is BARRED From Being A Debtor In Any Bankruptcy Proceeding For ONE YEAR From The Date Of Entry Of The Final Order Of Dismissal. - **Debtor** Dismissed for 1 year. (BNC-PDF)Barred Debtor White, Susan Jo starting 7/25/2024 to 7/25/2025 Signed on 7/25/2024 (RE: related document(s) 30 Dismiss Case for Abuse and Notice of Motion (BNC) filed by Creditor Law Offices of Hollie A. Lemkin). (NB8) (Entered: 07/25/2024) |
| 07/25/2024 | 50 (2 pgs) | Notice To Creditors Of Order On Motion To Dismiss Chapter 7 Case Pursuant To Section 707(b)(2) & (3)) (RE: related document 49(BNC-PDF) (NB8) (Entered: 07/25/2024) |
| 07/27/2024 | 51 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)50 Notice to creditors (BNC-PDF)) No. of Notices: 12. Notice Date 07/27/2024. (Admin.) (Entered: 07/27/2024) |
| 07/27/2024 | 52 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)49 ORDER of dismissal with special restriction-period against re-filing a new bankruptcy case (BNC-PDF)) No. of Notices: 1. Notice Date 07/27/2024. (Admin.) (Entered: 07/27/2024) |
| 11/01/2024 | 53 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Filed a Report of No Distribution. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 11/1/2024). Filed by Trustee Karen S Naylor (TR) (RE: related document(s) Chapter 7 Trustee's Report of No Distribution: I, Karen S Naylor (TR), having been appointed trustee of the estate of the above-named debtor(s), report that I have neither received any property nor paid any money on account of this estate; that I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered. I request that I be discharged from any further duties as trustee. Key information about this case as reported in schedules filed by the debtor(s) or otherwise found in the case record: This case was pending for 2 months. Assets Abandoned (without deducting any secured claims): $ 208048.11, Assets Exempt: $ 281910.15, Claims Scheduled: $ 1243830.75, Claims Asserted: Not Applicable, Claims scheduled to be discharged without payment (without deducting the value of collateral or debts excepted from discharge): $ 1243830.75.. (Naylor (TR), Karen)). (Naylor (TR), Karen) (Entered: 11/01/2024) |
| 04/02/2025 | 54 | Bankruptcy Case Closed - DISMISSED. An Order dismissing this case was entered and notice was provided to parties in interest. Since it appears that no further matters are required and that this case remain open, or that the jurisdiction of this Court continue, it is ordered that the Trustee is discharged, bond is exonerated, and the case is closed. (JL) (Entered: 04/02/2025) |
| 01/23/2026 | 55 | Trustee Payment Under 11 U.S.C. Section 330(e) Processed for $60.00. Voucher Number GPC CACBCLERK26-0405. (HF) (Entered: 01/23/2026) |

# EXHIBIT E

DEFER, CLOSED

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:21-ap-01104-SC

*Assigned to:* Scott C Clarkson
*Lead BK Case:* 21-12064
*Lead BK Title:* Susan Jo White
*Lead BK Chapter:* 7
*Demand:* $475000

*Date Filed:* 11/29/21
*Date Terminated:* 11/07/22
*Date Dismissed:* 09/19/22

*Nature[s] of Suit:* 41 Objection / revocation of discharge - 727(c),(d),(e)
68 Dischargeability - 523(a)(6), willful and malicious injury

### Plaintiff
-----------------------

**Hollie A. Lemkin**

represented by **Richard G. Heston**
19700 Fairchild Rd Ste 280
Irvine, CA 92612
949-222-1041
Fax : 949-222-1043
Email: rheston@hestonlaw.com

V.

### Defendant
-----------------------

**Susan Jo White**
25422 Trabuco Rd
Suite 105-441
Lake Forest, CA 92630
SSN / ITIN: xxx-xx-2902

represented by **Anerio V Altman**
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Ste 97627
Los Angeles, CA 90051-6681
949-218-2002
Fax : 949-218-2002
Email: aaltman@ecf.courtdrive.com

**Bill J Parks**
Law Offices of Bill Parks
316 So Melrose Dr
Vista, CA 92081
760-806-9293
Fax : 760-806-9276
Email: attparks@aol.com

### Trustee
-----------------------

**Jeffrey I Golden (TR)**
Golden Goodrich LLP

3070 Bristol Street, Suite 640
Costa Mesa, CA 92626
(714) 966-1000

*U.S. Trustee*
----------------------
**United States Trustee (SA)**
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 11/29/2021 | 1<br>(8 pgs) | Adversary case 8:21-ap-01104. Complaint by Lemkin A. Hollie against Susan Jo White. Fee Amount $350 Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) (Heston, Richard) (Entered: 11/29/2021) |
| 11/29/2021 | | Receipt of Complaint( 8:21-ap-01104-MW) [cmp,cmp] ( 350.00) Filing Fee. Receipt number B53655726. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 11/29/2021) |
| 11/30/2021 | 2<br>(7 pgs; 2 docs) | Summons Issued on Susan Jo White Date Issued 11/30/2021, Answer Due 12/30/2021 (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin) Status hearing to be held on 2/9/2022 at 09:00 AM at Crtrm 6C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Mark S Wallace (Le, James) (Entered: 11/30/2021) |
| 12/01/2021 | 3<br>(3 pgs) | Summons Service Executed on Susan Jo White 12/1/2021 (Heston, Richard) (Entered: 12/01/2021) |
| 12/29/2021 | 4<br>(8 pgs) | Opposition to (related document(s): 1 Complaint filed by Plaintiff Hollie A. Lemkin, 2 Summons Issued) *with proof of service* Filed by Defendant Susan Jo White (Parks, Bill) Warning: See docket entry no: 5 Modified on 12/30/2021 (Daniels, Sally). (Entered: 12/29/2021) |
| 12/30/2021 | 5 | Notice to Filer of Correction Made/No Action Required: **Other - Incorrect event code used. The correct event code is Answer which is located under Adversary Events > AP-Answers THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE.** (RE: related document(s)4 Opposition filed by Defendant Susan Jo White) (Daniels, Sally) (Entered: 12/30/2021) |
| 01/06/2022 | | Judge Erithe A. Smith added to case (Le, James) (Entered: 01/06/2022) |
| 01/06/2022 | 6<br>(1 pg) | Notice of reassignment of case (BNC) (Le, James) (Entered: 01/06/2022) |
| 01/08/2022 | 7<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)6 Notice of reassignment of case (BNC)) No. of Notices: 1. Notice Date 01/08/2022. (Admin.) (Entered: 01/08/2022) |
| 01/27/2022 | 8<br>(2 pgs) | Notice *of Continued Status Conference* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s)1 Adversary case 8:21-ap-01104. Complaint by Lemkin A. Hollie against Susan Jo White. Fee Amount $350 Nature of Suit: |

| | | | |
|---|---|---|---|
| | | | (41 (Objection / revocation of discharge - 727(c),(d),(e))),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) filed by Plaintiff Hollie A. Lemkin). (Heston, Richard) (Entered: 01/27/2022) |
| 01/27/2022 | 9 (3 pgs) | | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s)8 Notice *of Continued Status Conference* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s)1 Adversary case 8:21-ap-01104. Complaint by Lemkin A. Hollie against Susan Jo White. Fee Amount $350 Nature of Suit: (41 (Objection / revocation of discharge - 727(c),(d),(e))), (68 (Dischargeability - 523(a)(6), willful and malicious injury)) filed by Plaintiff Hollie A. Lemkin).). (Heston, Richard) (Entered: 01/27/2022) |
| 02/09/2022 | 10 | | Hearing Held (RE: related document(s)1 STATUS CONFERENCE RE: Complaint to Determine Non-Dischargeability Pursuant to 11 U.S.C. Section 523(a)(6) and Objecting to Grant of Discharge Pursuant to 11 U.S.C. Section 727(a)(4)(A) filed by Plaintiff Hollie A. Lemkin) OFF CALENDAR - CASE REASSIGNED TO JUDGE SMITH. STATUS CONFERENCE TO BE HEARD IN FRONT OF JUDGE SMITH ON MARCH 10, 2022 AT 9:30 AM. (Le, James) (Entered: 02/10/2022) |
| 02/16/2022 | 11 (5 pgs) | | Status report *Joint* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s) 10 Hearing Held (Adv Other)). (Heston, Richard) (Entered: 02/16/2022) |
| 03/10/2022 | 12 (2 pgs) | | Status Conference and Scheduling Order Pursuant to LBR 7016-1(a)(4) (BNC-PDF) Signed on 3/10/2022. Pre-Trial Conference set for 6/30/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith A Pre-Trial Stipulation to be lodged by June 16, 2022. The Last Day for Discovery to be Completed, including receiving Responses to Discovery Requests, is May 19, 2022. (RE: related document(s)1 STATUS CONFERENCE RE: Complaint to Determine Non-Dischargeability Pursuant to 11 U.S.C. Section 523(a)(6) and Objecting to Grant of Discharge Pursuant to 11 U.S.C. Section 727(a)(4)(A) filed by Plaintiff Hollie A. Lemkin) (Le, James) (Entered: 03/10/2022) |
| 03/10/2022 | 13 (5 pgs) | | Status report *Amended Joint Status Report* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s) 10 Hearing Held (Adv Other)). (Heston, Richard) (Entered: 03/10/2022) |
| 03/10/2022 | 15 | | Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin). Discovery Cut-0ff Date: 5/19/2022. Pre-Trial Conference set for 6/30/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Deadline to File Joint Pretrial Stipulation: 6/16/2022. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 03/22/2022) |
| 03/12/2022 | 14 (4 pgs) | | BNC Certificate of Notice - PDF Document. (RE: related document(s)12 Scheduling Order (BNC-PDF)) No. of Notices: 1. Notice Date 03/12/2022. (Admin.) (Entered: 03/12/2022) |

