**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
*ben@nexusbk.com*

Attorney for Creditor,
Law Offices of Hollie A. Lemkin, APC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>SUSAN JO WHITE,<br><br>　　　　　Debtor. | **Case No: 8:26-bk-11720-SC**<br><br>**Chapter 11**<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE FOR BAD FAITH AND TO IMPOSE A TWO OR MORE YEAR REFILING BAR**<br><br>**Hearing:**<br>Date:  August 5, 2026<br>Time: 1:30 p.m.<br>Courtroom:  5C |

## I. INTRODUCTION

The Opposition recasts the Motion as a dispute over a curable notice defect and then argues that curing the defect defeats dismissal. The Motion is not based on notice alone. It is based on a long history that includes three prior dismissals for abuse, progressively longer refiling restrictions, repeated misstatements and manipulation of disclosures, prior complaints under Section 727(a)(4) that became moot when the underlying cases were dismissed, and this Court's finding that White's conduct was "as bad faith as you can get."

*Sullivan* does not require the Court to disregard that record until White files a plan. *Leavitt* and *Grego* require consideration of the entire record and totality of circumstances. The relevant question is not whether an individual Chapter 11 case could theoretically be viable. It is whether this debtor commenced this case for a legitimate reorganizational purpose. No prior court made that finding or directed White to file Chapter 11. Nor has White identified any

change in circumstances that makes this case materially different from its predecessors. The Status Report reflects the same persistent lack of accountability that has marked White's prior conduct. Each adverse result is attributed to counsel or circumstance, while White portrays herself as a passive participant in her own decisions.

## II. ARGUMENT

### A. *Sullivan* Does Not Make the Motion Premature

The Opposition relies principally on *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604 (9th Cir. BAP 2014), to characterize the Motion as premature. *Sullivan* does not establish that there is some kind of waiting period before a court may adjudicate bad faith. It reversed an early dismissal because the record did not establish bad faith and the bankruptcy court had not considered the interests of all creditors. *Id.* at 612 - 18

The record in *Sullivan* bore little resemblance to this one. Sullivan had no history of cases dismissed for abuse, no prior refiling restrictions, and no prior findings of egregious bad faith. He identified legitimate bankruptcy objectives, including preserving his residence and recovering a potential tax refund of as much as $850,000 for the estate. The United States Trustee did not support dismissal, and the record contained no evidence that Sullivan intended to unreasonably deter or harass creditors. The BAP also considered recognized indicators of a bad faith two-party dispute, including repeat filings, litigation tactics, and resort to bankruptcy after adverse state court developments, and found that none of those indicators were present.

Here, White has filed four bankruptcy cases. Each of the first three was dismissed for abuse, and the two most recent dismissals included refiling bars of 180 days and one year. This Court previously found that White was "gaming the system" and that her conduct was "as bad faith as you can get." The principal debt arises from retaliatory litigation that the State Court found was driven by anger.

**B. The Proposed Cure to the Notice Issue Does Not Absolve the Debtor**

The Opposition establishes, at most, that some of the prejudice caused by the notice failure can now be mitigated. Those measures may reduce the resulting prejudice, but they do not explain how the notice failure occurred, resolve whether it was intentional, or relieve White of responsibility for the conduct that caused it.

If the Court finds that White and her counsel deliberately used an obsolete address to prevent White's largest creditor from receiving notice before the meeting of creditors, that conduct is independently so egregious that it warrants dismissal with a bar. White and her counsel knew that Lemkin was actively enforcing the judgment, knew who represented her, and possessed direct means of contact. Altman even emailed Heston concerning an unrelated matter two days after this case was filed and could have advised Heston of the filing in that same communication.

Even if the Court does not find intentional concealment, the undisputed facts remain that Lemkin did not receive proper notice and that White's creditor matrix contained an obsolete address for a retired attorney's former office. White's sworn testimony at the meeting of creditors also forecloses any attempt to place responsibility exclusively on counsel. At the hearing, Kenneth Misken from the US Trustee's Office directed White to have her petition in front of her and asked her to review several documents, including the Statement of 20 Largest Unsecured Creditors, Schedule E/F, and the Master Mailing Matrix. For each of these documents, White confirmed that she had reviewed them and that they were accurate. Mr. Misken twice asked if there were any creditors present, and White and her counsel failed to inform Mr. Misken that the primary creditor, who had attended every single hearing in all of her cases both in Bankruptcy Court and the Superior Court over the past half decade, approximately 20 hearings in total, was quite notably absent.

**C. The *Leavitt* Factors Support Dismissal**

The Opposition recites the *Leavitt* factors but does not meaningfully apply them. Those factors are: (1) whether the debtor misrepresented facts or unfairly manipulated the Bankruptcy

Code; (2) the debtor's history of filings and dismissals; (3) whether the debtor intended to defeat state court litigation; and (4) whether egregious conduct is present. *Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1224 to 1225 (9th Cir. 1999). They are considerations, not independent elements, and the Court need not find every factor. *Khan v. Barton (In re Khan)*, 846 F.3d 1058, 1066 (9th Cir. 2017).

