**Anerio V. Altman, Esq. #228445**
**Lake Forest Bankruptcy II, APC**
**26632 Towne Centre Drive #300**
**Foothill Ranch, CA 92610**
**Phone and Fax: (949) 218-2002**
**Avaesq@lakeforestbkoffice.com**

General Insolvency Counsel
for Debtor and Debtor-in-Possession,
SUSAN JO WHITE

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>SUSAN JO WHITE<br><br>Debtor. | Case No. 8:26-bk-11720-SC<br><br>Chapter 11<br><br>Adversary Proceeding: To be assigned |
| SUSAN JO WHITE,<br><br>Plaintiff and Debtor-In-Possession,<br><br>v.<br><br>LAW OFFICES OF HOLLIE A. LEMKIN, APC<br><br>Defendant and Creditor. | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. 547, 550 AND 551** |

**TO DEFENDANT AND ITS ATTORNEY OR RECORD, IF ANY:**

For her Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant to 11 U.S.C. §§ 547(B), 550 And 551 ("Complaint"), against THE LAW OFFICES OF HOLLIE LEMKIN, the Debtor and Debtor-in-Possession ("Debtor", "Plaintiff") in Chapter 11 case *In Re: Susan Jo White* 8:26-bk-11720-SC hereby alleges as follows:

**REQUIRED PLEADING DISCLOSURE**

1. In accordance with the requirements of Local Bankruptcy Rule 7008-1, the

Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property which may be property of the estate of the Debtor. Regardless of whether the claims for relief are core or non-core, Plaintiff hereby consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be precluded by applicable law.

**STATEMENT OF JURISDICTION AND PROCEEDINGS**

2. Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that this is a civil proceeding arising in and/or related to the Debtor's Chapter 11 case, styled *In Re: Susan Jo White* (Case No. 8:26-bk-11720-SC) currently pending in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court") Pursuant to 28 U.S.C. § 1391(b)(2), venue is appropriate in this Central District of California as the acts and conduct complained of herein took place within this district. Accordingly, this Court also has personal jurisdiction over the Defendant.

3. The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§157(b)(1) and 1334(a) and General Order 13 of the District Court for the Central District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (F) and the Court may enter final orders and judgment, subject to applicable constitutional limitations.

4. On May 31, 2026 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code.

**PARTIES**

5. Plaintiff is the Debtor and brings this action for the benefit of the Estate and its creditors. The Plaintiff maintains all rights of a Trustee serving in a case under Chapter 11, except for rights to compensation under section 330 of Title 11, pursuant to 11 U.S.C. Sec. 1107(a).

6. Plaintiff is informed and believes, and based thereon alleges, that Defendant LAW OFFICES OF HOLLIE A. LEMKIN, APC ("Defendant") is a California corporation authorized to do business and doing business in the State of California. At all relevant times,

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Defendant was an entity for whose benefit the recoverable transactions alleged were transferred.

7. Plaintiff further asserts that the Defendant consented to the bankruptcy court's jurisdiction by appearing in this matter through counsel by filing a Motion to Dismiss on July 15, 2026 as Docket #18.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

8. Defendant was paid approximately $8,473.63 in the ninety days prior to the filing of the petition from the period of March 2, 2026 until the date of filing. These payments were made upon a pre-existing obligation by an involuntary wage garnishment. The Debtor's Schedule E/F filed in this court as Docket #1 stated that the Defendant was owed $540,476.62 after these payments were made and that the payment was made on a judgment arising from California Superior Court of Orange County Case 30-2017-0093357.

9. In the 90-day period prior to the Petition Date, which extends from March 2, 2026 until May 31, 2026, the Debtor did not have sufficient funds to pay all its debts and fell behind on its payments to creditors. The Debtor's total liabilities at the time of filing exceeds one million dollars and the totality of her assets is equivalent to $695,630.09.

10. The Defendant has not paid the amount requested in this Complaint back to the Debtor and the amount transferred within the 90 days prior to the petition filing remains outstanding.

**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

11. Plaintiff is informed and believes, and on that basis alleges, that transfers in the amount of $8,473.63 were garnished from the Debtor's payroll and transferred to the Defendant during the 90 day period prior to the Petition Date in the total aggregate amount of $8,473.63. ("Preferential Transfers"). The documents attached as Exhibit 1 demonstrate the amounts garnished by the Defendant in that time period. Exhibit 1.

**FIRST CLAIM FOR RELIEF**

(Avoidance and Recovery Of Preferential Transfers Pursuant To 11 U.S.C. § 547(b))

12. Plaintiff realleges and incorporates herein by reference each and every

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

allegation contained in paragraphs 1 through 11 as though set forth in full.

13. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made to Defendant for the benefit of Defendant, who was a creditor of the Debtor at the time of the respective transfers as that term is defined by 11 U.S.C. § 101(10).

14. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were transfers of interests of the Debtor in property, and were greater than what the Debtor normally paid this creditor within the ordinary course of her financial activities.

15. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made for or on account of an antecedent debt owed by the Debtor to Defendant before the Preferential Transfers were made.

16. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers were made while the Debtor was insolvent in the 90 days prior to the Petition Date.

17. Plaintiff is informed and believes and, on that basis alleges thereon, that the Preferential Transfers enabled Defendant to receive more than Defendant would have received if (a) the Debtor's bankruptcy case was a case under chapter 7 of title 11 of the United States Code;(b) the respective transfers had not been made; and (c) Defendant received payment of such debt to the extent provided by title 11 of the United States Code.