| | | |
|---|---|---|
| 03/31/2022 | 16<br>(2 pgs) | Notice *of Continued Pre-Trial Conference* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s) 15 Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin). Discovery Cut-0ff Date: 5/19/2022. Pre-Trial Conference set for 6/30/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Deadline to File Joint Pretrial Stipulation: 6/16/2022. The case judge is Erithe A. Smith). (Heston, Richard) (Entered: 03/31/2022) |
| 03/31/2022 | 17<br>(3 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using Zoomgov Audio and Video* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s)16 Notice *of Continued Pre-Trial Conference* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s) 15 Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin). Discovery Cut-0ff Date: 5/19/2022. Pre-Trial Conference set for 6/30/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. Deadline to File Joint Pretrial Stipulation: 6/16/2022. The case judge is Erithe A. Smith). filed by Plaintiff Hollie A. Lemkin). (Heston, Richard) (Entered: 03/31/2022) |
| 05/18/2022 | 18<br>(1 pg) | Transcript Order Form, regarding Hearing Date 3/10/2022 Filed by Plaintiff Hollie A. Lemkin. (Heston, Richard) (Entered: 05/18/2022) |
| 05/19/2022 | 19 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 22-ES-17. RE Hearing Date: 3/10/22, [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING CO., INC., Telephone number Ph: (310) 410-4151.] (RE: related document(s)18 Transcript Order Form (Public Request) filed by Plaintiff Hollie A. Lemkin) (JL) (Entered: 05/19/2022) |
| 05/26/2022 | 20<br>(3 pgs) | Substitution of attorney Filed by Defendant Susan Jo White. (Altman, Anerio) (Entered: 05/26/2022) |
| 06/09/2022 | 21<br>(8 pgs) | Transcript regarding Hearing Held 03/10/22 RE: CONTD STATUS CONFERENCE RE: COMPLAINT TO DETERMINE NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. SECTION 523(a)(6) AND OBJECTING TO GRANT OF DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727(a)(4)(A). Remote electronic access to the transcript is restricted until 09/7/2022. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: BRIGGS REPORTING COMPANY, INC., Telephone number 310-410-4151.]. Notice of Intent to Request Redaction Deadline Due By 6/16/2022. Redaction Request Due By 06/30/2022. Redacted Transcript Submission Due By 07/11/2022. Transcript access will be restricted through 09/7/2022. (Steinhauer, Holly) (Entered: 06/09/2022) |
| 06/17/2022 | 22<br>(5 pgs) | Stipulation By Susan Jo White and *Plaintiff Hollie Lemkin* Filed by Defendant Susan Jo White (Altman, Anerio) (Entered: 06/17/2022) |
| 06/27/2022 | 23<br>(2 pgs) | Order on Stipulation to Continue Hearings. The Pre-Trial Conference is CONTINUED TO August 18, 2022 at 9:30 a.m. A Joint Pre-Trial Stipulation Shall be Filed by August 4, 2022 (BNC-PDF) (Related Doc # 22) Signed on 6/27/2022 (TD8) (Entered: 06/27/2022) |

| | | |
|---|---|---|
| 06/29/2022 | 24<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)23 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 06/29/2022. (Admin.) (Entered: 06/29/2022) |
| 06/30/2022 | 25 | Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin). Pre-Trial Conference CONTINUED TO 7/14/2022 at 09:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701, on Court's Own Motion. The case judge is Erithe A. Smith (TD8) (Entered: 07/19/2022) |
| 07/14/2022 | 26 | Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin) CONTINUED TO 8/18/2022 AT 9:30 A.M., Per Order Entered 6/27/2022 (JL) (Entered: 07/20/2022) |
| 07/29/2022 | 27<br>(7 pgs) | Motion to Dismiss Adversary Proceeding *for Denial of Discharge and Determination of Dischargeability* Filed by Plaintiff Hollie A. Lemkin (Heston, Richard) (Entered: 07/29/2022) |
| 08/05/2022 | 28<br>(5 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Plaintiff Hollie A. Lemkin (RE: related document(s)27 Motion to Dismiss Adversary Proceeding *for Denial of Discharge and Determination of Dischargeability* Filed by Plaintiff Hollie A. Lemkin filed by Plaintiff Hollie A. Lemkin). (Heston, Richard) (Entered: 08/05/2022) |
| 08/05/2022 | 29<br>(5 pgs) | Amended Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) *Amended* Filed by Plaintiff Hollie A. Lemkin (RE: related document(s)27 Motion to Dismiss Adversary Proceeding *for Denial of Discharge and Determination of Dischargeability* Filed by Plaintiff Hollie A. Lemkin). (Heston, Richard) Modified on 8/8/2022 (TD8). (Entered: 08/05/2022) |
| 08/09/2022 | 30<br>(4 pgs) | Stipulation By Hollie A. Lemkin and *Stipulation for Order Continuing Pretrial Conference Pending Determination of Motion for Dismissal of Adversary Proceeding* Filed by Plaintiff Hollie A. Lemkin (Heston, Richard) (Entered: 08/09/2022) |
| 08/09/2022 | 31<br>(2 pgs) | Order Approving Stipulation for Order Continuing Pretrial Conference Pending Determination of Motion for Dismissal of Adversary Proceeding. The Pretrial Conference Currently Scheduled for August 18, 2022 is Continued to October 11, 2022 at 1:30 p.m. before Judge Scott C. Clarkson in Courtroom 5C (See Order for Further Ruling) (BNC-PDF) (Related Doc # 30 ) Signed on 8/9/2022 (TD8) (Entered: 08/09/2022) |
| 08/11/2022 | 32<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 08/11/2022. (Admin.) (Entered: 08/11/2022) |
| 08/18/2022 | 33 | Hearing Rescheduled/Continued (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin) CONTINUED TO 10/11/2022 AT 1:30 P.M. BEFORE JUDGE SCOTT C. CLARKSON, COURTROOM 5C, Per Order Entered 8/9/2022 (JL) (Entered: 08/18/2022) |
| 09/01/2022 | 34 | In accordance with the Administrative Order 22-17 dated 8/16/2022, this case is hereby reassigned from Judge Erithe A. Smith to Judge Scott C Clarkson. (JL) (Entered: 09/01/2022) |

| 09/19/2022 | 35<br>(15 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Plaintiff Hollie A. Lemkin (RE: related document(s)27 Motion to Dismiss Adversary Proceeding *for Denial of Discharge and Determination of Dischargeability*). (Heston, Richard) (Entered: 09/19/2022) |
|---|---|---|
| 09/19/2022 | 36<br>(1 pg) | ORDER Granting Motion To Dismiss Adversary Complaint. IT IS ORDERED: The Court, Having Reviewed Plaintiff's Request For Dismissal For Denial Of Discharge And Determination Of Dischargeability Filed July 29, 2022 (Docket 27) (the "Motion"), And The Docket As A Whole, Finds Good Cause To GRANT The Motion. Signed on 9/19/2022 (BNC-PDF)). (NB8) (Entered: 09/19/2022) |
| 09/22/2022 | 37<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)36 Order Dismissing Adversary Proceeding (BNC-PDF)) No. of Notices: 1. Notice Date 09/22/2022. (Admin.) (Entered: 09/22/2022) |
| 10/11/2022 | 38 | Hearing Held On Pre-Trial Conference (RE: related document 1 Complaint To Determine Non-Dischargeability Pursuant To 11 U.S.C. Section 523(a)(6) And Objecting To Grant Of Discharge Pursuant To 11 U.S.C. Section 727(a)(4)(A) - PRE-TRIAL CONFERENCE OFF CALENDAR - ADVERSARY COMPLAINT DISMISSED PER ORDER ENTERED 9-19-2022 - (DOCKET NO. 36) (NB8) (Entered: 10/14/2022) |
| 11/07/2022 | 39 | Adversary Case 8:21-ap-1104 Closed. The complaint filed in the above case has been disposed of and is no longer pending due to the dismissal of the complaint or main case, the entry of a judgment or the transfer of the adversary proceeding to another division or district. Since it appears that no further matters are pending that require this adversary proceeding remain open, it is ordered that this adversary proceeding is closed. (RE: related document(s)21 Transcript) (AM) (Entered: 11/07/2022) |