First, White's prior cases involved repeated manipulation of bankruptcy disclosures and procedure. She filed in the Southern District despite residing in Orange County and having no meaningful connection to that forum. She characterized divorce and malpractice obligations as business debt to avoid the means test. The record also showed that she omitted household income and manipulated the presentation of rent and household contributions to reduce the income disclosed for means test purposes. Those disclosure issues formed the basis of Lemkin's prior complaints under § 727(a)(4)(A). Dismissal of the underlying cases rendered the adversary proceedings moot before the allegations could be adjudicated to determine whether White's false statements required denial of discharge.

Second, White's filing history weighs overwhelmingly in favor of dismissal. Her prior cases did not end because of technical defects. Three cases were dismissed for abuse. The second dismissal included a 180-day refiling bar. The third included a one-year bar and an express finding of egregious bad faith. Changing chapters does not erase that history.

No prior court directed White to file this case. One court permitted White to convert to Chapter 11 rather than face dismissal. Permission to convert was not a determination that conversion would succeed, much less a direction to commence another case years later. The next case ended through a stipulated dismissal under § 707(b)(2) with a refiling bar. The most recent case was dismissed for abuse under § 707(b)(3) with another refiling bar. No court approved the present strategy or found that a Chapter 11 case filed on this record would be in good faith.

Third, this case remains, in substance, the continuation of a two-party dispute that White already lost. The state court rejected White's malpractice claims after trial and entered the judgment. The state court made findings that would support summary judgment under §

523(a)(6). Attempting to utilize a fourth bankruptcy case to defeat the consequences of the state court litigation confirms that this is essentially a two-party dispute.

White's Status Report admits that her tax debt accumulated over at least five years because she chose to pay legal fees for frivolous litigation rather than pay her taxes. She now seeks to treat nearly all of the resulting tax debt as general unsecured claims, pay a tiny amount, and discharge the remainder. This is relevant to whether this case represents legitimate and equitable financial rehabilitation or just another effort by White to shift the consequences of her decisions to others.

Fourth, the cumulative conduct is egregious. White returned after two escalating refiling bars and this Court's unequivocal condemnation of her prior conduct. The Opposition identifies no acknowledgment of what caused the prior cases to fail and no corrective change beyond simply choosing a different chapter. Instead, White continues to attribute her decisions and their consequences to attorneys. The dissolution proceedings ended unfavorably, at least in part because the family court found that White had testified falsely. White blamed Lemkin, filed a malpractice action against her claiming that Lemkin told her to lie and, as an alternative theory, White even faulted Lemkin for failing to tell her that lying was wrong, prompting the court to ask, "Who needs to be told such a thing?" The state court found that anger toward the family court was the driving force behind the malpractice action and that White redirected that anger toward Lemkin. The Status Report continues the same pattern. White attributes the decision to sue Lemkin to the attorney who represented her in the malpractice action, and the improper bankruptcy venue to former bankruptcy counsel. That refusal to accept responsibility leaves no basis to conclude that the conduct underlying the prior dismissals has changed.

*Grego* confirms that these considerations apply with equal force in an individual Chapter 11 case. Relevant considerations include improper prepetition conduct, a state court dispute in which the debtor has already lost, and use of bankruptcy to evade the consequences of state court proceedings. *Grego v. U.S. Tr. (In re Grego)*, 2015 WL 3451559, at *5 to *7 (9th Cir. BAP May 29, 2015). Those considerations reinforce the *Leavitt* analysis here.

**D. The Prior Restrictions Establish Cause for a Longer Refiling Bar**

The Opposition argues that a two-year bar is unwarranted because White waited for the prior restriction to expire. Expiration establishes only that White did not file during the prohibited period, but it does not demonstrate rehabilitation or correction of the conduct that produced the restriction.

The 180-day bar did not prevent another abusive filing. The subsequent one-year bar and this Court's explicit warning likewise produced no acknowledgment of wrongdoing or meaningful change in conduct. Section 349(a) authorizes a longer restriction when cause exists. *Duran v. Gudino (In re Duran)*, 630 B.R. 797, 807 to 810 (9th Cir. BAP 2021). A bar of at least two years is a measured response to a fourth filing after progressively stronger restrictions proved ineffective.

### III. CONCLUSION

Chapter 11 can provide meaningful relief to an individual debtor pursuing a genuine reorganization in good faith. The record does not support that conclusion here. White's three prior dismissals, escalating refiling restrictions, unresolved disclosure issues, defective notice, and continued refusal to accept responsibility collectively demonstrate that this case is not materially different from its predecessors. Because lesser restrictions have already proved ineffective, Lemkin respectfully requests dismissal under § 1112(b), denial of conversion, and a refiling bar of at least two years.

Respectfully,

NEXUS BANKRUPTCY

Date: July 29, 2026

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Creditor,
Law Offices of Hollie A. Lemkin, APC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400**
**Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY IN SUPPORT OF MOTION TO DISMISS CHAPTER 11 CASE FOR BAD FAITH AND TO IMPOSE A TWO OR MORE YEAR REFILING BAR** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/29/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Anerio V Altman     aaltman@ecf.courtdrive.com, lakeforestbankruptcy@jubileebk.net
Kenneth Misken     Kenneth.M.Misken@usdoj.gov
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/29/2026 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Judge Scott C. Clarkson
411 West Fourth Street
Suite 5130 / Courtroom 5C
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/29/2026 | Benjamin Heston | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**