18. Interest on the Preferential Transfers has accrued and continues to accrue from the date each of the Preferential Transfers was made.

19. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Preferential Transfers are avoided.

**SECOND CLAIM FOR RELIEF**

(For Recovery of Property Pursuant To 11 U.S.C. § 550)

20. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 19 as though set forth in full.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

21. As alleged herein, Plaintiff is entitled to avoid the Preferential Transfers under 11 U.S.C. § 547. As the Defendant is the initial transferee of the Preferential Transfers, or the entity for whose benefit the Preferential Transfers were made, or is the immediate or mediate transferee of the initial transferee receiving such Preferential Transfers, or any of them, Plaintiff is entitled to recover for the Estate the proceeds or value of the respective transfers under 11 U.S.C. § 550.

**THIRD CLAIM FOR RELIEF**

(For Preservation of Avoided Transfer Pursuant To U.S.C. § 551)

22. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

23. Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547, including the Preferential Transfers, for the benefit of the Estate.

**FOURTH CLAIM FOR RELIEF**

(For Disallowance of Claim Under 502(d))

24. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 as though set forth in full.

25. Plaintiff seeks disallowance of the Defendant's claim, once filed, pursuant to 11 U.S.C. Sec. 502(d).

26. 11 U.S.C. Sec. 502(d) requires the court to disallow the claim of any entity that either is a transferee of a transfer avoidable under Sec. 547 or holds property recoverable under other provisions unless that transferee has paid the amount or turned over the property for which it is liable.

27. The Defendant's Claim is disallowable pursuant to 11 U.S.C. Sec. 502(d) because the Defendant is the transferee of transfers avoidable under 11 U.S.C. Sec. 547 and has not paid the amount, or turned over the property, for which it is liable under 11 U.S.C. Sec. 550.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000 Fax 714-966-1002

**ON THE FIRST CLAIM FOR RELIEF**

1. For a judgment that the Preferential Transfers are avoidable as preferential transfers under 11 U.S.C. § 547(b);

**ON THE SECOND CLAIM FOR RELIEF**

2. For a judgment that the Estate is entitled to recover the Preferential Transfers or the value thereof under 11 U.S.C. § 550;

**ON THE THIRD CLAIM FOR RELIEF**

3. For a judgment that the Estate is entitled to preserve any transfers avoided under 11 U.S.C. § 547(b), including the Preferential Transfers, for the benefit of the Estate;

**ON THE FOURTH CLAIM FOR RELIEF**

4. For disallowance of the Defendant's Claim pursuant to 11 U.S.C. Sec. 502(d) as appropriate.

**ON ALL CLAIMS FOR RELIEF**

5. For interest as permitted by law from the date of the Preferential Transfers,

6. For costs of suit incurred herein, including without limitation, reasonable attorneys' fees; and

7. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: August 31, 2026

LAKE FOREST BANKRUPTCY II, APC

By: ______________________
Anerio V. Altman
Attorney for Debtor-In-Possession
SUSAN JO WHITE

**EXHIBIT 1**

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** (Court Use Only) |
|---|---|
| **PLAINTIFFS** Susan J. White, Debtor-In-Possession | **DEFENDANTS** Law Offices of Hollie A. Lemkin, APC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) Anerio V. Altman, Esq. #228445 26632 Towne Centre Drive #300 Foothill Ranch, CA 92610 P: (949) 218-2002 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☑ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor ☐ Other ☐ Trustee | **PARTY** (Check One Box Only) ☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin ☑ Creditor ☐ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Turnover pursuant to 11 U.S.C. Sec. 547, 550 and 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☑ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☑ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| | |
|---|---|
| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
| ☐ Check if a jury trial is demanded in complaint | Demand $8,473.63 |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Susan J. White | BANKRUPTCY CASE NO.<br>8:26-bk-11720-SC | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Santa Ana | NAME OF JUDGE<br>Clarkson |

| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
|---|---|---|
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE<br>August 31, 2026 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Anerio V. Altman, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Anerio V. Altman, #228445<br>Lake Forest Bankruptcy II, APC<br>26632 Towne Centre Drive #300<br>Foothill Ranch, CA 92610<br>Phone and Fax: (949) 218-2002<br>avaesq@lakeforestbkoffice.com<br><br>*Attorney for Plaintiff* | |
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION** | |
| In re:<br>SUSAN JO WHITE<br><br>Debtor(s). | CASE NO.: 8:26-bk-11720-SC<br>CHAPTER: 11<br>ADVERSARY NO.: |
| SUSAN JO WHITE, Debtor and Debtor-In-Possession<br><br>Plaintiff(s)<br>Versus<br>LAW OFFICES OF HOLLIE A. LEMKIN, APC<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____________. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Hearing Date:** _____________<br>**Time:** ________<br>**Courtroom:** ________ | **Address:**<br>☐ 255 East Temple Street, Los Angeles, CA 90012<br>☐ 3420 Twelfth Street, Riverside, CA 92501<br>☐ 411 West Fourth Street, Santa Ana, CA 92701<br>☐ 1415 State Street, Santa Barbara, CA 93101<br>☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367 |

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: ____________

By: ______________________________________
Deputy Clerk

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy (1) of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

______________________________________________________________________________

______________________________________________________________________________

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) ______________, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) ______________, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ______________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

______________________________________________ ______________________________

*Date* *Printed Name* *Signature*