# EXHIBIT F

**DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:22-ap-01075-SC

*Assigned to:* Scott C Clarkson
*Lead BK Case:* 22-10652
*Lead BK Title:* Susan Jo White
*Lead BK Chapter:* 7
*Demand:* $522000

*Date Filed:* 08/31/22
*Date Terminated:* 11/07/22
*Date Dismissed:* 10/21/22

*Nature[s] of Suit:* 68 Dischargeability - 523(a)(6), willful and malicious injury
41 Objection / revocation of discharge - 727(c),(d),(e)

**Plaintiff**
----------------------

**Hollie A. Lemkin**

represented by **Richard G. Heston**
Heston & Heston
19700 Fairchild Rd Ste 280
Irvine, CA 92612
949-222-1041
Fax : 949-222-1043
Email: rheston@hestonlaw.com

V.

**Defendant**
----------------------

**Susan Jo White**
SSN / ITIN: xxx-xx-2902

represented by **Anerio V Altman**
Lake Forest Bankruptcy II, APC
P.O. Box 515381
Ste 97627
Los Angeles, CA 90051-6681
949-218-2002
Fax : 949-218-2002
Email: aaltman@ecf.courtdrive.com

**Trustee**
----------------------

**Thomas H Casey (TR)**
26400 La Alameda, Suite 210
Mission Viejo, CA 92691
(949) 766-8787

**U.S. Trustee**
----------------------

**United States Trustee (SA)**

411 W Fourth St., Suite 7160

Santa Ana, CA 92701-4593

(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 08/31/2022 | 1 (15 pgs) | Adversary case 8:22-ap-01075. Complaint by Hollie A. Lemkin against Susan Jo White. Fee Amount $350 Nature of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Heston, Richard) (Entered: 08/31/2022) |
| 08/31/2022 | | Receipt of Complaint( 8:22-ap-01075-ES) [cmp,cmp] ( 350.00) Filing Fee. Receipt number A54614001. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 08/31/2022) |
| 08/31/2022 | 2 (7 pgs; 2 docs) | Summons Issued on Susan Jo White Date Issued 8/31/2022, Answer Due 9/30/2022 (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin) Status hearing to be held on 11/15/2022 at 01:30PM at Crtrm 5C-Virtual, 411 W Fourth St., Santa Ana, CA 92701. The hearing judge is Scott C Clarkson (TD8) (Entered: 08/31/2022) |
| 09/01/2022 | 3 | In accordance with the Administrative Order 22-17 dated 8/16/2022, this case is hereby reassigned from Judge Erithe A. Smith to Judge Scott C Clarkson. (JL) (Entered: 09/01/2022) |
| 09/09/2022 | 4 (4 pgs) | Summons Service Executed on Susan Jo White 9/1/2022 (Heston, Richard) (Entered: 09/09/2022) |
| 09/30/2022 | 5 (7 pgs) | Answer to Complaint Filed by Susan Jo White. (Altman, Anerio) (Entered: 09/30/2022) |
| 10/21/2022 | 6 (2 pgs) | Stipulation By Hollie A. Lemkin and *Susan Jo White* Filed by Plaintiff Hollie A. Lemkin (Heston, Richard) (Entered: 10/21/2022) |
| 10/21/2022 | 7 (1 pg) | ORDER Dismissing Adversary Complaint. IT IS ORDERED: The Above-Captioned Adversary Proceeding Is DISMISSED WITHOUT PREJUDICE. (BNC-PDF) Signed on 10/21/2022 (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin). (NB8) (Entered: 10/21/2022) |
| 10/23/2022 | 8 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)7 Order Dismissing Adversary Proceeding (BNC-PDF)) No. of Notices: 0. Notice Date 10/23/2022. (Admin.) (Entered: 10/23/2022) |
| 11/07/2022 | 9 | Adversary Case 8:22-ap-1075 Closed. The complaint filed in the above case has been disposed of and is no longer pending due to the dismissal of the complaint or main case, the entry of a judgment or the transfer of the adversary proceeding to another division or district. Since it appears that no further matters are pending that require this adversary proceeding remain open, it is ordered that this adversary proceeding is closed. (AM) (Entered: 11/07/2022) |
| 11/15/2022 | 10 | Hearing Held On Status Conference (RE: related document 1 Complaint To Determine Non-Dischargeability Pursuant To 11 U.S.C. Section 523(a)(6) And Objecting To Grant Of Discharge Pursuant To 11 U.S.C. Section |

727(a)(4)(A) - STATUS CONFERENCE OFF CALENDAR PER ORDER DISMISSING ADVERSARY COMPLAINT ENTERED 10-21-2022 - (DOCKET NO. 7) (NB8) (Entered: 11/30/2022)

# EXHIBIT G

727OBJ, CLOSED

# U.S. Bankruptcy Court
## Central District of California (Santa Ana)
## Adversary Proceeding #: 8:24-ap-01087-SC

*Assigned to:* Scott C Clarkson
*Lead BK Case:* [24-10187](#)
*Lead BK Title:* Susan Jo White
*Lead BK Chapter:* 7
*Demand:* $540476000

*Date Filed:* 06/12/24
*Date Terminated:* 04/03/25

*Nature[s] of Suit:*  41 Objection / revocation of discharge - 727(c),(d),(e)
   68 Dischargeability - 523(a)(6), willful and malicious injury

### Plaintiff
-----------------------
**Hollie A. Lemkin**

represented by **Richard G. Heston**
   19700 Fairchild Rd Ste 280
   Irvine, CA 92612
   949-222-1041
   Fax : 949-222-1043
   Email: [rheston@hestonlaw.com](mailto:rheston@hestonlaw.com)

V.

### Defendant
-----------------------
**Susan Jo White**
10 Snowberry Lake
Lake Forest, CA 92630
SSN / ITIN: xxx-xx-2902

represented by **Anerio V Altman**
   Lake Forest Bankruptcy II, APC
   P.O. Box 515381
   Ste 97627
   Los Angeles, CA 90051-6681
   949-218-2002
   Fax : 949-218-2002
   Email: [aaltman@ecf.courtdrive.com](mailto:aaltman@ecf.courtdrive.com)

### Trustee
-----------------------
**Karen S Naylor (TR)**
23101 Lake Center Drive, Suite 355
Lake Forest, CA 92630
(949) 748-7936

### U.S. Trustee
-----------------------
**United States Trustee (SA)**

411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4593
(714) 338-3400

| Filing Date | # | Docket Text |
|---|---|---|
| 06/12/2024 | 1 (12 pgs) | Adversary case 8:24-ap-01087. Complaint by Hollie A. Lemkin against Susan Jo White. Fee Amount $350 Nature of Suit: (68 (Dischargeability - 523(a)(6), willful and malicious injury)),(41 (Objection / revocation of discharge - 727(c),(d),(e))) (Heston, Richard) (Entered: 06/12/2024) |
| 06/12/2024 | | Receipt of Complaint( 8:24-ap-01087-SC) [cmp,cmp] ( 350.00) Filing Fee. Receipt number A56977500. Fee amount 350.00. (re: Doc# 1) (U.S. Treasury) (Entered: 06/12/2024) |
| 06/12/2024 | 2 (7 pgs; 2 docs) | Summons Issued on Susan Jo White Date Issued 6/12/2024, Answer Due 7/12/2024 (RE: related document(s)1 Complaint filed by Plaintiff Hollie A. Lemkin) Status Conference hearing to be held on 8/27/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (NB8) (Entered: 06/12/2024) |
| 06/13/2024 | 3 (4 pgs) | Summons Service Executed on Susan Jo White 6/13/2024 (Heston, Richard) (Entered: 06/13/2024) |
| 07/12/2024 | 4 (14 pgs) | Motion to Dismiss Adversary Proceeding Filed by Defendant Susan Jo White (Altman, Anerio) (Entered: 07/12/2024) |
| 07/12/2024 | 5 | Hearing Set (RE: related document(s)4 Motion to Dismiss Adversary Proceeding filed by Defendant Susan Jo White) The Hearing date is set for 8/27/2024 at 01:30 PM at Crtrm 5C, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Scott C Clarkson (JL) (Entered: 07/15/2024) |
| 08/27/2024 | 6 | Hearing Held On Status Conference (RE: related document(s)1 Complaint To Determine Nondischargeability Pursuant To 11 U.S.C. Section 523(a)(6) And Objection To Discharge Pursuant To 11 U.S.C. Section 727(a)(4)(A) filed by Plaintiff Hollie A. Lemkin) - STATUS CONFERENCE HEARING OFF CALENDAR PER ORDER ON MOTION TO DISMISS CHAPTER 7 CASE PURSUANT TO SECTION 707(b)(2) & (3) ENTERED IN CASE NO. 8:24-BK-10187-SC ON 7-25-2024 - (DOCKET NO. 49 ) (NB8) (Entered: 08/27/2024) |
| 08/27/2024 | 7 | Hearing Held On Motion (RE: related document(s)4 Debtor And Defendant Susan Jo White's Motion To Dismiss Pursuant To 7012(b)(6) filed by Defendant Susan Jo White) - HEARING ON MOTION OFF CALENDAR PER ORDER ON MOTION TO DISMISS CHAPTER 7 CASE PURSUANT TO SECTION 707(b)(2) & (3) ENTERED IN CASE NO. 8:24-BK-10187-SC ON 7-25-2024 - (DOCKET NO. 49 ) (NB8) (Entered: 08/27/2024) |



| | | |
|---|---|---|
| 04/03/2025 | 8 | Adversary Case 8:24-ap-1087 Closed. The complaint filed in the above case has been disposed of and is no longer pending due to the dismissal of the complaint or main case, the entry of a judgment or the transfer of the adversary proceeding to another division or district. Since it appears that no further matters are pending that require this adversary proceeding remain open, it is ordered that this adversary proceeding is closed. (NB8) (Entered: 04/03/2025) |

LIVE DATABASE   LIVE

LIVE DATABASE   LIVE

LIVE DATABASE   LIVE

LIVE DATABASE   LIVE

LIVE DATABASE   LIVE

# EXHIBIT H

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/19/2025          TIME: 08:54:00 AM          DEPT:  C65

JUDICIAL OFFICER PRESIDING: Julianne Bancroft
CLERK: C. Sanchez
REPORTER/ERM:
BAILIFF/COURT ATTENDANT:

CASE NO: **30-2017-00933576-CU-PN-CJC**   CASE INIT.DATE: 07/24/2017
CASE TITLE: **White vs. Lemkin**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Professional Negligence

---

EVENT ID/DOCUMENT ID: 74567550
**EVENT TYPE:** Under Submission Ruling

---

**APPEARANCES**

---

There are no appearances by any party.

The Court, having taken the above-entitled matter under submission on 05/16/2025 and having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The court finds that Defendant's failure to appear for a judgment debtor examination on February 14, 2025 was without good cause and is subject to sanctions pursuant to Code of Civil Procedure section 708.170, subdivision (a)(2), which provides: "If the person's failure to appear is without good cause, the judgment creditor shall be awarded reasonable attorney's fees incurred in the examination proceeding."

The court finds Plaintiff's counsel's hourly rate of $350 is reasonable, in light of his education, experience, and the prevailing rates in the community; Defendant did not dispute the reasonableness of counsel's hourly rate.

Defendant's counsel argues that the time expended in preparing the motion for sanctions cannot be awarded, because the statute is limited to an award of fees "incurred in the examination proceeding." If such fees were not compensable, however, the right to recover fees incurred in connection with the examination itself would be hollow. The court finds that reasonable fees preparing a request under section 708.170 are recoverable.

The court finds the following fees are not reasonable:

(1) 02/13/2025: .50 hours driving to and from court. The court will allow the charges for driving time on the other court days, because those trips would not have been necessary had Defendant shown up the first time.

(2) 02/13/2025: 2.60 hours to review and organize document production and draft written questions related to document production. Such work would have been necessary despite Defendant's failure to appear.

---

DATE: 05/19/2025                    MINUTE ORDER                    Page 1
DEPT:  C65                                                          Calendar No.

(3) 04/18/2025: .40 hours for drafting a notice of errata.

Instead of 20.20 hours, the court finds Plaintiff is entitled to recover for 16.70 hours at the rate of $350 per hour, for a total of $5,845 in attorney fees.

As to costs, Plaintiff is not entitled to the e-filing charge for the notice of errata. Plaintiff is therefore entitled to $87.20 in costs.

$5,932.20 shall be added to the judgment.

Court orders Clerk to give notice.

# EXHIBIT I

Honorable Mary Fingal Schulte (Ret.)
ADR SERVICES, INC.
19000 MacArthur Boulevard, Suite 550
Irvine, California 92615
(949) 863-9800 PH
(949) 863-9888 FAX

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| | |
|---|---|
| SUSAN J. WHITE, | ) CASE NO. 30-2017-00933576-CU-PN-CJC |
| Plaintiff, | ) |
| vs. | ) STATEMENT OF DECISION (CCP § § 632, 638, 643, 644, CRC 3.1590 and 3.1591) |
| HOLLIE A. LEMKIN; LAW OFFICES OF HOLLIE A. LEMKIN; JAMES G. BOHM; DANIEL R. WILDISH; BOHM WILDISH LLP, | ) |
| | ) Judge: Hon. James Crandall |
| | ) Dept.: C33 |
| Defendants. | ) |

*The Reference*

This is a trial reference from the inventory of the Honorable James Crandall of the Orange County Superior Court, pursuant to an order of reference under CCP § 638. This is a consensual general reference, and thus § 644(a) applies.

*§ 638. Appointment of referee; agreement of parties*

"A referee may be appointed upon the agreement of the parties filed with the clerk, or judge, or entered in the minutes, or upon the motion of a party to a written contract or lease that provides that any controversy arising therefrom shall be heard by a referee if the court finds a reference agreement exists between the parties:

EXHIBIT A

(a) To hear and determine any or all of the issues in an action or proceeding, whether of fact or of law, and to report a statement of decision.

(b) To ascertain a fact necessary to enable the court to determine an action or proceeding."

§ 643. Written report; time; objections

"(a) Unless otherwise directed by the court, the referee or commissioner must report their statement of decision in writing to the court within 20 days after the hearing, if any, has been concluded and the matter has been submitted..."

§ 644 Effect of referee's decision

"(a) In the case of a consensual general reference pursuant to Section 638, the decision of the referee or commissioner upon the whole issue must stand as the decision of the court, and upon filing of the statement of decision with the clerk of the court, judgment may be entered thereon in the same manner as if the action had been tried by the court."

*Tentative Statement of Decision Now Final*

The Referee issued a tentative decision on November 9, 2020 and indicated that it would be the statement of decision unless within ten days a party specified one or more controverted issues or made proposals not covered in the tentative decision. The lawyers were directed to CCP § 632 and California Rules of Court 3.1590 and 3.1591: "The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. After a party has requested the statement, any party may make proposals as to the content of the statement of decision." CCP § 632. The Court is not required to respond to requests for findings with regard to evidentiary facts or individual items of evidence.

The parties were reminded that a statement of decision need not discuss each point listed in a party's request; it need only set forth "ultimate facts" (as opposed to "evidentiary facts") on the principal controverted issues requested. There is no authority for the idea that a statement of decision is prejudicially deficient because it does not include the evidentiary basis for a finding. A statement of decision does not deal with evidence, but rather with ultimate facts. See *In re Marriage of Burkle* (2006) 139 Cal.App.4th 712, 736, fn. 15; *In re Marriage of Garrity &*

2

**EXHIBIT A**

*Bishton* (1986) 181 Cal.App.3d 675, 686-687, superseded by statute on other grounds; *Estate of Hudspeth* (1964) 225 Cal.App.2d 759, 765; CCP § 634.

"A statement of decision need not address all the legal and factual issues raised by the parties. Instead, it need do no more than state the grounds upon which the judgment rests, without necessarily specifying the particular evidence considered by the trial court in reaching its decision." *Muzquiz v. City of Emeryville* 79 Cal. App. 4th 1106 (2000). Further, "[I]n rendering a statement of decision a trial court is required only to state ultimate rather than evidentiary facts..." *Sperber v. Robinson*, 26 Cal. App. 4th 736, 745 (1994).

Having received no proposals or objections to the content of the Tentative Statement of Decision within the statutory time, the Referee now issues this final Statement of Decision.

*Controverted Issues/Ruling on the Complaint and Cross-Complaint*

The controverted *issues* are the elements of each cause of action. For example, was there a breach of duty? If so, did it cause damage? Was there a breach of contract? And so forth.

The complaint states three causes of action: professional negligence, breach of fiduciary duty, and breach of contract. As discussed further herein, the gravamen of the complaint was professional negligence. The cross-complaint states a single cause of action for breach of contract, based on failure to pay the remainder of legal fees owing.

Having considered and weighed all of the evidence, documentary and testamentary, and assessed the credibility of the witnesses (credibility of witnesses was an unusually big problem in this trial, as discussed herein), *I find for defendants Hollie Lemkin ("Lemkin") and Bohm Wildish on all three causes of action. I also find for Lemkin and against Susan White ("White") on the cross-complaint, and award her damages in the sum of $306,347.04. Lemkin's representation of the plaintiff Susan White complied with the standard of care, she did not breach any of her fiduciary duties, and the fees and costs she billed to White were reasonably and necessarily incurred.*

*Rulings on Bench Briefs Submitted on Behalf of Lemkin*

1. The In Pari Delicto and Unclean Hands Doctrine Bar to Plaintiff's Claims

A ruling on these defenses is moot, since plaintiff has not prevailed on any of her causes

**EXHIBIT A**

of action. However, in order to provide a complete record, I will rule, having read and considered the moving and opposing briefs. Citations are provided in Lemkin's brief and not repeated herein. The evidence was overwhelming that in the underlying case White *knowingly provided false testimony under oath.* This simply cannot be tolerated or rewarded. The opposition is not persuasive.

*Even if White had established any of her causes of action by a preponderance of the evidence, I find that the doctrines of unclean hands and in pari delicto bar White's claims.*

### 2. Admissibility of Court Rulings

White claimed that Lemkin negligently handled the underlying dissolution proceedings, billed for unnecessary services, and failed to introduce sufficient evidence of various issues during the five-day trial, which was conducted over the course of several month. It is entirely appropriate, and within the Court's discretion, to take judicial notice of underlying Minute Orders as to the fact that the order was issued and the fact that conclusions of law and/or findings on litigated issues were reached by the underlying court though not as to the truth, accuracy, or propriety of any such conclusions or findings. *Evidence Code §452.* The record already reflects those orders for which judicial notice was taken, so they are not repeated herein.

### 3. Admissibility of Underlying Transcripts

Lemkin offered the trial transcripts for the non-hearsay purpose of showing that the following evidence was presented at the underlying trial: Susan White's IRA; Ross White's IRA; contract for deed and North Dakota Litigation; TP Motel income and K-1's; TP Motel value; Ross White's breaches of fiduciary duty; community debts, credits, and charges; withdrawals from community accounts; medical and childcare expenses; support; fees and sanctions; personal property; Ross White stalking; domestic violence; mental health issues; substance abuse issues; paternity issues; custody and visitation recommendations and issues.

There was a stipulation as to foundation of the transcripts, but not as to their admissibility. Ms. White's lawyer filed an opposing brief, which I also read and considered.

*I grant the request, set forth at page 8 of the Lemkin brief, to take judicial notice of the*

**EXHIBIT A**

*underlying trial transcripts (Exhibits 1006-1010) identified in Section II(A) of her brief, for the non-hearsay purpose of proving the fact that certain evidence was offered at the time of trial.*

*I also grant the request that the excerpts of the September 23, 2014 underlying hearing transcript (Exhibit 525) and the underlying trial transcripts (Exhibits 1008-1009) identified in Section II(B) of the Lemkin brief, are admitted as party admissions. Since it is claimed that White lied at the underlying trial, I will not assume the truth of any lies. Her statements at the underlying trial are taken as admissions, and as prior inconsistent statements. The excerpts prove White's prior statements contrary to claims in this action relating to various issues, as outlined at pages 7 and 8 of the Lemkin brief.*

*Brief Factual Background*

The trial of this matter took close to seven days, with six witnesses being called: the parties: Susan White and Hollie Lemkin; and two experts for each side: John Gilligan Esq. and Tim Maher CPA (plaintiff); Michelle Mangan and Jeff Mangum Esq. (defendants). While all four experts had good credentials, I found the defense experts to be the more persuasive. It cannot be overstated that credibility of the parties was a critical element of this trial, and Lemkin prevailed in that category, hands down.

Plaintiff White retained Defendant Lemkin, a California State Bar certified Family Law specialist - to represent her in a complex marriage dissolution action in California involving parties, property, and related litigation in North Dakota, which ultimately spanned four years before judgment was entered. The dissolution addressed a range of contentious issues, including alleged domestic violence, alcoholism, and mental illness; concerns regarding stalking, harassment, and statements disputing paternity of the minor children; child custody and visitation; child and spousal support; accounts and assets located in two states; and claims of breaches of fiduciary duty, unilateral liquidation of community assets, and misrepresented financial information.

In 2013, White decided she wanted to end her 14-year marriage. From the beginning, it was not an acrimonious split. After alleged instances of domestic violence perpetrated by her husband Ross White ("Ross") she filed for divorce after moving from North Dakota to California, taking with her the couple's two children. Ross filed for divorce in North Dakota and

5

**EXHIBIT A**

a jurisdictional battle ensued.

Early in the case, Lemkin obtained a temporary domestic violence restraining order ("DVRO"), but Ross evaded service, increasing costs to issue the order that his estranged wife ultimately decided to abandon. The parties then began an intense fight over a motel in North Dakota too, where White had hired a separate lawyer to protect an alleged community property asset. The couple had defaulted on loan payments and Ross' parents were seeking to recover the property. Early on, a bitter tone was set for these divorce proceedings.

In the 43 months while Lemkin represented White, there were more than 30 hearings, multiple court conferences, five days of trial, and numerous court filings. Most of Lemkin's filings were to force Ross to comply with discovery and court orders, when he demonstrated no willingness to do so voluntarily. Aside from the contentious tone, and despite the opinion of White's standard of care expert, this was not a straightforward divorce action. The parties dealt with a myriad of issues: custody and visitation, the ex-husband's mental illness, alcoholism, stalking, harassment, and paternity disputes, and financial issues with an out-of-state property.

Trial took place over five days: February 22, 2016; March 29-30, 2016; and April 25-26, 2016. Dr. Sheffner, Dr. Johnson, Ken Rugeti, Susan White, and Ross White testified at the time of trial as to the remaining issues between the parties. At the conclusion of trial, the trial judge, the Honorable Mark Millard, directed the parties to submit a written closing argument, citing to the trial transcript and court record in support of their claims. On June 9, 2016, Lemkin filed a written closing argument with page and line citations to trial testimony transcripts and the court record supporting each of Susan's requests. (**Exhibit 995**)

On July 28, 2016, the Court issued its Intended Statement of Decision. (**Exhibit 541**) After numerous discussions about the order, White instructed Lemkin to prepare a document called Request for Order ("RFO"), to address various issues. On September 9, 2016, Lemkin filed Susan's RFO which was set for hearing on November 30, 2016, and which identified certain errors and omissions as to each issue, with page and line citations to the evidence offered at trial. (**Exhibit 542**) Before this request was heard, White fired Lemkin, hired a new lawyer, and reached a settlement with Ross that resolved all the issues.

6

**EXHIBIT A**

Evidence of Ross' repeated violations of court orders had been introduced at the underlying family law trial. While Ross was charged with the funds improperly liquidated or withheld, the trial court declined to find that Ross breached his fiduciary duties to the community, finding his conduct was not intended to harm the community but instead was necessitated by insufficient financial resources.

At the trial over which I presided, the malpractice matter, White claimed that in the underlying dissolution action, Lemkin repeatedly advised her to engage in deceitful, and downright perjurious conduct, such as executing numerous declarations with false information, creating an LLC as a mechanism for hiding her income, providing false testimony under oath at deposition, hearings and trial. She testified that she relied on Lemkin's advice, and this increased the cost of litigation, negatively impacting the allocation of assets and debts after trial, requiring her to retain subsequent counsel Christi Rios.

*Trial Exhibits*

I received, considered, and weighed the importance of the numerous and voluminous trial exhibits listed on the attached ("Attachment A") *Brief Regarding Admitted Trial Exhibits as of September 30, 2020*, which was submitted at my request by counsel for Lemkin. I have handwritten, and initialed, on the chart those Exhibits admitted on the last day of trial, October 20, 2020, as well as matters for which I took judicial notice. If I have inadvertently failed to note any Exhibits that were admitted, I welcome input from counsel in that regard.

*The Witnesses*

The following comments and observations on the testimony are not meant to be an exhaustive summary of the contents of the testimony, but rather my impressions of each witness, and some key points, to me, of their testimony. Counsel and their clients should rest assured that I took copious notes, carefully reviewing all the testimony and the exhibits that were received into evidence. Everyone agreed that credibility of the witnesses, particularly that of the parties, was of paramount importance.

7

**EXHIBIT A**

*~Hollie Lemkin*

Lemkin testified on September 14, 15, 30, and on October 20, first under Evidence Code §776 examination, and then on her own case in chief. Her testimony was interrupted more than once in order to accommodate various expert witnesses. (This also was true for the taking of White's testimony.) With the testimony being taken via Zoom, I had a much closer look at witnesses than might occur in a traditional trial where I would sit off to the side of a witness, who was facing forward, in the direction of the lawyers. Lemkin, a certified family law lawyer, was well prepared and did not appear at all "rehearsed" in her testimony. I found her to be an excellent witness who was credible and believable. The allegations and complaints lodged against her were many, and she met them with poise. She admittedly was defensive at times in her testimony, but that was understandable, given the allegations. She testified in detail as to the work she did on behalf of White, including the five-day trial in the underlying matter. Many issues were covered at that trial (borne out in the detailed 21 page Minute Order of Judge Millard, as well as in the trial transcripts): custody, visitation, child support, spousal support, medical reimbursements, and division of assets, domestic violence.

Lemkin prevailed in every discovery motion that she filed. Her client never complained about her lawyer's work or her bills until after she received Judge Millard's intended statement of decision. Lemkin adamantly denied ever telling her client to lie. She denied making up the contents of declarations for her to sign, or telling her to falsify Income and Expense Declarations. I believed her. According to Lemkin, Susan White was a very involved client who called her multiple times a day. (White also testified to numerous daily telephone calls.)

White hired Lemkin after she became unhappy with her last attorney. At their initial meeting, White and Lemkin discussed issues of custody, visitation, White's fear of Ross, asset division, and support. Lemkin described White as anxious, upset, concerned, and afraid of her husband who had been stalking and harassing her. White described Ross to Lemkin as alcoholic with psychological problems. White was also concerned that her estranged husband wanted to take the children away from her.

Lemkin testified that any issue in a dissolution proceeding can become expensive. (Any judge, including the undersigned, who's sat in a family law department, certainly knows this to

8

**EXHIBIT A**

be the case.) She denied ever telling her client that it was her "goal" to go to trial. She told her client that was the most expensive route to go. She testified in detail about efforts to resolve the matter short of trial; settlement demands and counter demands were received into evidence in this trial. She discussed all settlement offers and terms with her client.

Lemkin denied ever telling her client not to settle or that she could obtain a termination of Ross's parental rights. She said her client wanted an "all or nothing offer". She described Ross' compliance with court orders as "half-baked."

It was clear from Lemkin's testimony that her client was extremely hands on in this dissolution proceeding. Her client never instructed her to accept any settlement proposals; indeed, she told her not to accept any of them. Lemkin discussed every motion and every declaration with White. She said her client was "100% the decision maker." Sometimes they spoke two to three times a day, with White stating her goals. White never told her she did not understand anything. Lemkin described her former client as "extremely educated and knowledgeable" and capable of understanding sophisticated analyses. White never told her that any information on declarations filed with the court was incorrect. **Exhibits 796 and 831 are two** of many examples of White's active involvement in her case.

Lemkin testified that she had periodic conferences with her client regarding costs and the size of her bill. She was never told to stop work or cut back on it.

Lemkin described White as screaming at her as they were going over Judge Millard's July 28, 2016 Minute Order.

*~Susan White*

Susan White is an educated and bright woman who went through an extremely contentious and no doubt highly stressful divorce. She testified that she moved from North Dakota with her two children in 2012 due to her then husband Ross's "mental break", domestic violence, and drinking (all the ingredients for a protracted stay in the family law court). She had been working at Verizon when they moved. She came to California with no job, and no income, except for unemployment benefits. She described herself as "stressed and in fear" as well as "distraught, upset, concerned for the well-being" of her children. She was seeing a Denise

9

**EXHIBIT A**

Bonner for psychological help. Dr. Bonner referred her to Lemkin. White was not happy with prior counsel and testified that she wanted to get a restraining order and a divorce so she could be "done with" Ross. She testified frequently throughout this trial that she relied on Lemkin's expertise. She also testified repeatedly as to her fragile emotional state during the course of her representation by Lemkin, yet never introduced testimony by Dr. Bonner, for example, to substantiate this claim. The examination quickly got to a point where the witness could not answer a question responsively, especially under Mr. Grebing's examination; instead she repeated that she relied on Lemkin. Her continued non-responsiveness to even the simplest of questions severely damaged her credibility, as did the written record of emails between her and Lemkin wherein she very clearly had an active role in the litigation.

White told Lemkin she wanted full legal and physical custody of her children. Yet she denied any clue as to what the costs of a custody battle might be. She talked with Lemkin by phone "on a regular basis." It was clear from her testimony and that of Lemkin, that Ross was evading service, which never keeps costs of litigation down.

It absolutely strained credibility that the witness actually testified at this trial that her attorney never told her that lying was wrong or a fraud on the court. Who needs to be told such a thing? It further strained credibility when the plaintiff repeatedly testified that she "relied" on advice of her attorney to sign *under penalty of perjury* statements she believed contained inaccurate or false statements. No doubt it was true that Lemkin drafted the declarations for her to sign, but as Lemkin testified, the contents were taken from information provided by White. She testified that she did not review for accuracy the documents presented to her for her signature. Unfortunately for her, there is a presumption that someone has read something she has signed. Her denial of having any input whatsoever into the declarations she signed was not believable, and was directly contradicted by the exhibits admitted into evidence. She admitted time and again during this trial that she was not truthful in her testimony in the underlying case. (See CACI 107 as to the credibility of a witness who has been untruthful in important matters.)

White testified that she paid Lemkin $253,000 and wanted it all back. She described her emotions upon receiving Judge Millard's order, as "beyond angry", and said that she "could not see straight". That is the driving force of this legal malpractice suit, in this trier of fact's opinion

10

**EXHIBIT A**

and it was confirmed in her testimony on the final trial day. She was angry that only one exhibit was introduced at trial. But any experienced trial lawyer or judge knows that oral testimony, if believed, does not have to be supported by reams or exhibits, or by any exhibits for that matter.

Mr. Grebing's cross-examination of the plaintiff further seriously damaged the plaintiff's credibility. His cross was as cross examination should be: leading and not open-ended. Yet the plaintiff struggled to be responsive and instead was extremely evasive. Her mantra was "I relied on Hollie." Despite her claim that Lemkin made up the information on trial charts, **Exhibits 971, 977, and 979** show that Lemkin emailed them to her and sought her input. These exhibits seriously damaged White's credibility and impeached her testimony that suggested she had not seen any of the charts prepared by Lemkin for the trial. While she claimed that Lemkin made up the information on the Income and Expense Declarations, **Exhibit 898** for example clearly belies that testimony (her email to Lemkin with annotations on the declaration). She testified that Lemkin told her to make up the numbers "so it didn't appear to the judge that I was lying." She was also impeached with portions of deposition testimony read into the record. She admitted being untruthful at the underlying trial. **Exhibits 815-818** show how very involved she was in actively participating in the litigation with Lemkin.

Ms. White did not complain about Ms. Lemkin's fees until August of 2016. When asked what prompted her, she responded that it was the outcome of the court's rulings. Despite the clear language in the retainer agreements, which she signed, she claimed she was not aware of any deadline to challenge the fees. Ms. White also testified that she spoke with Lemkin "almost every day".

### ~*John Gilligan, Esq.*

John Gilligan, plaintiff's expert, has a very good reputation and good credentials. He is a family law specialist who's been practicing for about 40 years. He testified that there were various breaches of the standard of care, and that the plaintiff's damages were the increased fees. However, he also conceded that Ross White's own conduct/actions caused more litigation and higher bills, or as he put it, "a great deal of un-necessary hours." Indeed, he said Ross's stalking of Ms. White was jeopardizing her employment and her safety, and causing stress on the family.

**EXHIBIT A**

(This is confirmed in testimony of White and Lemkin, because of course this is not something for an expert to opine about.) Mr. Gilligan testified to a number of areas of criticism. They include, but are not limited to: the discovery motions, conduct of the underlying trial, and what he called overcharges. In his opinion, this was a $30,000 case, "tops." He testified that "false declarations" had a "devastating impact" on the family law case. He went so far as accusing Lemkin of suborning perjury (which is to say, White committed perjury in the underlying matter; a person doesn't accidentally commit perjury). With no objections asserted, Mr. Gilligan also testified as to how he'd have handled the case. How an expert personally would have handled a matter of course is not the standard.

Mr. Gilligan conceded that most of the issues that remained between Ross and Susan White after the trial were resolved by a stipulated judgment. On cross-examination, he admitted that much of the testimony at the underlying trial covered what was in the exhibits that were not received into evidence (in other words, the exhibits would have been cumulative).

I did not find his opinion that this was a "garden variety case" that was "not that complicated", with "a little custody issue" and "a couple of assets" to be persuasive. With all due respect to Mr. Gilligan, the evidence at this trial disclosed that it is not true that "there was nothing to this case." Ross even disputed paternity of one of the children during the pendency of the case. That is hardly a "nothing."

*~Jeffery Mangum, Esq.*

Jeffrey Mangum, Lemkin and Bohm Wildish's expert, is also a highly qualified family law practitioner, and a certified specialist. He handles complex and high asset cases. He reviewed over 60,000 pages of materials. The quality of his testimony was outstanding. It was careful and well reasoned. It was professional and did not come off as advocacy, which too often is the case with experts. His numerous opinions were well reasoned and buttressed by solid foundation. He said that there was a "high level of contention" between the parties, something White herself did not deny. He had no criticisms of the work Lemkin did. Based on his review of the voluminous materials, he concluded (which I saw myself from the exhibits) that Lemkin and White had extensive strategy discussion, and that drafts of every declaration went to

12

**EXHIBIT A**

White. He testified that standard of care is not a guarantee that no "mistakes" will be made; it also is not defined by "best practices." Standard of care is broad enough to cover strategic decisions. Success is not required. See CACI 600-603.

Discussing a number of areas at issue in the underlying matter, including but not limited to the handling of the DVRO, the discovery, employer confidentiality, the North Dakota hotel, and settlement efforts, Mr. Mangum felt that the plaintiff was actively involved in every decision. He described her as "very much a hands on client" and the one who was "driving the bus." Mr. Mangum described Lemkin's trial efforts as "well presented." He opined that the fees were all reasonable and necessary. Given the issues, he would expect them to be on the "higher" side. He did not fault Lemkin for not sending her client to DCSS to enforce support. Custody and visitation were the "center of gravity of the case". Indeed, in her own testimony on the last trial day, White was shown a communication she'd sent to Lemkin saying "custody is not an option." Mr. Mangum concluded, as did I, that White was upset with the result, but that does not lead to a conclusion that Lemkin committed malpractice or breached any fiduciary duties. The time he spent reviewing this matter as an expert generated $52,650 in fees, which tells me the underlying case simply was not the stroll in the garden Mr. Gilligan suggested it should have been.

*~Damages Experts*

There were two damages experts, one for each side, Timothy Maher (plaintiff's expert) and Michelle Mangan (defendant's expert). There's no need to discuss their testimony since I have found no liability, except to say that I found Ms. Mangan's to be more persuasive.

*The Complaint*

The complaint states three causes of action each of which arise from the same facts and essentially seek the same relief. Thus, the gravamen of this case is for legal malpractice. *Kracht v. Perrin, Gartland & Doyle* (1990) 219 Cal.App.3d 1019, 1022 "[w]here the injury is suffered by reason of an attorney's professional negligence, the gravamen of the claim is legal malpractice, *regardless of whether it is pled in tort or contract.*" (Emphasis is mine). A

13

**EXHIBIT A**

professional negligence cause of action is considered to be in tort even if pleaded in breach of contract. *DeMirjian v Ideal Heating Corp.* (1949) 91 Cal. App. 2nd 905, 909; *Automobile Ins. Co. v Union Oil Co.* (1948) 85 CaLApp. 2nd 302, 307.

### First Cause of Action: Legal Malpractice

In her prayer for relief, item 1. Plaintiff asks for what she would have recovered at the trial, "if the Defendants had acted as...reasonably careful attorneys..." Thus it at least started out as a "settle and sue" case, though she actually did just as well, or better, with the ultimate settlement. The law pertaining to these types of cases is well briefed by the defense lawyers, and not repeated herein. The damages claimed are the fees paid to Lemkin, which are not recoverable in a legal malpractice cause of action.

During closing argument, Mr. Mulvana conceded that defendants prevailed on this claim. As he put it, this "essentially is a fee dispute." He argued that Lemkin "should not have taken the case." This too sounds like a malpractice claim. The breach of contract claims and breach of fiduciary claims are based on the alleged negligence of Lemkin. In closing argument, Mr. Mulvana also spoke of what he called a "significant failure" to advise his client of the "potential costs.

### Second Cause of Action: Breach of Fiduciary Duty

CACI 4106 sets forth the essential factual elements breach of fiduciary duty by attorney: 1. *That defendant breached the duty of an attorney 2. That plaintiff was harmed; and 3. That defendant's conduct was a substantial factor in causing plaintiff's harm.* This cause of action alleges that Lemkin breached her twofold fiduciary duties to her clients: undivided loyalty and confidentiality. (Para. 28) The only case cited in support of pleading this as a species of tort distinct from the cause of action for professional negligence, *Stanley v Richmonds* (1995) 35 Cal. App. 4th 1070, is not applicable. *Stanley* involved an issue of ethics where the attorney had a conflict of interest where that attorney was considering a partnership with the opposing counsel's attorney. In this cause of action, plaintiff alleges inflated, padded billings and overcharging.

### Third Cause of Action: Breach of Contract

This cause of action is grounded in the retainer agreements (Exhibits 706 and 1021). White was unable, either in the complaint, or at the trial, to identify any particular sections of the

14

## EXHIBIT A

retainer agreements that were allegedly breached. In fact, in closing argument, her lawyer argued that there was a "failure of consideration." He said Ms. White paid for a trial that "did not happen." If there is a failure of consideration, there's no contract to breach. This is more in the nature of an affirmative defense to the cross-complaint. He also argued that damages "may have to be under the contract." The contract cause of action really is subsumed in the other two, as seen in paragraph 43 which alleges "overbilling and overcharging for unnecessary and unreasonable purported legal services and ...concealment..." Mr. Mulvana argued that the burden of proof was on Ms. Lemkin to prove the reasonableness of her fee. This is true as to the cross-complaint (discussed below) and she has met that burden of proof.

White contends that the recoverable damages caused by the conduct of the defendants are the fees charged. Fees paid to an allegedly negligent attorney are not cognizable tort damages. *Orrick Herrington & Sutcliffe v. Superior Court* (2003) 107 Cal.App.4th 1052, 1058-1060; *Jalali v. Root* (2003) 109 Cal.App.4th 1768, 1781-1783. Were the law to be otherwise, exposure to tort damages would exist in every instance where an attorney attempts to collect her fee.

*The Cross-Complaint*

By her cross-complaint, Lemkin seeks recovery of fees, costs and expenses incurred in the defense of the complaint of Susan White and in the prosecution of the cross-complaint of the Law Offices of Hollie Lemkin. Lemkin claims fees and costs under the contract, as an item of her cross-complaint damages. There were two written retainer agreements allowing for her to obtain "costs of collection, including reasonable Attorney's fees, should it become necessary to institute legal proceedings." They are February 12, 2013 Fee Agreement, paragraph 18, **Exhibit 706.3**, and July 20, 2016 Fee Agreement paragraph 20, **Exhibit 1021.29-30.**

On October 6, 2020, on behalf of Lemkin, Mr. Grebing submitted an *Amended Declaration in Support of Fees, Costs and Expenses Incurred in the Defense of the Complaint of Susan White and in the Prosecution of the Cross-Complaint of the Law Offices of Hollie Lemkin.* But for two of the Affirmative Defenses to the cross-complaint, these fees, while reasonable, might not be considered as strictly incurred in collecting the fees claimed in the cross-complaint. Rather, they'd likely be considered as incurred in defending the legal

15

# EXHIBIT A

malpractice action. However, the brief submitted by Mr. Grebing points out that the Seventh Affirmative Defense to the cross-complaint raises the issues of Lemkin's alleged malpractice as either a complete bar, or as a reduction to recovery. The Fourteenth Affirmative Defense alleges that recovery on the cross-complaint "must be reduced and offset by those monies owed" by Lemkin to White. Thus, to counter and defeat these affirmative defenses, it was necessary to counter and defeat the complaint for damages. Attachment 1 to the Declaration contains 123 pages of supporting documentation, with redactions as to financial privacy and/or payment information. There was no evidence to counter Mr. Grebing's Declaration.

The costs of collection are not limited to the costs listed in CCP §1033.5, which relates to costs that can be included in a Memorandum of Costs After Judgment. Costs not listed in §1033.5 are recoverable as damages. As prevailing party, Lemkin presumably will be submitting a Memorandum of Costs that does not duplicate that which is listed in Mr. Grebing's Declaration. The claim submitted by Mr. Grebing is for $186,080.36. It includes defendants' experts' fees, trial transcript costs, exhibit preparation fees, investigation expenses, ADR Services Inc.'s Fees, and "additional costs." Additionally, at trial, Mr. Teal, representing Lemkin on the cross-complaint, offered the following summary, which was supported by Lemkin's testimony and the exhibits:

**Law Offices of Hollie A. Lemkin APC**

**January 2013 Through September 2015**

| Exhibit Number | Fees | Expenses | Payments Received | Balance Due |
|---|---|---|---|---|
| 1011.65 | $247,042.57 | | | |
| 1011.74 | | $7,372.53 | | |
| 1011.74– | | | $218,500.00 | |
| 1011.76 | | | | |
| Totals | $247,042.57 | $7,372.53 | ($218,500.00) | $35,915.10 |

16

**EXHIBIT A**

## Bohm Wildish October 2015 Through June 2016

| Exhibit Number | Fees | Expenses, Advances and Finance Charge | Payments Received | Balance Due |
|---|---|---|---|---|
| 1013 | $48,350.00 | | | |
| 1013 | | $1,667.34 | | |
| 1012.16 and 1013 | | | $15,000.00 | |
| Totals | $48,350.00 | $1,667.34 | ($15,000.00) | $34,902.34 |

## Law Offices of Hollie A. Lemkin APC
## July 2016 Through September 2016

| Exhibit Number | Fees | Expenses | Payments Received | Balance Due |
|---|---|---|---|---|
| 1011.78 | $15,030.00 | | | |
| 1011.78–1011.79 | | $257.33 | | |
| 1011.78 | | $34,902.34 Balance Transfer re Money Due for Fees and Expenses while Lemkin was contract attorney with Bohm Wildish | | |
| 1011.79 | | | $200.00 | |

17

# EXHIBIT A

| Totals | $15,030.00 | $35,159.67 | ($200.00) | $49,989.67 |

### Global Summary

Total Due to Law Offices of Hollie A. Lemkin APC for

January 2013 through September 2015 — $35,915.10

Total Due to Bohm Wildish/Law Offices of Hollie

A. Lemkin APC for October 2015 through September 2016 — $49,989,67

Total — $85,904.77

Interest Due ($85,904.77 x 10% = $8,590.48 x 4 years) — +$34,361.91

Requested Award for Unpaid Fees, Expenses

and Interest — =$120,266.68

Requested Award for Costs Not Enumerated

in CCP § 1033.5 per Amended Declaration of Charles Grebing — +$186,080.36

=Total of $306,347.04

DATED: _12/3/2020_  _____

Hon. Mary Fingal Schulte (Ret.)

See also, ATTACHMENT "A"

18

## EXHIBIT A

# EXHIBIT J

The State Bar Court of California ↗   🌐 ⌄

 The State Bar
of California

Search 🔍   ☰

# Attorney Profile

# John Clark Teal Jr #58453

**License Status:** <span style="background-color:red;color:white">**Inactive**</span>

Address: 2811 Bayshore Dr., Newport Beach, CA 92663

Phone: 949-278-4382  |  Fax: Not Available

Email: JohnCTeal@gmail.com  |  Website: Not Available

More about This Attorney ▼

## License Status, Disciplinary and Administrative History

The table below shows an attorney's license status changes, disciplinary actions, and administrative actions. Some administrative suspensions are subject to automatic removal from the attorney profile page pursuant to the State Bar's policy on removal of administrative actions. Administrative suspensions are non-disciplinary actions resulting from noncompliance with administrative requirements, such as the requirement to pay licensing fees or comply with Minimum Continuing Legal Education. Administrative suspensions that meet the criteria in the State Bar's policy on removal of administrative actions would not be displayed below.

| Date | License Status ℹ | Discipline ℹ | Administrative Action ℹ |
|---|---|---|---|
| **Present** | Inactive | | |
| **3/30/2026** | Inactive | | |
| **12/20/1973** | Admitted to the State Bar of California | | |

# EXHIBIT K

M Gmail

Ben Heston <ben@nexusbk.com>

## Susan Jo White 26-11720

1 message

**Anerio V. Altman, Esq. #228445** <avaesq@lakeforestbkoffice.com>        Wed, Jul 15, 2026 at 10:04 AM
To: Ben Heston <ben@nexusbk.com>, Richard Heston <Rheston@hestonlaw.com>

Dear Heston the Elder and Heston the Younger:

Susan Jo White filed Chapter 11 about a month ago.  We appeared at the 341a July 7, 2026 recently and were surprised not to see either of you.  As I find it unlikely that Hollie Lemkin has forgiven Susan and moved on, I'm concerned there was a notice issue.

We used the address we have used, or seen used, in the past few cases for Ms. Lemkin.  We used "Law Office of Hollie A. Lemkin, C/O Law Office of John teal, 23 Corporate Plaza Drive #150, Newport Beach, CA 92660."

The initial status conference is July 29, 2026.  You haven't missed anything of note.  Please let me know if I should update Ms. Lemkin's address, or if you are already aware of this filing.


--
"Live Debt Free Again"
Anerio V. Altman, Esq.
California State Bar License #228445
Washington State Bar License #62501
26632 Towne Centre Drive #300
Foothill Ranch, CA 92610
Phone and Fax:  (949) 218-2002
www.lakeforestbankruptcy.com

If you'd like to book an appointment with us, please use this link:  https://calendar.app.google/YneTjW9ZPU7DtCWf9

We are a debt relief agency.  We help people file bankruptcy under the bankruptcy code.

This communication is for the intended recipient only. This communication may contain information that is privileged, confidential and exempt from disclosure under applicable law and constitutes an electronic communication within the meaning of the Electronic Communications Privacy Act, 18 U.S.C. 2510. If you are not the intended recipient, you are hereby notified that any unauthorized use, dissemination, distribution or copying of this communication is strictly prohibited and may subject you to criminal or civil penalty. If you have received this communication in error, please notify us immediately by email, delete the message, and destroy any copies.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO DISMISS CHAPTER 11 CASE FOR BAD FAITH AND TO IMPOSE A TWO OR MORE YEAR REFILING BAR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/15/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman      aaltman@ecf.courtdrive.com, lakeforestbankruptcy@jubileebk.net
Kenneth Misken      Kenneth.M.Misken@usdoj.gov
United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

☐  Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) 7/15/2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott C. Clarkson                Susan White
411 West Fourth Street                10 Snowberry
Suite 5130 / Courtroom 5C            Lake Forest, CA
Santa Ana, CA 92701-4593

☐  Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/15/2026 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                              **F 9013-3.1.PROOF.SERVICE**